1  Kenneth B. Wilson (SBN 130009)
      ken@coastsidelegal.com
2  COASTSIDE LEGAL
   455 1st Avenue
3  Half Moon Bay, California 94019
4  Telephone: (650) 420-4211

5  Attorneys for Defendant
   REDBUBBLE INC.

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12  ATARI INTERACTIVE, INC.,              CASE NO. 3:18-CV-03451-JST

13                 Plaintiff,

14        v.                              **DEFENDANT REDBUBBLE'S
                                          RESPONSE TO ATARI'S NOTICE OF
15  REDBUBBLE INC.,                       RELATED CASE AND RELATED
                                          ADMINISTRATIVE MOTION**
16
                   Defendant.
17

18

19        Pursuant to Local Rule 3-12(e), defendant Redbubble Inc. ("Redbubble") hereby responds to

20  the Notice of Related Case filed by plaintiff Atari Interactive, Inc. ("Atari") on July 16, 2018 in *Atari*

21  *Interactive, Inc. v. TP Apparel, LLC dba TeePublic, et al.*, Case No. 3:13-CV-04115-JD, and Atari's

22  related Administrative Motion to Consider Whether Cases Should be Related.  In particular,

23  Redbubble feels the need to clarify the factual record with respect to certain statements made by Atari

24  in its Notice of Related Case.

25        First off, the two actions do not concern substantially the same parties. While the actions both

26  contain the same plaintiff, the defendants in the two actions are different, and there is no relationship

27  between the defendants. Nor do the two actions contain substantially the same property. While there

28  is certainly some overlap in the intellectual property asserted in the two lawsuits, the copyrights and

trademarks at issue are not identical: as an example, Atari has asserted claims involving the trademarks "MISSILE COMMAND" and "YAR'S REVENGE" and copyrights to "Missile Command", "Adventure", and "Yar's Revenge" against TeePublic but not against Redbubble. Moreover, a cursory review of the Complaints in the two action will reveal that the accused products sold by third parties through the Redbubble marketplace are not the same as the products offered by TeePublic and appear to have been created by different individuals or entities.

More fundamentally, Atari erroneously suggests that the legal issues and arguments in the two cases are largely the same because Redbubble and TeePublic "operate similar business models and provide similarly infringing products." While TeePublic represents itself as a storefront for designers looking to sell their artwork on various types of products such as t-shirts, mugs and stickers, TeePublic admittedly sells the products itself, setting prices and paying commissions to its users. *See* *https://teepublic.zendesk.com/hc/en-us/articles/115012360667-How-does-TeePublic-work-*; *https://teepublic.zendesk.com/hc/en-us/articles/115012518668-Can-I-change-the-price-of-my-products-*; *https://www.teepublic.com/commissions* . TeePublic also prints the products it sells. *See* *https://teepublic.zendesk.com/hc/en-us/articles/115012398127-What-is-your-printing-technique-* . Thus, TeePublic's conduct in manufacturing and selling the allegedly infringing products subjects it to potential liability as a direct infringer.

In contrast, much like eBay or the Amazon Marketplace, Redbubble hosts an Internet marketplace platform (located at *www.redbubble.com*) where independent third party artists can upload and sell their creative works to customers around the world on a variety of different types of products. Redbubble also provides related online services that assist those artists to connect with third party fulfillers who also participate in the Redbubble online marketplace to manufacture the artists' products. However, unlike TeePublic, Redbubble does not sell the products offered over the Redbubble platform, nor does it print or otherwise manufacture the products sold via the Redbubble marketplace. *See, e.g.,* *https://www.redbubble.com/agreement* . As a result, unlike TeePublic, Redbubble's potential liability must be assessed not under a direct infringement theory, but rather under secondary liability principles. Put another way, the legal arguments and issues applicable to Atari's claims against Redbubble are substantially different than the arguments and issues relating to

1   Atari's claims against TeePublic, due to substantial differences in the manner in which the two
2   parties operate their businesses.

3           All this having been said, Redbubble is indifferent as to whether these actions are related.
4   While there are significant differences in the two cases as set forth above, Redbubble recognizes that
5   there are also similarities, and that there may be some benefit in having a single judge who
6   understands the differences in the two cases handle both cases. Redbubble simply wanted to make
7   sure the Court has an accurate picture of the underlying facts, so it can make a fully informed
8   decision on whether to relate the two matters.

9
10  Dated:  July 23, 2018                                     COASTSIDE LEGAL

11
12                                                           By:   /s/ Kenneth B. Wilson
13                                                                 KENNETH B. WILSON

14                                                           Attorneys for Defendant
15                                                           REDBUBBLE INC.