# EXHIBIT A

**From:** **Matthew L. Venezia** mvenezia@bgrfirm.com  📎
**Subject:** RE: Summary Judgment Exhibits [IWOV-DOCSLA.FID342027]
**Date:** June 18, 2020 at 3:45 PM
**To:** Ken Wilson  ken@coastsidelegal.com
**Cc:** Keith Wesley  kwesley@bgrfirm.com,  Joshua Masur  JMasur@zuberlawler.com



Hello Ken –

The two Bad Dudes v. Dragon Ninja items are not Atari properties. (Although, if Redbubble had any good faith interest in removing infringements from its website as a general matter, a quick Google search would confirm the infringing nature of those items.)

As explained before, the rest of the items returned in the search are clear, easily identifiable infringements of Atari's *Adventure*.

**From:** Ken Wilson <ken@coastsidelegal.com>
**Sent:** Tuesday, June 16, 2020 5:56 PM
**To:** Matthew L. Venezia <mvenezia@bgrfirm.com>
**Cc:** Keith Wesley <kwesley@bgrfirm.com>; Joshua Masur <JMasur@zuberlawler.com>
**Subject:** Re: Summary Judgment Exhibits [IWOV-DOCSLA.FID342027]

Matt:

Thanks for the response. Unfortunately when you talk about the "Adventure dragon items," I'm still not sure what you're talking about. Specifically, I still don't know if Atari contends that the following titled listings infringe: 1) the Dragon Slayer Classic T-Shirt; 2) the two Bad Dudes vs. Dragon Ninja listings; 3) the Adventure Dragonslayer Classic T-Shirt listing that depicts an arrow pointing left; 4) the Adventure Goblet sticker; and 5) the three Adventure Key listings.

If you could get back to me on this when you get a chance, I'd appreciate it. I don't need a detailed argument; I just need a simple statement of whether Atari contends in good faith that each of these listings infringe it's IP rights (I assume you have already articulated what you believe was Atari's notice regarding those listings).

Thanks,

Ken



Kenneth B. "Ken" Wilson
455 First Avenue
Half Moon Bay, CA 94019
Phone: 650-440-4211
Cell: 650-218-9192
ken@coastsidelegal.com

_____

On Jun 16, 2020, at 5:30 PM, Matthew L. Venezia <mvenezia@bgrfirm.com> wrote:

Ken –

Atari's summary judgment briefing sets out Redbubble's notice of Atari's intellectual property rights as a general matter, and I will not endeavor to revisit that topic in this e-mail.

In discovery, Atari disclosed its entire IP catalog (which is also publicly available on Atari.com) – *see*Bates Nos. AT00000001–102. In light of the history of rampant infringement of the Atari brand on Redbubble, it would have been reasonable for Redbubble to anticipate infringement of other Atari properties and to take steps to monitor for those other infringements, particularly where Redbubble was in active litigation with Atari. Regardless, even if Redbubble sticks with its "we have no responsibility unless you identify a specific design" stance, which is willful blindness if there ever were any, Atari did in fact provide specific notice regarding the specific products that infringe upon Missile Command and Adventure.

As to the Missile Command t-shirt included as Exh. B to the Cuellar Decl. (Dkt. No. 81-10), advertisements for the same product listing were included as evidence in Atari's motion for summary judgment. (Dkt. Nos. 64-32, 64-64.) This evidence featured prominently in Atari's brief itself. (Dkt. No. 73, 8:8–20.) My own declaration, when discussing the advertisement, explained that, "I noticed an advertisement from Redbubble on the website, featuring a t-shirt with what I recognized to be Atari's copyrighted Missile Command artwork." (Dkt. 64-31, ¶ 3.) And, evidence of the particular image that was copied as captured from Atari's Greatest Hits game was also put in evidence. (Dkt. No. 64-49.) It is simply egregious that this product remains for sale on redbubble.com. This provides a perfect illustration why attempting to work with Redbubble is a fool's errand for a rights holder – Redbubble simply is not an honest actor.

As to the Adventure dragon items included as Exh. A to the Cuellar Decl. (Dkt. No. 81-9), Atari included a similar item in its list of infringing products. (Dkt. No. 64-30, Design No. 133.) Evidence of the copyrighted material used in these items was also captured from Atari's Greatest Hits game and put in evidence. (Dkt. No. 64-45.) Were it true that Redbubble was making a good faith attempt to "proactively police" for items featuring Atari's intellectual property, the Adventure dragon items were easily locatable.

All of this was apparent from Atari's briefing – see the ample cites to the record – which is why I stated the matter speaks for itself.

---

**From:** Ken Wilson <ken@coastsidelegal.com>
**Sent:** Tuesday, June 16, 2020 12:54 PM
**To:** Matthew L. Venezia <mvenezia@bgrfirm.com>
**Cc:** Keith Wesley <kwesley@bgrfirm.com>; Joshua Masur <JMasur@zuberlawler.com>

**Subject:** Re: Summary Judgment Exhibits

Matt:

With all due respect, if the matter spoke for itself, there would be no need to ask the question (or for Atari to have taken five days to respond). I look forward to receiving your response.

Thanks,

Ken
<image001.jpg>


Kenneth B. "Ken" Wilson
455 First Avenue
Half Moon Bay, CA 94019
Phone: 650-440-4211
Cell: 650-218-9192
ken@coastsidelegal.com


_____




On Jun 16, 2020, at 12:51 PM, Matthew L. Venezia <mvenezia@bgrfirm.com> wrote:

Hello Ken -

While I think the matter speaks for itself, we are preparing a response, which will be provided this week.

Sent from my iPad



On Jun 16, 2020, at 12:31 PM, Ken Wilson <ken@coastsidelegal.com> wrote:

 Matt:

I'd appreciate the courtesy of a response.

Thanks,

Ken
<Coastside Legal Logo - 1.5 Inch.jpeg>

Kenneth B. "Ken" Wilson
455 First Avenue
Half Moon Bay, CA 94019
Phone: 650-440-4211
Cell: 650-218-9192
ken@coastsidelegal.com


_____



Begin forwarded message:

**From:** Ken Wilson <ken@coastsidelegal.com>
**Subject: Summary Judgment Exhibits**
**Date:** June 11, 2020 at 3:54:26 PM PDT
**To:** "Matthew L. Venezia" <mvenezia@bgrfirm.com>
**Cc:** Joshua Masur <JMasur@zuberlawler.com>

Matt:

Is it Atari's contention that all of the listings identified in Cuellar Exhibit A and
the single listing identified in Cuellar Exhibit B infringe its rights? If so, could
you please also identify when notice was given with respect to those listings, if
any such notice was given.

Thanks,

Ken
<Coastside Legal Logo - 1.5 Inch.jpeg>


Kenneth B. "Ken" Wilson
455 First Avenue
Half Moon Bay, CA 94019
Phone: 650-440-4211
Cell: 650-218-9192
ken@coastsidelegal.com


_____

---

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

<Coastside Legal Logo - 1.5 Inch.jpeg>

---

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---