KENNETH B. WILSON (SBN 130009)
 ken@coastsidelegal.com
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR (SBN 203510)
 jmasur@zuberlaw.com
ZUBER LAWLER & DEL DUCA LLP
2000 Broadway Street, Suite 154
Redwood City, California 94063
Telephone: (650) 434-8538
Facsimile: (213) 596-5621

ZACHARY S. DAVIDSON (SBN 287041)
 zdavidson@zuberlawler.com
ZUBER LAWLER & DEL DUCA LLP
350 S. Grand Ave., 32nd Fl.
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| ATARI INTERACTIVE, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>REDBUBBLE, INC.,<br><br>    Defendant. | Case No. 4:18-cv-03451-JST<br><br>**SUPPLEMENTAL DECLARATION OF KATE RICKERT IN SUPPORT OF DEFENDANT REDBUBBLE INC.'S REPLY RE CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:   Hon. Jon S. Tigar<br>Date:    July 15, 2020<br>Time:    2:00 p.m.<br>Crtrm.:  6 |

## DECLARATION OF KATE RICKERT

I, Kate Rickert, declare:

1. I am a Paralegal with Redbubble Inc. ("Redbubble"), the defendant in this lawsuit. In that role, I support Redbubble's Marketplace Integrity Team ("MPI Team"), which is involved with preventing infringement on the Redbubble marketplace. I also have access to internal databases that contain data about the Redbubble marketplace and Redbubble's proactive policing activities, which I reviewed in preparing this Declaration. I have personal knowledge of the facts set forth in this Declaration and can testify competently to those facts.

2. I have reviewed Plaintiff's allegations that Redbubble "sold in excess of $285,000 worth of products that were later removed from its platform because they infringed upon Atari's intellectual property." Setting aside the legal question of whether Redbubble sold anything, Plaintiff's allegations are inaccurate.

3. More specifically, to support its claim, Plaintiff cited to Exhibit 1049 to the deposition of James Toy, which superficially appears to indicate that there were $285,000 of Atari-related product sold through the Redbubble Marketplace. Plaintiff's argument is based on a misrepresentation of that document.

4. As an initial matter, based on my job responsibilities, I am aware that Redbubble's financial documents typically report dollar amounts in Australian dollars (or AUD), rather than U.S. dollars (USD). Exhibit 1049 is no exception to that rule. While the exchange rate fluctuates, an AUD has recently been worth just under $0.70 US. So $285,000 AUD would be worth roughly $195,000 USD

5. Moreover, Exhibit 1049 is not limited to transactions involving products that might infringe Plaintiff's IP rights. Rather, when Plaintiff filed its Complaint in this matter, Redbubble was concerned that Atari may be taking the position that anything that contained the word "Atari" in the title, tags or descriptions infringed its trademarks. As a result, out of an abundance of caution, Redbubble immediately disabled any listing that contained the word Atari in the title, tags or descriptions.

6.      Shortly after the filing of the lawsuit, I went back through the listings that I had removed immediately after suit was filed in an effort to identify listings that were similar to listings that Plaintiff had circled in its Complaint as infringing, as Redbubble recognized it had taken an overly broad position in removing listings in response to the lawsuit. This review revealed that the vast majority of the designs that Redbubble had removed had nothing to do with the copyrights or trademarks identified by Atari. In fact, Redbubble received several dozen takedown "counternotices" from artists who were unhappy that their listings had been removed although they bore no relation to Plaintiff or its products.

7.      As part of the process set forth in the previous paragraph, Redbubble created a new subset of listings from that initial takedown that were similar to the listings that Atari had identified in its Complaint. Those listings, combined with all of the listings that Redbubble has proactively removed since that initial takedown, comprise the set of information contained within Exhibits A and B to my original Declaration (those exhibits represent the same listings, but Exhibit A is broken down by listing, while Exhibit B is broken down by purchase order).

8.      Total sales through the Redbubble Marketplace of listings identified in Exhibits A and B to my original Declaration have been about $42,000 USD, and Redbubble's service fees from those transactions total around $20,000 USD, which can be calculated by tabulating the columns in that Exhibit. However, there has been no determination that any of these listings are infringing, and as apparent from the images, many of the listings identified in Exhibits A and B to my original Declaration are not particularly similar to the content that Atari has identified in its Complaint or elsewhere in this litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and to the best of my knowledge and information.

Executed this 24th day of June, 2020 at San Francisco, California.

_____
Kate Rickert