Exhibit G

December 10, 2019 Amended Notice of Deposition Pursuant to
Rule 30(b)(6)

KENNETH B. WILSON (SBN 130009)
*ken@coastsidelegal.com*
COASTSIDE LEGAL
455 1st Avenue
Half Moon Bay, California 94019
Telephone: (650) 440-4211

JOSHUA M. MASUR, (SBN 203510)
*jmasur@zuberlaw.com*
ZUBER LAWLER & DEL DUCA LLP
2000 Broadway Street, Suite 154
Redwood City, California 94063
Telephone: (650) 434-8538
Facsimile: (213) 596-5621

ZACHARY S. DAVIDSON (SBN 287041)
*zdavidson@zuberlawler.com*
ZUBER LAWLER & DEL DUCA LLP
350 S. Grand Ave., 32nd Fl.
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Defendant
REDBUBBLE INC.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ATARI INTERACTIVE, INC., <br><br> Plaintiff, <br><br> v. <br><br> REDBUBBLE, INC., <br><br> Defendant. | Case No. 3:18-cv-03451-JST <br><br> **AMENDED NOTICE OF DEPOSITION OF ATARI INTERACTIVE, INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)** <br><br> Date: December 16, 2019 <br> Time: 9:00 a.m. <br> Location: One Penn Plaza, Suite 4430 <br>  (33rd St. Entrance) <br>  New York, NY 10119 <br>  Tel. (212) 899-9830 |

1
Case No. 3:18-cv-03451-JST
AMENDED NOTICE OF DEPOSITION OF
ATARI INTERACTIVE, INC. PURSUANT TO FRCP 30(b)(6)

2911-1004 / 1541814.1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Redbubble Inc. ("Redbubble") will take the deposition upon oral and/or videotaped examination of Plaintiff Atari Interactive, Inc. ("Atari") on December 16, 2019, beginning at 9:00 a.m. at the offices of Zuber Lawler & Del Duca LLP, One Penn Plaza, (33rd St. entrance), New York, NY 10119, telephone number (212) 899-9830.

The deposition will continue from day to day, Saturdays, Sundays and legal holidays excluded, until completed. The deposition will be taken before a notary public or other officer authorized by law to administer oaths.

PLEASE TAKE FURTHER NOTICE that the deposing party intends to cause the proceedings to be recorded both stenographically, including by the instant display of testimony, before a certified court reporter, and by videotape. The deposing party specifically reserves the right to use the videotape at the time of trial.

Pursuant to Rule 30(b)(6), Atari is directed to designate one or more officers, directors, managing agents, or other persons who consent to testify upon its behalf and who have knowledge of and are adequately prepared to testify concerning the topics listed below. Redbubble requests that, at least two (2) days prior to the date of the deposition, Atari supply a written designation of the name(s) and position(s) of the designee(s) who will testify on Atari's behalf and an indication of the topic(s) for which each such designee will testify.

**DEFINITIONS**

1. The terms "You," and "Your" mean plaintiff Atari, its present and former divisions, subsidiaries and related entities, and all present and former employees, officers, directors, agents, representatives, attorneys, or any other persons acting at its direction, under its control or on its behalf.

2. The term "Atari Mark" means each and every trademark, registered or unregistered, that You allege that Redbubble has infringed, directly or indirectly.

3. The term "Atari Copyright" means each and every copyright, registered or unregistered, that You allege that Redbubble has infringed, directly or indirectly.

4.  The term "document" is used in the broadest sense of Rule 34 of the Federal Rules of Civil Procedure and encompasses all manner of recordation such as hard copy, carbon copy, photocopy, microfilm, microfiche and machine readable code and includes without limitation, letters, copies of letters, intra-corporate communications, minutes, bulletins, specifications, instructions, advertisements, literature, trademarks registrations, work assignments, reports, memoranda, memoranda of conversations, notes, notebooks, drafts, data sheets, work sheets, contracts, memoranda of agreements, assignments, licenses, sublicenses, books of accounts, orders, invoices, statements, bills, vouchers, photographs, drawings, charts, catalogues, brochures, and other written materials of whatever kind known to you or in your possession or control.

5.  The term "communication" refers to every manner or means of disclosure or transfer or exchange of information whether orally or by document and whether face to face, by telephone, facsimile transmission, mail, personal delivery, electronic mail, computer transmission, or otherwise.

