UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ATARI INTERACTIVE, INC.,

        Plaintiff,

    v.

REDBUBBLE, INC.,

        Defendant.

Case No. 18-cv-03451-JST

**SUPPLEMENTAL ORDER RE:
SUMMARY JUDGMENT**

Re: ECF Nos. 103, 105

The Court previously ordered supplemental briefing on two topics that the parties' original summary judgment briefs did not sufficiently address:  (1) whether Defendant Redbubble, Inc. is entitled to summary judgment on the question of whether Redbubble's alleged trademark infringement was willful, and (2) whether Plaintiff Atari Interactive, Inc. should be precluded from recovering monetary relief in light its alleged failure to produce evidence of damages.  ECF No. 102.  The parties filed briefs in accordance with the Court's order.  ECF Nos. 103, 105, 107, 109, 110, 114.  Having carefully considered the parties' briefs, the Court now rules as follows.

## I.      WILLFUL TRADEMARK INFRINGEMENT

Atari makes claims against Redbubble for both copyright infringement and trademark infringement.  ECF No. 97 at 5-6.  Redbubble previously filed a motion for summary judgment on the issue of willful infringement.  *Id.* at 8.  The parties did not separately brief willfulness as to copyright versus trademark infringement, and the Court's summary judgment order addressed willfulness only as it related to copyright infringement, finding that Redbubble was entitled to judgment on that issue.  *Id.* at 31.  The Court held that:

> Atari . . . cannot establish willfulness.  Willful infringement requires showing "(1) that the infringing party was actually aware of the infringing activity, or (2) that the infringing party's actions were the

result of reckless disregard, or willful blindness to, the copyright holder's rights." *VHT* [*VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723 (9th Cir. 2019)] at 748 (quoting *Unicolors*, [*Unicolors, Inc. v. Urb. Outfitters, Inc.*, 853 F.3d 980 (9th Cir. 2017)] at 991. As described in previous sections, Atari fails to establish either knowledge or willful blindness to infringement of Atari's copyrights. Nor did Redbubble act with reckless disregard, since it promptly removed infringing listings and began to police for Atari's content. *See* ECF No. 80 ¶¶ 25-27. Redbubble's systems overall appear to be designed in a "copyright protective" way, similar to VHT's system. *See VHT*, 918 F.3d at 748-79; ECF No. 80 ¶¶ 7-27. These are simply not the facts of willful infringement. Redbubble is entitled to judgment on this claim.

ECF No. 97 at 31.

In light of this holding, the Court could reach a different result as to Atari's trademark claims only if the standard for willfulness in that context were lower. But the standard is not lower; it is nearly identical: "A Lanham Act plaintiff alleging trademark infringement can establish that defendants acted willfully by showing that: (1) defendants intentionally used the marks knowing they were counterfeit; or (2) defendants 'willfully blinded' themselves to facts that should have put them on notice that they were selling counterfeit goods and infringing plaintiffs' trademarks." *SAS v. Sawabeh Info. Servs. Co.*, No. 11-cv-04147-MMM (MANx), 2015 WL 12763541, at *7 (C.D. Cal. June 22, 2015). Applying a virtually identical standard to the same body of evidence that it considered in connection with Atari's copyright claims, the Court reaches the same result as to Atari's trademark claims: Atari cannot establish willfulness, and Redbubble is entitled to summary judgment on that issue.

## II.    ATARI'S FAILURE TO PRODUCE EVIDENCE OF DAMAGES

Redbubble previously moved to preclude Atari from offering a damages case on grounds that Atari "failed to disclose the basis or a computation for any damage claim in its Initial Disclosures or discovery." ECF No. 75 at 31. After concluding that "[t]he parties' sparse briefing" on the subject did not address the full range of considerations necessary to resolve the issue, the Court denied Redbubble's motion without prejudice to a renewed motion based on more robust briefing. ECF No. 97 at 31-32. That renewed motion is now before the Court.

### A.    Redbubble's Damages-Related Disclosures

The parties do not dispute the history of Atari's damages-related disclosures, which is as

follows:  Atari served its Rule 26 initial disclosures on October 31, 2018.  ECF No. 106-1.  In that document, Atari asserted that it was seeking statutory damages, lost profits "including lost licensing fees and sales and harm to goodwill and reputation," Redbubble's profits from the alleged infringement, and corrective advertising costs.  *Id.* at 4.  However, aside from reciting the range of statutory damages available as a matter of law, Atari provided no quantification or computation of damages for any of these categories.  Instead, it claimed that it had "not yet quantified the amount of actual damages or wrongful profits because discovery and likely expert testimony is necessary for that quantification."  *Id.*  Atari also did not disclose or produce any documents that it might use to support its claimed damages, such as documents showing lost profits or its license fees, sales figures, valuations of its goodwill, or corrective advertising costs.  *Id.*

Atari served amended Rule 26 disclosures on December 12, 2019.  ECF No. 106-2.  On the subject of damages, the amended disclosures merely parroted Atari's initial disclosures and did not provide a damages computation or identify or produce damages-related documents.  *Id.* at 4-5.  Once again, Atari stated that it "has not yet quantified the amount of actual damages or wrongful profits because discovery and likely expert testimony is necessary for that quantification."  *Id.* at 5.

