DURIE TANGRI LLP
DARALYN J. DURIE (SBN 169825)
ddurie@durietangri.com
JOSEPH C. GRATZ (SBN 240676)
jgratz@durietangri.com
MATTHAEUS MARTINO-WEINHARDT
   (SBN 313103)
mweinhardt@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:    415-362-6666
Facsimile:    415-236-6300

DURIE TANGRI LLP
ALLYSON R. BENNETT (SBN 302090)
abennett@durietangri.com
MOON HEE LEE (SBN 318020)
mlee@durietangri.com
53 East 3rd Street
Los Angeles, CA 90013
Telephone:    213-992-4499
Facsimile:    415-236-6300

Attorneys for Defendant
REDBUBBLE, INC.

BROWNE GEORGE ROSS OBRIEN
   ANNAGUEY & ELLIS LLP
KEITH J. WESLEY (SBN 229276)
kwesley@bgrfirm.com
MATTHEW L. VENEZIA (SBN 313812)
mvenezia@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA 90067
Telephone:    310-274-7100
Facsimile:    310-275-5697

Attorneys for Plaintiff
ATARI INTERACTIVE, INC.

(*Additional counsel continued on following page*)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ATARI INTERACTIVE, INC.,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>REDBUBBLE, INC.,<br><br>　　　　　　　　Defendant. | Case No. 4:18-cv-03451-JST<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:　August 31, 2021<br>Time:　2:00 p.m.<br>Ctrm:　6 – 2nd Floor<br>Judge: Honorable Jon S. Tigar |

1  COASTSIDE LEGAL
   KENNETH B. WILSON (SBN 130009)
2  ken@coastsidelegal.com
   455 1st Avenue
3  Half Moon Bay, CA 94019
   Telephone:     650-440-4211
4  Facsimile: 650-440-4851

5  ZUBER LAWLER LLP
   JOSHUA M. MASUR (SBN 203510)
6  jmasur@zuberlawler.com
   2000 Broadway Street, Suite 154
7  Redwood City, CA 94063
   Telephone:     213-596-5620
8  Facsimile:     213-596-5621

9  Attorneys for Defendant
   REDBUBBLE, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to this Court's Order dated August 25, 2021, Dkt. No. 138, Atari Interactive, Inc. ("Atari") and Redbubble, Inc. ("Redbubble") hereby submit an updated Case Management Conference Statement.

## I. JURISDICTION AND SERVICE

All parties agree that this Court has subject matter jurisdiction and personal jurisdiction, and that Redbubble was properly served.

## II. FACTS

The summary judgment order, as well as the parties' submissions on summary judgment, largely detail the facts from each party's respective view. For the sake of brevity, and in light of the stage of the case, the parties will not repeat their respective versions of the facts herein.

## III. LEGAL ISSUES

### A. Atari's Position on the Remaining Legal Issues

Following the Court's summary judgment order, and supplemental order, few legal issues remain, with the majority of the remaining issues being factual in nature and for the jury to decide, e.g., Redbubble's liability for trademark and copyright infringement. However, some legal issues remain:

- The admissibility of certain evidence at trial.
- Whether permanent injunctive relief is available to prevent future infringement or counterfeiting by Redbubble, and if so, in what form.
- Whether the prevailing party is entitled to attorneys' fees and/or costs, and, if so, the amount thereof.

### B. Redbubble's Position on the Remaining Legal Issues

Redbubble believes that, setting aside disputed factual issues, the following legal or equitable issues remain for resolution by the Court:

- Whether Redbubble[1] is entitled to recover its attorney's fees and/or costs, and, if so, the amount thereof. 15 U.S.C. § 1117(a).
- Whether Atari can obtain injunctive relief, *see, e.g.*, *Fifty-Six Hope Rd. Music, Ltd. v.*

---

[1] Redbubble believes that the Court's determination that "Atari … cannot establish willfulness" effectively precludes fee-shifting in Atari's favor. Dkt. No. 97 at 31.

*A.V.E.L.A., Inc.*, 778 F.3d 1059, 1074–76 (9th Cir. 2015); *Reebok Int'l v. Marnatech Enters.*, 970 F.2d 552, 559 (9th Cir. 1992).

- Whether and to what extent Atari's claims are barred by Redbubble's Sixth, Seventh, or Eighth Affirmative Defenses, because the alleged infringements are ornamental or fair uses, parodies, or otherwise protectable as free speech. *See, e.g.*, *University of Alabama Bd. of Trustees vs. New Art Life, Inc.*, 683 F.3d 1266 (11th Cir. 2012); *Anheuser-Busch, Inc. v. L & L Wings, Inc.*, 962 F. 2d 316 (4th Cir. 1992).

- Whether and to what extent Atari's claims are barred by Redbubble's Tenth and Thirteenth Affirmative Defenses (Unclean Hands; Trademark Misuse). *See, e.g.*, *JIPC Mgmt., Inc. v. Incredible Pizza Co.*, No. CV 08-04310, 2009 WL 8591607, at *19 (C.D. Cal. July 14, 2009).

- Whether and to what extent Atari's claims are barred by Redbubble's Eleventh Affirmative Defense, due to laches and/or the statute of limitations. *See, e.g.*, *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1183 (9th Cir. 2010).

