BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Matthew L. Venezia (State Bar No. 313812)
  mvenezia@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff
Atari Interactive, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| ATARI INTERACTIVE, INC., | Case No. 4:18-cv-03451-JST |
| Plaintiff, | *[Related to Case No. 19-cv-00111-JST]* |
| vs. | **PLAINTIFF ATARI INTERACTIVE, INC.'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE MICHAEL MASNICK FROM TESTIFYING** |
| REDBUBBLE, INC., | |
| Defendant. | Judge: Hon. Jon S. Tigar |
| AND RELATED ACTIONS | Date: October 1, 2021 |
| | Time: 2:00 p.m. |
| | Crtrm.: 6 - 2nd Floor |

PLEASE TAKE NOTICE that, on October 1, 2021 at 2:00 p.m., or as soon thereafter as it may be heard, in Courtroom 6 of the above-titled Court, located at 1301 Clay Street, Oakland, California 94612, the Honorable Jon S. Tigar presiding, plaintiff Atari Interactive, Inc. ("Atari") will, and hereby does, bring this Motion in Limine No. 2 to exclude Redbubble, Inc.'s ("Redbubble") purported expert, Mr. Michael Masnick, from testifying at trial (the "Motion").

This Motion will be made pursuant to Rules 401, 402, 403, 602, 702, 802, and the additional authorities cited herein. The Motion is based on the following grounds:

- Mr. Masnick's opinion that Redbubble "goes beyond what other, similarly situated companies do in attempting to police infringing content" is without foundation because Mr. Masnick did not consider the procedures of any other print-on-demand websites.

- Mr. Masnick's opinion that "Redbubble's approach appropriately balances Atari's and other rightsholders' rights in its intellectual property and Redbubble's users' rights as well" invades the province of the Court, and misstates the applicable law because the Lanham Act and Copyright Act do not allow such a "balancing."

- The remainder of Mr. Masnick's report is irrelevant, unduly prejudicial because it suggests that the purported difficulty in performing content moderation is a defense to an infringement claim, concerns facts entirely unrelated to this case, and cannot stand alone as expert testimony untethered to any admissible opinion.

Redbubble nonetheless advised during the meet and confer process that it intends to call Mr. Masnick as an expert witness at trial, necessitating the Motion.

The Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Matthew L. Venezia ("Venezia Dec."), all documents filed in this case, and any other evidence and argument the Court may consider.

Dated:  September 21, 2021

BROWNE GEORGE ROSS
O'BRIEN ANNAGUEY & ELLIS LLP
Keith J. Wesley
Matthew L. Venezia


By:   _/s/ Matthew L. Venezia_
Matthew L. Venezia
Attorneys for Plaintiff Atari Interactive, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION.

Mr. Masnick is a blogger that does not like the United States' intellectual property laws. After observing the jury trial in *Y.Y.G.M. SA v. Redbubble, Inc.*, Case No. 2:19-cv-04618-RGK (JPRx) in the Central District of California ("*Brandy Melville*"), where the jury found Redbubble liable for willful counterfeiting, Mr. Masnick lamented that where trademark law penalizes

> any simple mistake . . . [it] doesn't help anyone, except possibly some trial lawyers who can threaten and shake down tons of websites.

Venezia Dec. Exh. B. But, Mr. Masnick's opinions concerning what the laws should be are irrelevant—Redbubble's conduct is to be judged under the standards set out in the Lanham Act and the Copyright Act.

In defense of his "Copying Is Not Theft" slogan, and in an attempt to defend Redbubble, Mr. Masnick's proposed testimony runs afoul of a number of requirements for expert testimony:

- Mr. Masnick has no foundation for his claims that Redbubble does more to prevent infringement than other similarly situated companies. He did not consider the procedures of any similarly situated companies.

- Mr. Masnick's opinions about the purported difficulties of compliance with federal intellectual property laws invite jury nullification of a liability finding by suggesting that if compliance is difficult, it is not required.

- Similarly, Mr. Masnick misstates the law by suggesting that Redbubble can engage in an "appropriate balancing" which allows for some level of infringement to occur before it becomes liable, invading the province of the Court.

- Mr. Masnick improperly parrots Redbubble's claims concerning its content moderation procedures, having no personal knowledge of those procedures, and no admissible opinion concerning the procedures.

For these reasons, and as explained below, the Court should exclude Mr. Masnick from testifying at trial.

