BROWNE GEORGE ROSS LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Matthew L. Venezia (State Bar No. 313812)
  mvenezia@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile:  (310) 275-5697

Attorneys for Plaintiff
Atari Interactive, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| ATARI INTERACTIVE, INC.,<br><br>          Plaintiff,<br><br>     vs.<br><br>REDBUBBLE, INC.,<br><br>          Defendant.<br><br>_____<br><br>AND RELATED ACTIONS | Case No. 4:18-cv-03451-JST<br>*[Related to Case No. 19-cv-00111-JST]*<br><br>**JOINT PROPOSED JURY<br>INSTRUCTIONS**<br><br>Judge:    Hon. Jon S. Tigar<br>Date:     October 25, 2021<br>Time:     8:00 a.m.<br>Crtrm.:   6 – 2nd Floor |

Plaintiff Atari Interactive, Inc. ("Plaintiff" or "Atari") and Defendant Redbubble, Inc. ("Defendant" or "Redbubble") hereby submits the following proposed jury instructions in this matter pursuant to the Court's Standing Order for Civil Jury Trials, Section F.4. Proposed deviations from the model instructions have been specified in Tracked Changes. The parties request and reserve the right to amend, modify, withdraw, and/or supplement the following instructions before or during trial of this matter. The parties may be required to submit further proposed jury instructions depending upon and based upon rulings issued in connection with motions in limine, as well as the evidence and theories proffered by the parties during the course of trial.

1

## TABLE OF CONTENTS

2 **PROPOSED JURY INSTRUCTION NO. 1.** ............................................................. **6**

3  DUTY OF JURY (COURT READS AND PROVIDES WRITTEN

4  INSTRUCTIONS AT THE BEGINNING OF TRIAL) ...................................... 6

5 **PROPOSED JURY INSTRUCTION NO. 2.** ............................................................. **8**

6  BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE ............... 8

7 **PROPOSED JURY INSTRUCTION NO. 3** ..............................................................**10**

8  WHAT IS EVIDENCE .................................................................................10

9

10 **PROPOSED INSTRUCTION NO. 4** .......................................................................**12**

11  WHAT IS NOT EVIDENCE ........................................................................12

12 **PROPOSED INSTRUCTION NO. 5** .......................................................................**14**

13  EVIDENCE FOR LIMITED PURPOSE.........................................................14

14 **PROPOSED INSTRUCTION NO. 6** .......................................................................**16**

15  DIRECT AND CIRCUMSTANTIAL EVIDENCE .........................................16

16

17 **PROPOSED INSTRUCTION NO. 7** .......................................................................**18**

18  RULING ON OBJECTIONS ........................................................................18

19 **PROPOSED INSTRUCTION NO. 8** .......................................................................**20**

20  CREDIBILITY OF WITNESSES..................................................................20

21 **PROPOSED INSTRUCTION NO. 9** .......................................................................**23**

22  CONDUCT OF THE JURY..........................................................................23

23

24 **PROPOSED INSTRUCTION NO. 10** ......................................................................**26**

25  PUBLICITY DURING TRIAL.....................................................................26

26 **PROPOSED JURY INSTRUCTION NO. 11** ...........................................................**28**

27  NO TRANSCRIPT AVAILABLE TO JURY .................................................28

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROPOSED INSTRUCTION NO. 12** ...............................................................**30**