6.  The term "relating to" means referring to, relating to, pertaining to, consisting of, constituting, memorializing, confirming, containing, reflecting, or otherwise connected to.

7.  The term "person" refers to individuals, parties, associations, partnerships, firms, corporations, and other business organizations or entities whether formal or informal.

8.  Unless otherwise indicated by the context, the term "identify" means:

    a.  when used in connection with a document, to furnish a brief description of the subject matter of the document, its title or designation, its date of preparation and distribution, the name and address of the author and sender, the name and address of the person, if any, to whom it was directed or to whom copies or similar documents were directed the location thereof; and the present custodian;

    b.  when used in connection with a person, to furnish a statement of the full name, occupation, job title, business or function thereof, last known business and home address and telephone number, place and date of incorporation, principal and other place(s) of business, nature of business, all officers and other persons having knowledge of the matter with respect to

the business entity, executive offices of the company, its relation to you or to your goods or products or other things;

      c.    when used in connection with things, including and not limited to products, devices, goods or physical things, to furnish a complete description of the thing, including its common designation, its composition, its physical description, product type, any other distinguishing I characteristics; the catalog, SKU, stock or other identifying number; and the trademark, name, type, / grade, and any other designation customarily used to designate the item and to distinguish it from others made or sold by the same or a different producer or vendor.

## TOPICS FOR DEPOSITION

1. The Atari Marks and Atari Copyrights, registered or unregistered, that You allege that Redbubble has infringed, including Atari's rights therein and prosecution or registration thereof.

2. Your ownership or other rights in each Atari Mark or Atari Copyright, including any registration or other certificates, agreements, assignments, contracts, licenses, employee agreements, or work made for hire agreements that purport to reflect, allocate, or transfer such ownership or rights.

3. The strength of any Atari Mark or Atari Copyright.

4. The alleged originality or origin of all Atari Copyrights or Atari Marks, including any claim of authorship of or creation of an Atari Mark or a work covered by an Atari Copyright, and any work from which any Atari Copyright or Atari Mark was allegedly derived.

5. Any communications, including with the Patent & Trademark Office or the Copyright Office, with Redbubble, or with third parties, regarding any Atari Mark or Atari Copyright.

6. Any claim, litigation, or other legal challenge relating to any Atari Mark or products bearing such mark, or Atari Copyright, including those related to Your rights therein, including lawsuits, arbitrations, mediations, or administrative proceedings, as well as any correspondence alleging any letters or other threats of legal actions.

7. All uses – licensed, unlicensed, infringing, or other – on the Redbubble

marketplace or elsewhere, of any Atari Copyright or Atari Mark of which you are aware, including the timing of, manner of, substance of, and natural or fictional persons associated with each such use and your knowledge thereof, and including any communications that You have had internally or with third parties relating to any such use.

8. Any alleged confusion, mistake or deception about whether any goods advertised or sold on the Redbubble marketplace originate from or are affiliated with, sponsored by, licensed by or endorsed by Atari.

9. Your use of each Atari Mark, including all time periods in which You used each such mark, including the beginning and end of each such period, including dates of first use, invoices, purchase orders, inventories, and current and historical sales figures; and for each Atari Mark that You ceased or paused using for any time period, any intent to resume use.

10. Any alleged access to any work allegedly covered by any Atari Copyright by Redbubble or by anyone who has created an allegedly infringing listing or otherwise used a work allegedly covered by an Atari Copyright on the Redbubble marketplace.

11. All words, images, or combinations of words and/or images that You consider or contend are confusingly or substantially similar to, or confusing variations of, any of the Atari Marks or Atari Copyrights.

12. Your attempts to exercise quality control of any goods or services sold under the Atari Marks or Atari Copyrights.

13. The proximity or similarity of Atari's goods, licensed goods, Atari Marks, or Atari Copyrights, and any allegedly infringing goods, marks, or works.

14. The goods sold or licensed by Atari, likelihood of expansion of Atari's product lines, marketing channels used for Atari's goods or licensed goods or the allegedly infringing goods, and degree of care likely to be exercised by purchasers of Atari's goods or licensed goods or the allegedly infringing goods.

15. Any support for any contention that Redbubble has willfully infringed, or acted with reckless disregard for or willful blindness to, Atari's rights any Atari Mark or Atari Copyright, including any alleged copying of any work covered by any Atari Copyright or Atari

Mark.