Atari's discovery responses were only slightly more helpful.  When asked in interrogatories to identify "each listing or product offered through the Redbubble marketplace that [Atari] contend[s] infringe [Atari's] trademark[s]," ECF No. 106-3 at 4, Atari referred Redbubble to Exhibit 7 of Atari's complaint, *id.*, which are printed pages of what appear to be screenshots from the Redbubble website, ECF No. 1-3; *see also* ECF No. 1 ¶ 17.  Atari gave the same answer when asked to identify the specific Redbubble products that infringed Atari's copyrights.  ECF No. 106-3 at 8.  Atari claimed to have "been deprived of past and future licensing income based on Redbubble's sale and offering for sale of Atari-branded goods," but it provided no specifics.  *Id.* at 11.  Asked to "identify with specificity all licenses, assignments, or other grants of any rights in or under any Atari Copyright or Atari Mark (including but not limited to licenses or other grants by or to [Atari], including all terms of such licenses," Atari mostly ignored the interrogatory, stating only that it "currently has licensing relationships with such companies as Animoca, AtGames,

1    Difuzed, Next Gaming, and Tastemakers." *Id.* at 12.  Atari also provided links to the websites of

2    two retailer licensees.  *Id.* at 13. In response to Redbubble's document requests, it produced

3    approximately 300 documents, not labelled to correspond to the categories in the requests, which

4    included four pages regarding Atari's licensing revenue.  ECF No. 106 at 2.

5         On December 16, 2019, Redbubble took the deposition of Atari's Chief Executive Officer,

6    Frederic Chesnais, who was acting as Atari's Rule 30(b)(6) designee.  Chesnais testified that he

7    did not make any efforts to determine the use of each Atari mark in connection with the products

8    that are at issue in this lawsuit.  ECF No. 106-8 at 17.  Similarly, with regard to the deposition

9    notice topic of Atari's "contention that Atari has been damaged or harmed by any use of any of the

10   Atari Marks or Atari Copyrights by Redbubble . . . including support for any claim that Atari has

11   sustained lost sales and profits or damages to its goodwill," Chesnais did not review any financial

12   records because he felt the question "was not financial."  *Id.* at 21-22.  Chesnais also confirmed

13   that as of the date of the deposition, which was held three days after the close of fact discovery,

14   Atari had not yet begun its damages investigation and had not done any "quantitative analysis"

15   regarding lost "revenue and royalties."  *Id.* at 24; *see generally id.* at 22-25.

16        Four days later, Atari disclosed the expert report of Christopher Lucero, which purported

17   to opine on whether "the defendant's promotion and/or sale of counterfeit or infringing products

18   caused harm to Plaintiff, and, if so, in what forms."  ECF No. 106-9 at 9.  Lucero cited evidence of

19   Atari's product sales, which purport to show the Atari brand's value; articles regarding the effect

20   of infringement on a brand's value and business opportunities; and evidence of lost revenues.  *Id.*

21   at 11-12, 15-17, 24.  But Redbubble states, and Atari does not dispute, that none of these

22   documents was identified in Atari's initial disclosures or produced during discovery.  ECF No.

23   105 at 11.  Furthermore, as with Atari's other disclosures, Mr. Lucero's report offered no

24   computation or quantification of damages.

25        As part of its briefing on the issue of both damages and willfulness, Atari submitted

26   declarations and screenshots purporting to show additional acts of infringement by Redbubble.

27   *See* ECF Nos. 103-2, 103-3, 103-4, 103-5, 109-6, 110-3, 110-4, 110-5.  It appears that none of this

28   evidence was disclosed formally or informally by Atari prior to the filing of its motion papers.

4

**B.      Analysis**

Redbubble argues that Atari failed to comply with its disclosure obligations under Rule 26. It asks the Court to preclude Atari from recovering any monetary relief or, at least, from receiving monetary relief other than any profits that Redbubble made from infringement; in the alternative, it asks the Court to enter summary judgment in Redbubble's favor on the issue of damages.  ECF No. 105.  Atari responds that it is only seeking statutory and not actual damages, so it "need only disclose that [it] intend[s] to seek statutory damages," and nothing more, because "there is no 'particular damages computation otherwise required by Rule 26'" for a party seeking statutory damages.  ECF No. 109 at 13 (quoting *Undiscovered Corp. v. Heist Studios*, No. CV 18-5719 FMO (ASx), 2019 WL 8219489, at *5 (C.D. Cal. Oct. 1, 2019)).

Both the Copyright Act and the Lanham Act permit a plaintiff to elect an award of statutory damages in lieu of actual damages.  *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1264 (9th Cir. 2021) (Copyright Act); *K & N Eng'g, Inc. v. Bulat*, 510 F.3d 1079, 1082 (9th Cir. 2007) (Lanham Act).  The question before the Court is whether a party seeking statutory damages must do more than indicate its intent to seek such damages.