- Whether and to what extent Atari's claims are barred by Redbubble's Twelfth Affirmative Defense (Waiver, Acquiescence, and Estoppel).

- Whether Atari's common-law unfair competition claim is barred by Redbubble's Seventeenth Affirmative Defense, invoking Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1). *See, e.g.*, *Perfect 10, Inc. v. Ccbill LLC*, 488 F.3d 1102, 1118 (9th Cir. 2007).

## IV. MOTIONS

The parties intend to file motions *in limine* prior to trial.

## V. RELATED CASES

This case is related to one other case that remains pending with this Court, *Atari Interactive, Inc. v. Teespring, Inc.*, Case No. 4:19-cv-00111-JST. The other related cases formerly pending before this Court have settled, as have the cases against SkinnyCorp., LLC and Innex, Inc., referenced by Redbubble below.

It is Redbubble's position that this case is related to three other cases that are pending before other courts:

- *Atari Interactive, Inc. v. RageOn, Inc.*, Case No. 2:19-cv-10806 (C.D. Cal., filed Dec. 20, 2019);

- *Atari Interactive, Inc. v. SkinnyCorp, LLC*, Case No. 1:20-cv-10379 (S.D.N.Y., filed Dec. 09, 2020); and

- *Atari Interactive, Inc. v. Innex, Inc. et al*, Case No. 2:21-cv-00454 (C.D. Cal., filed Jan. 15, 2021).

## VI. **RELIEF**

Atari seeks the following forms of relief:

- Statutory damages under the Lanham Act and Copyright Act.
- A disgorgement of Redbubble's wrongful gain.
- Punitive damages under California's common law of unfair competition.
- Attorneys' fees and costs under the Lanham Act and Copyright Act.
- Permanent injunctive relief.
- Pre-judgment and post-judgment interest.

Redbubble disputes that Atari can obtain any of the relief it seeks, and seeks its attorneys' fees and costs.

## VII. **SETTLEMENT AND ADR**

The parties participated in a settlement conference with Magistrate Judge Kim early in the case, again on April 29, 2021, and most recently on July 27, 2021. The case did not settle.

Redbubble believes that the parties should continue to explore further ADR options to see if the parties' disputes can be resolved without using the Court's limited resources on a trial.

Atari responds that while it is always open to good-faith settlement discussions, Atari and Redbubble have already completed several settlement conferences without reaching a settlement, and unless Redbubble has materially changed its position on settlement with its hiring of new trial counsel, Atari does not anticipate that further ADR will be productive.

## VIII. NARROWING OF ISSUES

The parties have not reached any agreements on issues that may be narrowed, either by factual stipulation or otherwise. As part of the pre-trial process, the parties will confer regarding stipulations to streamline the issues to be presented at trial.

## IX. SCHEDULING

### A. Atari's Proposal

The Court previously set a pretrial conference for October 1, 2021, at 2:00 p.m., and set a jury trial to begin on October 25, 2021, at 8:00 a.m. Dkt. No. 102. It is Atari's position that these dates should remain as calendared. Redbubble, and its new trial counsel, were aware of the trial date when making the decision to have Durie Tangri LLP try this case, and that decision should not be to the prejudice of Atari's ability to promptly bring this case to a resolution. Nor should nebulous witness availability issues, with undisclosed witnesses, based upon COVID-related travel restrictions with no certain end date, delay trial. Indeed, Redbubble tried a similar infringement case in California in June of 2021, and was able to bring live witnesses to trial to put on its defense.

### B. Redbubble's Proposal

Redbubble wishes to discuss the feasibility of the present trial date in view of the schedules of the Court and Redbubble's new trial counsel.  Further, as Redbubble noted in March, see Dkt. No. 101 at 5-6, certain of Redbubble's witnesses reside outside the United States, in particular, in Australia and Portugal. COVID-related travel restrictions remain of concern, and Redbubble cannot effectively predict what restrictions will remain in place in October.

## X. TRIAL

This case will be tried to a jury.  The parties anticipate a 5–7-day jury trial.

## XI. REMAINING ISSUES

There are no other remaining issues at this time.

///

///

///

///

Dated: August 27, 2021                                    DURIE TANGRI LLP

                                                          By:      */s/ Daralyn J. Durie*
                                                                 DARALYN J. DURIE

                                                          Attorneys for Defendant
                                                          REDBUBBLE, INC.

Dated: August 27, 2021                                    BROWNE GEORGE ROSS OBRIEN
                                                              ANNAGUEY & ELLIS LLP


                                                          By:     */s/ Matthew L. Venezia*
                                                                 MATTHEW L. VENEZIA

                                                          Attorneys for Plaintiff
                                                          ATARI INTERACTIVE, INC.

## **FILER'S ATTESTATION**

   Pursuant to Civil L.R. 5-1(i)(3) regarding signatures, I, Daralyn J. Durie, attest that concurrence in the filing of this document has been obtained.


Dated: August 27, 2021                  By:       */s/ Daralyn J. Durie*
                                               DARALYN J. DURIE

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2021 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ Daralyn J. Durie*
DARALYN J. DURIE