### II.   EVIDENCE TO BE EXCLUDED.

Mr. Masnick's proposed testimony should be excluded in its entirety. Mr. Masnick's report talks extensively about the purported difficulties in performing content moderation, before reaching its ultimate opinions that Redbubble "appropriately balances Atari's and other rightsholders' rights in its intellectual property and Redbubble's users' rights as well[,]" and "goes

beyond what other, similarly situated companies do in attempting to police infringing content." Venezia Dec., Exh. A, ¶ 71. These opinions are without foundation and conflict with applicable law, and must thus be excluded.

The remainder of Mr. Masnick's report simply regurgitates Redbubble's factual arguments, criticizes federal intellectual property laws, and provides anecdotes unrelated to this case in an attempt to show that content moderations is generally a difficult task. As set forth below, none of this is appropriate expert testimony, and Mr. Masnick should be excluded from testifying entirely.

III.   **ARGUMENT.**

A.     **The Court may exclude Mr. Masnick's testimony.**

Expert testimony is the proper subject of motions in limine; such testimony is admissible only if it is reliable and if it will assist the trier of fact to understand the evidence or to determine a fact in issue. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590–91 (1993). To meet its "gatekeeping" duties under Federal Rule of Evidence 702, the district court must make a preliminary determination that the expert's testimony is reliable. *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014).

B.     **Mr. Masnick's opinion that Redbubble exceeds what other similarly situated companies do to police infringement lacks foundation and is thus inadmissible.**

Expert testimony must be "based on sufficient facts or data" (*i.e.*, it must have appropriate foundation). Fed. R. Evid. 702(b); *Daubert*, 509 U.S. at 597 (expert testimony must "rest[ ] on a reliable foundation"). Expert opinions that do not consider facts required for their analysis are inadmissible. *See, e.g., Onyiah v. St. Cloud State Univ.*, 684 F.3d 711, 720 (8th Cir. 2012) (affirming the exclusion of expert testimony concerning a professor's salary where expert did not consider the University's salary grids); *Talley v. Danek Med., Inc.*, 179 F.3d 154, 162 (4th Cir. 1999) (disregarding opinion that orthopedic screws were too short where the expert did not know their actual length).

Here, Mr. Masnick's report expresses the following opinion:

Based on my review of [Redbubble's] policies and procedures, and

> with the caveat that perfect moderation is impossible, it is my
> opinion that Redbubble's approach appropriately balances Atari's
> and other rightsholders' rights in its intellectual property and
> Redbubble's users' rights as well. Indeed, it goes beyond what other,
> similarly situated companies do in attempting to police infringing
> content.

Venezia Dec., Exh A, ¶ 71. However, Mr. Masnick only considered Redbubble's procedures, not the procedures of any other print-on-demand companies. *See id.* at ¶¶ 4, 57 ("I have had the opportunity to review ***Redbubble's policies and procedures*** . . . ") (emphasis added). That Mr. Masnick did not actually make any comparison is reinforced by a review of his "analysis," which simply summarizes the steps Redbubble allegedly takes to avoid infringement, without reference to any other platforms. *Id.* at ¶¶ 57–70.

In summary, Mr. Masnick's failure to consider evidence concerning print-on-demand websites other than Redbubble, when opining that Redbubble goes beyond what other print-on-demand websites do to police infringements, is akin to opining about a professor's salary without considering the relevant salary grids (*Onyiah*) or opining that a screw is too short without knowing the screw's actual length (*Talley*). Mr. Masnick's opinion on the topic should thus be excluded.

## C.   Mr. Masnick's opinions concerning federal intellectual property law misstate the law and invade the province of the Judge.

Opinion testimony that appears to define the applicable legal standard is inappropriate and properly excluded because "instructing the jury as to the applicable law is the distinct and exclusive province of the court." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (internal quotation omitted); *see also Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1212 (D.C. Cir. 1997); *Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988); *Shahid v. City of Detroit*, 889 F2d 1543, 1547 (6th Cir. 1989).

Here, Mr. Masnick, a non-attorney, provides misguided opinions about the law as it applies to companies like Redbubble. Mr. Masnick begins with this statement:

> Even when there are clear choices to make content moderation
> suffers from two types of errors. Using standard statistical
> terminology, blocking content that shouldn't be blocked is called a
> "type I error," and failing to block content that probably should be
> blocked is referred to as a "type II error."