TAKING NOTES ...............................................................30

**PROPOSED INSTRUCTION NO. 13** ...............................................................**32**

QUESTIONS TO WITNESSES BY JURORS DURING TRIAL ....................32

**PROPOSED INSTRUCTION NO. 14** ...............................................................**34**

BENCH CONFERENCES AND RECESSES.....................................34

**PROPOSED INSTRUCTION NO. 15** ...............................................................**36**

OUTLINE OF TRIAL ...............................................................36

**PROPOSED INSTRUCTION NO. 16** ...............................................................**38**

CAUTIONARY INSTRUCTIONS .....................................................38

**PROPOSED INSTRUCTION NO. 17** ...............................................................**40**

STIPULATION OF FACT ...............................................................40

**PROPOSED INSTRUCTION NO. 18** ...............................................................**42**

DEPOSITION IN LIEU OF LIVE TESTIMONY.............................................42

**INSTRUCTION NO. 19** ...............................................................**44**

IMPEACHMENT EVIDENCE—WITNESS .....................................................44

**PROPOSED INSTRUCTION NO. 20** ...............................................................**45**

USE OF INTERROGATORIES .....................................................45

**PROPOSED INSTRUCTION NO. 21** ...............................................................**47**

EXPERT OPINION ...............................................................47

**PROPOSED INSTRUCTION NO. 22** ...............................................................**49**

CHARTS AND SUMMARIES RECEIVED IN EVIDENCE ............................49

**PROPOSED INSTRUCTION NO. 23** ...............................................................**51**

EVIDENCE IN ELECTRONIC FORMAT.......................................................51

**PROPOSED JURY INSTRUCTION NO. 24** .................................................**54**

LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE ....................................................................................................54

**PROPOSED JURY INSTRUCTION NO. 25** .................................................**56**

TRADEMARK LIABILITY—THEORIES AND POLICIES (15 U.S.C. §§ 1114(1), 1125(a)) .....................................................................................56

**PROPOSED INSTRUCTION NO. 26** .........................................................**58**

INFRINGEMENT—ELEMENTS—PRESUMED VALIDITY AND OWNERSHIP —REGISTERED TRADEMARK (15 U.S.C. §§ 1057, 1065 and 1115) .................................................................................................58

**PROPOSED INSTRUCTION NO. 27** .........................................................**61**

TRADEMARK DAMAGES—ACTUAL OR STATUTORY NOTICE (15 U.S.C. § 1111) ........................................................................................61

**PROPOSED INSTRUCTION NO. 28** .........................................................**63**

VICARIOUS LIABILITY FOR TRADEMARK INFRINGEMENT AND COUNTEREITNG ......................................................................................63

**PROPOSED INSTRUCTION NO. 29** .........................................................**65**

COPYRIGHT—DEFINED (17 U.S.C. § 106) ...............................................65

**PROPOSED INSTRUCTION NO. 30** .........................................................**67**

COPYRIGHT—SUBJECT MATTER—IDEAS AND EXPRESSION (17 U.S.C. § 102(b)) ..................................................................................................67

**PROPOSED JURY INSTRUCTION NO. 31** .................................................**69**

17.11 COPYRIGHT INTERESTS—WORKS MADE FOR HIRE BY EMPLOYEE (17 U.S.C. § 201(b) ............................................................69

**PROPOSED INSTRUCTION NO. 32** .........................................................**71**

COPYRIGHT INFRINGEMENT—ORIGINALITY .......................................71

**PROPOSED INSTRUCTION NO. 33** .........................................................**73**

COPYING—ACCESS AND SUBSTANTIAL SIMILARITY ..........................73

**PROPOSED INSTRUCTION NO. 34 ...........................................................75**

COPYRIGHT—DAMAGES—INNOCENT INFRINGEMENT (17 U.S.C. § 504(c)(2))...............................................................................................75

**PROPOSED INSTRUCTION NO. 35 ...........................................................77**

DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE) ...........................................................77

**PROPOSED INSTRUCTION NO. 36 ...........................................................79**

DUTY TO DELIBERATE................................................................................79

**PROPOSED INSTRUCTION NO. 37 ...........................................................81**

CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY ................81

**PROPOSED INSTRUCTION NO. 38 ...........................................................84**

COMMUNICATION WITH COURT .............................................................84

**PROPOSED INSTRUCTION NO. 39 ...........................................................86**

RETURN OF VERDICT ................................................................................86

**PROPOSED INSTRUCTION NO. 40 ...........................................................88**

POST-DISCHARGE INSTRUCTION.............................................................88

## PROPOSED JURY INSTRUCTION NO. 1.

## DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT THE BEGINNING OF TRIAL)

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 1.2.

Authority/Source:        17 U.S.C. § 512(c); Dkt. No. 97, 28:3–7.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## PROPOSED JURY INSTRUCTION NO. 2.