16. Any support for any contention that Redbubble knew or had reason to know of the allegedly infringing activity, or of facts or circumstances from which such activity was apparent, of anyone who has created an allegedly infringing listing or otherwise used an Atari Mark or a work allegedly covered by an Atari Copyright on the Redbubble marketplace; and/or that Redbubble knowingly or willfully contributed to any likelihood of confusion, actual confusion, mistake or deception allegedly resulting from any use of any of the Atari Marks by Redbubble, or by others using an Atari Mark on the Redbubble marketplace; and/or that Redbubble intentionally induced or materially contributed to allegedly infringing activity of anyone who has created an allegedly infringing listing or otherwise used an Atari Mark or a work allegedly covered by an Atari Copyright on the Redbubble marketplace; and/or that Redbubble had the right or ability to supervise or control the allegedly infringing activity of anyone who has created an allegedly infringing listing or otherwise used an Atari Mark or a work allegedly covered by an Atari Copyright on the Redbubble marketplace, including for any contention that Redbubble failed to exercise such rights or ability.

17. Any contention that, upon obtaining knowledge or awareness or upon receiving a valid notification of claimed infringement, Redbubble failed to act expeditiously to remove or disable access to the allegedly infringing material.

18. Any support for any contention that Redbubble is not engaged in transmitting, routing, or providing connections for online communication, between points specified by a user, of material of the user's choosing, without modification to the content of the material; or that Redbubble is not a service provider of online services; or that Redbubble has not adopted, reasonably implemented, and informed users of a policy to terminate users who are repeat copyright infringers; or that Redbubble has not accommodated or has interfered with standard technical measures used to identify or protect copyrighted works; or that Redbubble has not designated an agent to receive notifications of claimed infringement, and made the agent's name, phone number and email address available on its website and to the Copyright Office; or your claims against Redbubble are not based on information residing on Redbubble's systems or

1 networks at the direction of users.

2     19.    Any contention that Redbubble has sold, offered for sale, manufactured, printed, or
3 shipped any products.

4     20.    Any contention that Atari has been damaged or harmed by any use of any of the
5 Atari Marks or Atari Copyrights by Redbubble, or by others using an Atari Mark or Atari
6 Copyright on the Redbubble marketplace, including support for any claim that Atari has sustained
7 lost sales and profits or damages to its goodwill.

8     21.    The revenue and profits generated by Atari from each good or service sold in
9 connection with any of the Atari Marks or Atari Copyrights, including any revenue generated from
10 licensing one of more of the Atari Marks or Atari Copyrights.

11     22.    Any analyses or studies (including, by way of example, reports, investigations,
12 research and email commentary) relating to Atari revenue or profits, including but not limited to
13 any reasons for increases or decreases thereof.

14     23.    Any purchase by You or anyone acting on Your behalf of any product from
15 Redbubble or via the Redbubble marketplace.

16     24.    All bases for any claim to statutory damages for any alleged infringement.

17

18 Dated: December 10, 2019            **ZUBER LAWLER & DEL DUCA LLP**
                                                         JOSHUA M. MASUR
19                                                            ZACHARY S. DAVIDSON

By: _____
Attorneys for Defendant  REDBUBBLE INC.

# PROOF OF SERVICE

**Atari Interactive, Inc. v. Redbubble, Inc.**
**United States District Court for the Northern District of California**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 350 S. Grand Avenue, 32nd Floor, Los Angeles, CA 90071, USA.

On December 10, 2019, I served true copies of the following document(s) described as **AMENDED NOTICE OF DEPOSITION OF ATARI INTERACTIVE, INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)** on the interested parties in this action as follows:

| | |
|---|---|
| Keith J. Wesley<br>Eric C. Lauritsen<br>Milin Chun<br>Matthew A. Venesia<br>BROWNE GEORGE ROSS LLP<br>2121 Avenue of the Stars, Suite 2800<br>Los Angeles, California 90067 | Counsel for Plaintiff Atari Interactive, Inc.<br><br>Telephone: (310) 274-7100<br>Facsimile: (310) 275-5697<br><br>Email: kwesley@bgrfirm.com<br>elauritsen@bgrfirm.com<br>mchun@bgrfirm.com<br>mvenezia@bgrfirm.com |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address dsanfelippo@zuberlawler.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 10, 2019, at Los Angeles, California.

*/s/ Debora L. Sanfelippo*
Debora L. Sanfelippo