Courts have ruled both ways on this question.  For example, one court precluded the plaintiff from offering any evidence of damages where it "provide[d] no computation of its claimed . . . statutory damages."  *Ketab Corp. v. Mesriani L. Grp.*, No. 14-cv-07241-RSWL (MRWx), 2016 WL 5921767, at *3 (C.D. Cal. Mar. 18, 2016).  Similar to Atari in this case, Ketab had disclosed that it would "elect to seek either willful statutory damages or actual damages for various federal and state trademark infringement claims at the time of trial"; that "Actual Damages will be calculated on the disgorgement of Defendants' illicitly gained profits from the trademark infringement since the Defendants' infringement of the trademarks began"; and that "because Defendants are late or have not responded to production requests, Plaintiff cannot properly calculate a dollar amount."  *Id.* at *1.  The court concluded that these disclosures were "wholly insufficient to enable Defendants to understand the contours of their potential exposure."  *Id.* at *2. Another court, by contrast, denied the defendant's motion for summary judgment where the plaintiff claimed nominal and statutory damages without providing a damages calculation under

5

Rule 26.  *GeoMetWatch Corp. v. Hall*, No. 1:14-cv-00060-JNP, 2018 WL 6240991, at *16 (D. Utah Nov. 27, 2018).  The court reasoned that "a request for nominal or statutory damages does not appear to qualify as information that a party must disclose under Rule 26(a)."  *Id.* (quotation marks omitted).

In considering what disclosures are required, the Court considers the purpose of statutory damages.  Statutory damages are intended "to provide adequate compensation to the copyright holder and to deter infringement."  *Desire*, 986 F.3d at 1271 (quoting *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1554 (9th Cir. 1989)).  A statutory damages award "must bear a plausible relationship to Plaintiff's actual damages," *Michael Grecco Prods., Inc. v. Enthusiast Gaming, Inc.*, No. 19-cv-06399-LHK, 2020 WL 7227199, at *10 (N.D. Cal. Dec. 8, 2020), and "should not provide copyright owners a windfall," *Desire*, 986 F.3d at 1271.  On the other hand, "a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by the plaintiff or of the profits reaped by defendant."  *UL LLC v. Space Chariot Inc.*, 250 F. Supp. 3d 596, 614-15 (C.D. Cal. 2017) (citing *Peer Int'l Corp. v. Pausa Recs., Inc.*, 909 F.2d 1332, 1337 (9th Cir. 1990) (alteration in original)).  In addition, statutory damages "are larger than actual damages because in addition to compensating Plaintiff, statutory damages are intended to provide a penalty against defendants and deter potential future infringement by similarly situated actors."  *Michael Grecco Prods.*, 2020 WL 7227199, at *10 (quotation marks and citation omitted).

Harmonizing these principles, the Court concludes that Atari may seek an award of minimum statutory damages without disclosing any damages calculations but, to avoid a potential windfall, it must provide some evidence of its lost profits or Redbubble's profits if it seeks an award greater than the statutory minimum.  This holding is consistent with Congress's command with regard to the Copyright Act that "the plaintiff in an infringement suit is not obliged to submit proof of damages and profits and may choose to rely on the provision for *minimum* statutory damages."  H.R. Rep. No. 94-1476 at 361 (1976) (emphasis added).

Atari has presented no evidence on which to base an award of anything other than minimum statutory damages on any of its claims.  It is subject to a bar against introducing such

evidence at trial under Federal Rule of Civil Procedure 37(c)(1) unless it can "prov[e] that its failure to disclose the required information was substantially justified or is harmless." *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012). Atari has offered no justification for its failure to disclose damages calculations or evidence other than its incorrect assertion that no disclosure was required. This is not a substantial justification. Nor was Atari's failure to disclose harmless because, without such information, Redbubble is unable to defend against Atari's damages presentation at trial.

The parties agree, however, that Redbubble has provided documents related to its own revenue, although they differ as to what information those documents convey. ECF No. 105 at 8 ("Redbubble's revenues from sales of allegedly infringing products are in the neighborhood of $20,000."); ECF No. 109 at 8 ("The spreadsheets provided by Redbubble, most recently in connection with summary judgment briefing, per Redbubble, show 'about $42,000' in sales."); *id.* ("[A]nother document produced by Redbubble shows that it sold in excess of $285,000 worth of products that were later removed from its platform because they infringed upon Atari's intellectual property . . . ."). Atari may present this evidence in support of its statutory damages claim.

## CONCLUSION

For the reasons set forth above, the Court enters summary judgment in favor of Redbubble on the issue of willfulness as to Atari's trademark claims. Redbubble's motion regarding Atari's damages evidence is granted in part and denied in part. Atari may seek the minimum amounts of statutory damages, as to both its copyright and trademark claims, at trial. If it seeks more than the minimum amounts, it may rely only on the documents produced by Redbubble showing Redbubble's revenues; it cannot present any evidence that it did not identify or disclose prior to the close of fact discovery.

**IT IS SO ORDERED.**

Dated: June 29, 2021

_____
JON S. TIGAR
United States District Judge

7