1  Venezia Dec., Exh. A, ¶ 16. In other words, per Mr. Masnick, a Type I error is removing content

2  that need not be removed, and a Type II error is, relevantly here, allowing products that infringe

3  federal trademark and copyright laws to remain available for sale.

4      Mr. Masnick then suggests that there is an appropriate balance test, where some amount of

5  Type II errors may be allowed to occur, because Type I errors should also be prevented:

6      [I]t is my opinion that Redbubble's approach appropriately balances
       Atari's and other rightsholders' rights in its intellectual property and
7      Redbubble's users' rights as well. . . . Content moderation involves
       choices, and every choice involves real tradeoffs, and those tradeoffs
8      can be significant and will upset some contingent who will have
       legitimate complaints.
9

10  But, there is no "appropriate balancing" standard under either the Lanham Act or Copyright Act.

11  Trademark counterfeiting and copyright infringement are strict liability offenses. *Philip Morris*

12  *USA Inc. v. Liu*, 489 F. Supp. 2d 1119, 1122 (C.D. Cal. 2007); *Educ. Testing Serv. v. Simon*, 95 F.

13  Supp. 2d 1081, 1087 (C.D. Cal. 1999). If a company commits such infringement, it violates

14  federal intellectual property laws. Full stop. That preventing infringement may be costly or cause

15  "real tradeoffs" is of no event—Redbubble is not entitled to violate federal law to be profitable or

16  to please its users.

17      Mr. Masnick should thus not be allowed to suggest to the jury that the applicable law

18  permits them to engage in "balancing," or offer a purported legal conclusion that Redbubble has

19  "appropriately balanced" anything. *Nationwide Transp. Fin.*, 523 F.3d at 1058–60, 1063

20  (affirming exclusion of expert testimony that misstated the law, and offered an opinion on how

21  that law applied to the facts of the case).

22      **D.    Mr. Masnick's negative opinions about federal intellectual property laws are**

23          **irrelevant, unduly prejudicial, and likely to mislead the jury.**

24      Mr. Masnick's negative opinions about federal intellectual property laws must be excluded

25  because their "probative value is substantially outweighed by a danger of . . . unfair prejudice,

26  confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting

27  cumulative evidence." Fed. R. Evid. 403.

28      Here, the theme of the Mr. Masnick's report is that it is difficult to protect third parties'

1    intellectual property rights on the internet. *See, e.g.*, Venezia Dec., Ex. A, § III (Masnick's

2    Impossibility Theorem: Content Moderation at Scale Is Impossible to Do Well). That argument is

3    irrelevant to whether Redbubble must comply with federal intellectual property laws. It also

4    presents a serious risk of confusing the issues and misleading the jury to believe that, if the

5    burdens on Redbubble are too high, Redbubble gets a free pass to infringe third parties'

6    trademarks and copyrights. Not so. Redbubble is not entitled to break the law in order to make a

7    profit.

8         Similarly, Mr. Masnick should not be allowed to present his "Copying Is Not Theft"

9    arguments to the jury. The sale of a counterfeit Atari t-shirt likely deprives Atari of the sale of an

10   authentic product and the associated money, *i.e.*, theft. Nonetheless, setting aside any

11   philosophical debate concerning whether copying is theft, copying a federally registered trademark

12   and using it to sell merchandise is illegal counterfeiting. Allowing Mr. Masnick to argue to the

13   jury that copying is not theft runs a serious and substantial risk of misleading the jury that theft is

14   required for a plaintiff to prove a claim for infringement.

15        **E.    Mr. Masnick cannot be used to parrot Redbubble's asserted content**

16             **moderation efforts.**

17        Mr. Masnick's report regurgitates Redbubble's arguments concerning what Redbubble

18   does in an attempt to avoid infringement. Venezia Dec., Exh. A, ¶¶ 57–70. Mr. Masnick has no

19   personal knowledge of these facts, and while they could theoretically be considered to form an

20   admissible expert opinion, Mr. Masnick has not done so. Fed. R. Evid. 602 ("A witness may

21   testify to a matter only if evidence is introduced sufficient to support a finding that the witness has

22   personal knowledge of the matter.").

23        Moreover, coming from Mr. Masnick, testimony concerning Redbubble's content

24   moderation procedures is inadmissible hearsay—he read Redbubble's out-of-court statements

25   concerning how Redbubble performs content moderation and then regurgitates them for the truth

26   of the matter asserted, i.e., that Redbubble performs content moderation as described. *See* Fed. R.