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 1.6.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

1

## PROPOSED JURY INSTRUCTION NO. 3

2

3

## WHAT IS EVIDENCE

4

5      The evidence you are to consider in deciding what the facts are consists of:

6      1.      the sworn testimony of any witness;

7      2.      the exhibits that are admitted into evidence;

8      3.      any facts to which the lawyers have agreed; and

9      4.      any facts that I [may instruct] [have instructed] you to accept as proved.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 1.9.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

**PROPOSED INSTRUCTION NO. 4**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.     Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered. In addition some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.     Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Source: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 1.10.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROPOSED INSTRUCTION NO. 5**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and not for any other purpose.]

Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 1.11.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

**PROPOSED INSTRUCTION NO. 6**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.[1]

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

---

[1] *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 1.12 (Comment) (advising that "[i]t may be helpful to include an illustrative example in the instruction" as provided in the Comment).

Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 1.12.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

# PROPOSED INSTRUCTION NO. 7

# RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 1.13.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

**PROPOSED INSTRUCTION NO. 8**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.      the opportunity and ability of the witness to see or hear or know the things testified to;

2.      the witness's memory;

3.      the witness's manner while testifying;

4.      the witness's interest in the outcome of the case, if any;

5.      the witness's bias or prejudice, if any;

6.      whether other evidence contradicted the witness's testimony;

7.      the reasonableness of the witness's testimony in light of all the evidence; and

8.      any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

1     The weight of the evidence as to a fact does not necessarily depend on the number of

2  witnesses who testify. What is important is how believable the witnesses were, and how much

3  weight you think their testimony deserves.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth*

2  *Circuit*, 2017 Edition (last updated June 2021), Instruction No. 1.14.

3

4

5

6  _____ GIVEN

7  _____ GIVEN AS MODIFIED

8  _____ REFUSED

9  _____ WITHDRAWN

1

## **PROPOSED INSTRUCTION NO. 9**

2

3

## **CONDUCT OF THE JURY**

4

5     I will now say a few words about your conduct as jurors.

6     First, keep an open mind throughout the trial, and do not decide what the verdict should be

7 until you and your fellow jurors have completed your deliberations at the end of the case.

8     Second, because you must decide this case based only on the evidence received in the case

9 and on my instructions as to the law that applies, you must not be exposed to any other

10 information about the case or to the issues it involves during the course of your jury duty. Thus,

11 until the end of the case or unless I tell you otherwise:

12     Do not communicate with anyone in any way and do not let anyone
      else communicate with you in any way about the merits of the case or
13     anything to do with it. This includes discussing the case in person, in
      writing, by phone, tablet, or computer, or any other electronic means,
14     via email, text messaging, or any internet chat room, blog, website or
      application, including but not limited to Facebook, YouTube, Twitter,
15     Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social
      media. This applies to communicating with your fellow jurors until I
16     give you the case for deliberation, and it applies to communicating
      with everyone else including your family members, your employer,
17     the media or press, and the people involved in the trial, although you
      may notify your family and your employer that you have been seated
18     as a juror in the case, and how long you expect the trial to last. But, if
      you are asked or approached in any way about your jury service or
19     anything about this case, you must respond that you have been
      ordered not to discuss the matter and report the contact to the court.
20
      Because you will receive all the evidence and legal instruction you
21     properly may consider to return a verdict: do not read, watch or listen
      to any news or media accounts or commentary about the case or
22     anything to do with it[,although I have no information that there will
      be news reports about this case]; do not do any research, such as
23     consulting dictionaries, searching the Internet, or using other
      reference materials; and do not make any investigation or in any other
24     way try to learn about the case on your own. Do not visit or view any
      place discussed in this case, and do not use the Internet or any other
25     resource to search for or view any place discussed during the trial.
      Also, do not do any research about this case, the law, or the people
26     involved—including the parties, the witnesses or the lawyers—until
      you have been excused as jurors. If you happen to read or hear
27     anything touching on this case in the media, turn away and report it
      to me as soon as possible.
28

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 1.15.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## PROPOSED INSTRUCTION NO. 10

## PUBLICITY DURING TRIAL

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account of commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 1.16.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

1

## **PROPOSED JURY INSTRUCTION NO. 11**

2

3

## **NO TRANSCRIPT AVAILABLE TO JURY**

4

5        I urge you to pay close attention to the trial testimony as it is given. During deliberations

6    you will not have a transcript of the trial testimony.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 1.17.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

1

**PROPOSED INSTRUCTION NO. 12**

2

3

**TAKING NOTES**

4

5          If you wish, you may take notes to help you remember the evidence. If you do take notes,

6    please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking

7    distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope

8    in the jury room]. No one will read your notes.