27   Evid. 802 (hearsay is generally not admissible).

28        Accordingly, Mr. Masnick cannot simply parrot Redbubble's arguments untethered to any

1   admissible opinion. And even if tethered to an admissible opinion, not present here, Mr.

2   Masnick's recitation of Redbubble's content moderation efforts would still be objectionable.

3   *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 136 (2d Cir. 2013) ("a party cannot call an expert

4   simply as a conduit for introducing hearsay under the guise that the testifying expert used the

5   hearsay as the basis of his testimony") (internal quotation omitted); *Lakah v. UBS-AG*, 996 F.

6   Supp. 2d 250, 259 (S.D.N.Y. 2014) ("an expert may not introduce otherwise inadmissible hearsay

7   into evidence at trial by simply summarizing an investigation by others that is not part of the

8   record") (internal quotations omitted).

9       **F.      Mr. Masnick cannot offer an opinion as to the difficulty of content moderation**

10              **generally.**

11      Rule 702(d) of the Federal Rules of Evidence only allows expert testimony where the

12  expert "has reliably applied the principles and methods to the facts of the case." Mr. Masnick

13  offers a number of content moderation anecdotes concerning, e.g., breastfeeding on Facebook and

14  a Congressional candidate seeking to remove content concerning his running of a revenge porn

15  website. Venezia Dec., Exh. A, ¶¶ 33–36, 73–80, 85. It is an understatement to say that these

16  anecdotes have nothing to do with the facts of the case, and thus cannot stand alone as expert

17  testimony (in addition to being wholly irrelevant).

18  **IV.     CONCLUSION.**

19      For the foregoing reasons, Plaintiff respectfully requests that this Court grant its Motion in

20  Limine No. 2 to exclude the testimony of Redbubble's purported expert, Mr. Masnick.

21  Dated:  September 21, 2021              BROWNE GEORGE ROSS
                                            O'BRIEN ANNAGUEY & ELLIS LLP
22                                            Keith J. Wesley
                                              Matthew L. Venezia
23

24
                                        By:   ___/s/ Matthew L. Venezia___
25                                            Matthew L. Venezia
                                        Attorneys for Plaintiff Atari Interactive, Inc.
26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of September, 2021, I electronically filed the foregoing **PLAINTIFF ATARI INTERACTIVE, INC.'S MOTION IN LIMINE NO. 2 TO EXCLUDE MICHAEL MASNICK FROM TESTIFYING** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **SEE SERVICE LIST ATTACHED**.

*Angelina Caviles*
_____
Angelina Caviles

1

## SERVICE LIST

2

*Atari Interactive, Inc. v. Redbubble Inc.*
U.S.D.C. N.D. CA, Oakland Division Case No. 4:18-CV-03451-JST
3

*[Related to Case No. 19-cv-00111-JST]*

4

5       Kenneth B. Wilson                          Attorneys for Defendant
        **COASTSIDE LEGAL**                         Redbubble, Inc.
6       455 1st Avenue
        Half Moon Bay, CA 94019
7       Tel:    (650)440-4211
        Fax:    (650)440-4851
8       ken@coastsidelegal.com
        NO HARD COPIES – PAPERLESS OFFICE

9       Joshua Michael Masur                       Attorneys for Defendant
        Debora Sanfelippo                          Redbubble, Inc.
10      **ZUBER LAWLER LLP**
        2000 Broadway Street, Suite 154
11      Redwood City, California 94063
        Telephone: (650) 434-8538
12      Email: jmasur@zuberlawler.com
               dsanfelippo@zuberlawler.com
13

14      **DURIE TANGRI LLP**                       Attorneys for Defendant
        Daralyn J. Durie                           Redbubble, Inc.
15      Joseph C. Gratz
        Matthaeus Martino-Weinhardt
16      217 Leidesdorff Street
        San Francisco, CA  94111
17      Telephone:  415-362-6666
        Facsimile:  415-236-6300
18      ddurie@durietangri.com
        jgratz@durietangri.com
19      mweinhardt@durietangri.com

20      **DURIE TANGRI LLP**
        Allyson R. Bennett
21      Moon Hee Lee
        53 East 3rd Street
22      Los Angeles, CA 90013
        Telephone:  213-992-4499
23      Facsimile: 415-236-6300
        abennett@durietangri.com
24      mlee@durietangri.com

25

26

27

28