9          Whether or not you take notes, you should rely on your own memory of the evidence.

10   Notes are only to assist your memory. You should not be overly influenced by your notes or those

11   of other jurors.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 1.18.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

**PROPOSED INSTRUCTION NO. 13**

**QUESTIONS TO WITNESSES BY JURORS DURING TRIAL**

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. [*Specific reasons for not allowing jurors to ask questions may be explained.*] If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 1.19 (Option 1).

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

# PROPOSED INSTRUCTION NO. 14

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum.  I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Source: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 1.20.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## PROPOSED INSTRUCTION NO. 15

## OUTLINE OF TRIAL

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff, Atari, will then present evidence, and counsel for the defendant may cross-examine. Then the defendant, Redbubble, may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

JOINT PROPOSED JURY INSTRUCTIONS

Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 1.21 (modified to facts of case).

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

-37-

JOINT PROPOSED JURY INSTRUCTIONS

**PROPOSED INSTRUCTION NO. 16**

**CAUTIONARY INSTRUCTIONS**

**At the End of Each Day of the Case**:

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case**:

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

If you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.

Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 2.0 (Alternative 1).

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

1

**PROPOSED INSTRUCTION NO. 17**

2

3

**STIPULATION OF FACT**

4

5       The parties have agreed to certain facts [to be placed in evidence as Exhibit ___] [that will

6   be read to you]. You must therefore treat these facts as having been proved.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 2.2.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

# PROPOSED INSTRUCTION NO. 18

## DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of [*name of witness*] was taken on [*date*]. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 2.4 (modified because all depositions are on video).


_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

1

## INSTRUCTION NO. 19

2

3

## IMPEACHMENT EVIDENCE—WITNESS

4

5      The evidence that a witness <u>lied under oath on a prior occasion</u>[2] may be considered, along

6   with all other evidence, in deciding whether or not to believe the witness and how much weight to

7   give to the testimony of the witness and for no other purpose.

8      Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth*

9   *Circuit*, 2017 Edition (last updated June 2021), Instruction No. 2.9.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[2] The Ninth Circuit Model Instruction No. 2.9 has a bracketed component for filling in examples of potentially impeaching evidence.  The redlined text provides the relevant example, which is one provided by the bracketed text in Instruction No. 2.9: "lied under oath on a prior occasion."  *See* Fed. R. Evid. 608.

**PROPOSED INSTRUCTION NO. 20**

**USE OF INTERROGATORIES**

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 2.11.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

**PROPOSED INSTRUCTION NO. 21**

**EXPERT OPINION**

You [have heard] [are about to hear] testimony from [name] who [testified] [will testify] to opinions and the reasons for [his] [her] opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 2.13 (modified to fit facts of case).

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

**PROPOSED INSTRUCTION NO. 22**


**CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**


Certain charts and summaries [may be] [have been] admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 2.15.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

**PROPOSED INSTRUCTION NO. 23**

**EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].) If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data [disk] from the

jury room, and do not copy any such data.

Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 2.16.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

-53-
JOINT PROPOSED JURY INSTRUCTIONS

## PROPOSED JURY INSTRUCTION NO. 24

## LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

Authority/Source:        Ninth Cir. Manual of Model Jury Instructions 4.2.


_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

**PROPOSED JURY INSTRUCTION NO. 25**

**TRADEMARK LIABILITY—THEORIES AND POLICIES (15 U.S.C. §§ 1114(1), 1125(a))**

The trademark laws balance three often-conflicting goals: (1) protecting the public from being misled about the nature and source of goods and services, so that the consumer is not confused or misled in the market; (2) protecting the rights of a business to identify itself to the public and its reputation in offering goods and services to the public; and (3) protecting the public interest in fair competition in the market.

The balance of these policy objectives var~yies~ from case to case, because they may often conflict. Accordingly, each case must be decided by examining its specific facts and circumstances, of which you are to judge.

In these instructions, I will identify types of facts you are to consider in deciding if the defendant is liable to the plaintiff for violating the trademark law. These facts are relevant to whether the defendant is liable for:

> ~[~1. infringing plaintiff's registered trademark rights, by using a trademark in a manner likely to cause confusion among consumers~][;]~ and
>
> 2. counterfeiting plaintiff's registered trademarks
>
> ~[2. unfairly competing, by using a trademark in a manner likely to cause confusion as to the origin or quality of plaintiff's goods] [;] and~
>
> ~[3. unfairly competing, by using trade dress in a manner likely to cause confusion as to the origin or quality of plaintiff's goods] [;].~
>
> ~[4. infringing plaintiff's trade name, by using similar corporate, business or professional names in a manner likely to cause confusion about the source of products in the minds of consumers] [;] [and]~
>
> ~[5. false advertising, by making a false statement that was material and that tended to deceive consumers, injuring the plaintiff in the market].~

Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 15.5 (modified to conform to facts of case).

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

**PROPOSED INSTRUCTION NO. 26**

**INFRINGEMENT—ELEMENTS—PRESUMED VALIDITY AND OWNERSHIP — REGISTERED TRADEMARK (15 U.S.C. §§ 1057, 1065 and 1115)**

I gave you instruction number [insert number of instruction regarding Trademark Elements and Burden of Proof, e.g., 15.6] that requires the plaintiff to prove by a preponderance of the evidence [that the trademark is valid and protectable] [and] [that the plaintiff owns the trademark]. [A valid trademark is a word, name, symbol, device, or any combination of these, that indicates the source of goods and distinguishes those goods from the goods of others. A trademark becomes protectable after it is used in commerce.]

One way for the plaintiff to prove trademark validity is to show that the trademark is registered. An owner of a trademark may obtain a certificate of registration issued by the United States Patent and Trademark Office and may submit that certificate as evidence [of the validity and protectability of the trademark] [and] [of the certificate holder's ownership of the trademark] covered by that certificate.

Exhibits __ is a are certificates of registration from the United States Patent and Trademark Office. [It was They were submitted by the plaintiff as proof of the validity of the trademark [and] [that the plaintiff owns the trademark in the marks covered by those registrations].]

The facts recited in this certificate are: (1) USPTO Reg. No. 4,214,210: the ATARI "Fuji" logo mark was registered on September 25, 2014 and "consists of the word 'Atari' with a Fuji design above the word within a box."  (2) USPTO Reg. No. 4,324,638: the word PONG was registered on April 23, 2013 and "consists of standard characters without claim to any particular font, style, size, or color." [summarize certificate entries as to validity and ownership of trademark, as well as limitations on the registration]. However, the defendant submitted evidence to dispute these recitals. The defendant alleges that the certificate cannot be considered proof of [[validity]

[and] [ownership]]of the trademark because [insert § 1115(b) defense[s] raised by defendant, e.g., the trademark had been abandoned, the defendant's fair use of the trademark, etc.].

[Unless the defendant proves by a preponderance of the evidence that [insert § 1115(b) defense[s] raised by defendant, e.g., that the trademark was abandoned], yYou must consider these two trademarks to be conclusively proved as [[valid][ and ][owned by the plaintiff]]. However, if the defendant shows that [insert § 1115(b) defense[s] raised, e.g., the trademark was abandoned] by a preponderance of the evidence, then the facts stated in the certificate [summarize certificate entries disputed by defendant's proof] are no longer conclusively presumed to be correct. [You should then consider whether all of the evidence admitted in this case, in addition to this certificate of registration, shows by a preponderance of the evidence that the trademark is [[valid] [and] [owned by the plaintiff]], as I explain in Instruction [insert number of instruction regarding Trademark Elements and Burden of Proof, e.g., 15.6].

Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 15.8 (modified to fit facts of case).

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## PROPOSED INSTRUCTION NO. 27

## TRADEMARK DAMAGES—ACTUAL OR STATUTORY NOTICE (15 U.S.C. § 1111)

In order for plaintiff to recover damages, the plaintiff has the burden of proving by a preponderance of the evidence that defendant had [either statutory or] actual notice that the plaintiff's the trademark was registered.

[Defendant had statutory notice if:]

[1. plaintiff displayed the trademark with the words "Registered in U.S. Patent and Trademark Office"] [or]

[2. plaintiff displayed the trademark with the words "Reg. U.S. Pat. & Tm. Off."] [or]

[3. plaintiff displayed the trademark with the letter R enclosed within a circle, thus ®.]

Source:  Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, 2017 Edition (last updated June 2021), Instruction No. 15.26.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

**PROPOSED INSTRUCTION NO. 28**

**VICARIOUS LIABILITY FOR TRADEMARK INFRINGEMENT AND COUNTEREITNG**

A person is vicariously liable for trademark infringement or counterfeiting committed by another person if:

1. the defendant and the infringer have an apparent or actual partnership;

2. the defendant and the infringer have authority to bind one another in transactions with third parties; or

3. the defendant and the infringer exercise joint ownership or control over the infringing product.

A partnership is an association of two or more persons to carry on a business as co-owners. The members of a partnership are called partners.

The fact that a person uses the word "partner" to refer to another person is not enough to establish that they have an apparent or actual partnership under the law.

If you find that the plaintiff proves one of these three types of relationships between Redbubble and the fulfillers, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these relationships between Redbubble and the fulfillers, your verdict should be for the defendant on the issue of vicarious liability.

Source: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 4.15 (only as to partnership language); *Atari Interactive, Inc. v. Redbubble, Inc.*, 515 F. Supp. 3d 1089, 1107 (N.D. Cal. 2021) (SJ Order); *Y.Y.G.M. SA v. Redbubble, Inc.*, No. 2:19-cv-04618-RGK-JPR, 2020 WL 3984528, at *8 (C.D. Cal. July 10, 2020); *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 591 F. Supp. 2d 1098, 1113 (N.D. Cal. 2008) ("off-hand references to customers as 'partners' is insufficient to exhibit the type of behavior and relationship that can be considered an actual or apparent partnership"); *see also Gucci Am., Inc. v. Frontline Processing Corp.*, 721 F. Supp. 2d 228, 247 (S.D.N.Y. 2010) ("[V]ague, puffery-like references to a 'partnership' between … companies and website merchants are not enough to support vicarious liability").

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

**PROPOSED INSTRUCTION NO. 29**

**COPYRIGHT—DEFINED (17 U.S.C. § 106)**

Copyright is the exclusive right to copy. This right to copy includes the exclusive right~~[s]~~ to~~[, or authorize others to]~~:

[1.] ~~[~~reproduce the copyrighted work in ~~[copies] [phonorecords];]~~ and

[2.] ~~[[recast, transform, or adapt the work, that is] prepare derivative works based upon the copyrighted work;]~~

~~[3.]~~ [distribute ~~[copies] [phonorecords]~~ of the copyrighted work to the public by [sale or other transfer of ownership~~] [or by] [rental or lease or lending];]~~

~~[4.] [perform publicly a copyrighted [literary work] [musical work] [dramatic work] [choreographic work] [pantomime work] [motion picture] [or] [specify other audiovisual work];]~~

~~[5.] [display publicly a copyrighted [literary work] [musical work] [dramatic work] [choreographic work] [pantomime work] [pictorial work] [graphic work] [sculptural work] [individual image of a motion picture] [or] [specify other audiovisual work]; and]~~

~~[6.] [perform a sound recording by means of digital audio transmission]. It is the owner of a copyright who may exercise [this] [these] exclusive right[s].~~

The term "owner" includes [the author of the work] [an assignee] ~~[an exclusive licensee]~~. In general, copyright law protects against ~~[reproduction]~~ and ~~[adaptation]~~ [public distribution~~]~~ ~~[public performance] [public display]~~ of identical or substantially similar copies of the owner's copyrighted work without the owner's permission. An owner may enforce the~~[se]~~ right~~[s]~~ to exclude others in an action for copyright infringement.

Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 17.2 (modified to fit facts of case).

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

1

2

3

**PROPOSED INSTRUCTION NO. 30**

**COPYRIGHT—SUBJECT MATTER—IDEAS AND EXPRESSION (17 U.S.C. § 102(b))**

4

5

6

7

8

9

10

11

 Copyright law allows the author of an original work to stop others from copying the original expression in the author's work. Only the particular expression of an idea can be copyrighted and protected. Copyright law does not give the author the right to prevent others from copying or using the underlying ideas contained in the work, such as any procedures, processes, systems, methods of operation, concepts, principles, or discoveries. [In order to protect any ideas in the work from being copied, the author must secure some other form of legal protection because ideas cannot be copyrighted.]

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 17.4.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

**PROPOSED JURY INSTRUCTION NO. 31**

**17.11 COPYRIGHT INTERESTS—WORKS MADE FOR HIRE BY EMPLOYEE (17 U.S.C. § 201(b)**

A copyright owner is entitled to exclude others from copying a work made for hire.

A work made for hire is one that is prepared by an employee and is within the scope of employment.

A work is made for hire within the scope of employment if:

1. it is the kind of work the employee is employed to create;

2. it occurs substantially within the authorized time and space limits; and

3. it is made, at least in part, for the purpose of serving the employer.

The employer is considered to be the author of the work and owns the copyright [unless the employer and employee have agreed otherwise in writing].

A copyright owner of a work made for hire may enforce the right to exclude others in an action for copyright infringement.

Authority/Source:      Ninth Cir. Manual of Model Jury Instructions 17.11

Requesting Party:      Plaintiff




_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

**PROPOSED INSTRUCTION NO. 32**


**COPYRIGHT INFRINGEMENT—ORIGINALITY**


An original work may include or incorporate elements taken from [prior works] [works from the public domain] [works owned by others, with the owner's permission]. The original part[s] of the plaintiff's work [is] [are] the part[s] created:

1. independently by the [work's] author[s], that is, the author did not copy it from another work; and

2. by use of at least some minimal creativity.

[In copyright law, the "original" part of a work need not be new or novel.]

Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 17.14.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

**PROPOSED INSTRUCTION NO. 33**


**COPYING—ACCESS AND SUBSTANTIAL SIMILARITY**


Instruction [*insert cross reference to the pertinent instruction, e.g., Instruction 17.5*] states that the plaintiff has the burden of proving that the defendant copied or distributed original elements from the plaintiff's copyrighted work. The plaintiff may show the defendant copied from the work by proving by a preponderance of the evidence that the defendant had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendant's work and original elements of the plaintiff's work.

Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 17.17 (modified).

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

**PROPOSED INSTRUCTION NO. 34**

**COPYRIGHT—DAMAGES—INNOCENT INFRINGEMENT (17 U.S.C. § 504(c)(2))**

An infringement is considered innocent when the defendant has proved both of the following elements by a preponderance of the evidence:

1. the defendant was not aware that [his] [her] [its] acts constituted infringement of the copyright; and

2. the defendant had no reason to believe that [his] [her] [its] acts constituted an infringement of the copyright.

Source:  Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, 2017 Edition (last updated June 2021), Instruction No. 17.36.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

**PROPOSED INSTRUCTION NO. 35**

**DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)**

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law that applies to this case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

*or*

[A copy of these instructions will be sent to the jury room for you to consult during your deliberations.]

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 1.4.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

1

## **PROPOSED INSTRUCTION NO. 36**

2

3

## **DUTY TO DELIBERATE**

4

5    Before you begin your deliberations, elect one member of the jury as your presiding juror.

6 The presiding juror will preside over the deliberations and serve as the spokesperson for the jury

7 in court.

8    You shall diligently strive to reach agreement with all of the other jurors if you can do so.

9 Your verdict must be unanimous.

10    Each of you must decide the case for yourself, but you should do so only after you have

11 considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

12    It is important that you attempt to reach a unanimous verdict but, of course, only if each of

13 you can do so after having made your own conscientious decision. Do not be unwilling to change

14 your opinion if the discussion persuades you that you should. But do not come to a decision

15 simply because other jurors think it is right, or change an honest belief about the weight and effect

16 of the evidence simply to reach a verdict.

17

18

19

20

21

22

23

24

25

26

27

28

Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 3.1.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

**PROPOSED INSTRUCTION NO. 37**

**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been

tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

Source: *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 3.2.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

**PROPOSED INSTRUCTION NO. 38**

**COMMUNICATION WITH COURT**

     If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 3.3.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

# PROPOSED INSTRUCTION NO. 39

# RETURN OF VERDICT

A verdict form has been prepared for you. [*Explain verdict form as needed.*] After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 3.5.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

## PROPOSED INSTRUCTION NO. 40

## POST-DISCHARGE INSTRUCTION

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

[If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.]

[Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.]

[Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me and I will assist.]

Source:  *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit*, 2017 Edition (last updated June 2021), Instruction No. 3.9.

_____ GIVEN

_____ GIVEN AS MODIFIED

_____ REFUSED

_____ WITHDRAWN

DATED:  September 24, 2021

BROWNE GEORGE ROSS O'BRIEN ANNAGUEY & ELLIS, LLP
    Keith J. Wesley
    Matthew L. Venezia

By:       */s/ Matthew L. Venezia*
        Matthew L. Venezia

Attorneys for Plaintiff
Atari Interactive, Inc.

DATED:  September 24, 2021

DURIE TANGRI LLP
    Daralyn J. Durie
    Joseph C. Gratz
    Matthaeus Martino-Weinhardt

By:       */s/ Joseph C. Gratz*
        Joseph C. Gratz

Attorneys for Defendant
Redbubble, Inc.

**ATTESTATION PURSUANT TO LOCAL RULE 5-1(i)(3)**

I, Matthew L. Venezia, am the ECF User whose identification and password are being used to file this . In compliance with Local Rule 5-1(i)(3), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


Dated: September 24, 2021

*/s/ Matthew L. Venezia*
Matthew L. Venezia

1

<u>**PROOF OF SERVICE**</u>

2

**Atari Interactive, Inc. v. Redbubble Inc.**
**U.S.D.C. N.D. CA, Oakland Division Case No. 4:18-CV-03451-JST**

3

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4

5

      At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 2121 Avenue of the Stars, Suite 2800, Los Angeles, CA 90067.

6

7

      On September 24, 2021, I served true copies of the following document(s) described as **JOINT PROPOSED JURY INSTRUCTIONS** on the interested parties in this action as follows:

8

**SEE ATTACHED SERVICE LIST**

9

10

      **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

11

12

13

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

14

      Executed on September 24, 2021, at Los Angeles, California.

15

16

17

_____
Angelina Caviles

18

19

20

21

22

23

24

25

26

27

28

1

## SERVICE LIST

*Atari Interactive, Inc. v. Redbubble Inc.*
U.S.D.C. N.D. CA, Oakland Division Case No. 4:18-CV-03451-JST
[Related to Case Nos. 3:18-cv-03843-JST; 3:18-cv-04115; 4:18-cv-04949-JST;
and 19-cv-00264-JST]

Kenneth B. Wilson                                       Attorneys for Defendant
**COASTSIDE LEGAL**                                     Redbubble, Inc.
455 1st Avenue
Half Moon Bay, CA 94019
Tel:    (650)440-4211
Fax:    (650)440-4851
ken@coastsidelegal.com
NO HARD COPIES – PAPERLESS
OFFICE

Jonathan M. Masur                                       Attorneys for Defendant
Debora Sanfelippo                                       Redbubble, Inc.
**ZUBER LAWLER LLP**
2000 Broadway Street, Suite 154
Redwood City, California 94063
Telephone: (650) 434-8538
Email: jmasur@zuberlawler.com
          dsanfelippo@zuberlawler.com

**DURIE TANGRI LLP**                                    Attorneys for Defendant
Daralyn J. Durie                                        Redbubble, Inc.
Joseph C. Gratz
Matthaeus Martino-Weinhardt
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:   415-362-6666
Facsimile:  415-236-6300
ddurie@durietangri.com
jgratz@durietangri.com
mweinhardt@durietangri.com

**DURIE TANGRI LLP**
Allyson R. Bennett
Moon Hee Lee
53 East 3rd Street
Los Angeles, CA 90013
Telephone:   213-992-4499
Facsimile:  415-236-6300
abennett@durietangri.com
mlee@durietangri.com

1899325