UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATARI INTERACTIVE, INC., <br><br> Plaintiff, <br><br> v. <br><br> REDBUBBLE, INC., <br><br> Defendant. | Case No. 18-cv-03451-JST <br><br> **ORDER RE: MOTIONS IN LIMINE** <br><br> Re: ECF Nos. 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154 |

The Court now rules as follows on the parties' motions in limine:

Atari Motion in Limine No. 1

By this motion, Atari seeks an order "exclud[ing] the Court's rulings granting Redbubble summary judgment on the issue of willfulness." ECF No. 141 at 2. Because Redbubble "does not currently oppose" the motion, ECF No. 187 at 3, the motion is granted without objection.

Atari Motion in Limine No. 2

By this motion, Atari seeks an order precluding Redbubble expert witness Michael Masnick from testifying. ECF No. 144. Because Redbubble has agreed that it will not call this witness, the motion is granted without objection.

Atari Motion in Limine No. 3

By this motion, Atari seeks an order excluding three witnesses Redbubble disclosed for the first time on September 16, 2021. ECF No. 149. The witnesses are Redbubble users B.J. West, John Sulaitis, and Paul Kostrzewa. *Id.* at 3.

Redbubble did not identify these witnesses in its Rule 26 disclosures. Instead, Redbubble identified as potential witnesses "[s]ellers of the allegedly infringing products, who are likely to have knowledge regarding the process by which the accused products were designed, listed and

sold." ECF No. 189 at 5. "During discovery, Redbubble produced a spreadsheet showing designs uploaded to Redbubble that Redbubble believed Atari may contend are infringing (the 'Seller Identification Spreadsheet'), as well as the artist who uploaded those designs and their email and residential addresses." *Id.* (emphasis omitted). Two of the three witnesses, Kostrzewa and Sulaitis, were among the artists listed in the spreadsheet. *Id.* West sent a DMCA counter-notice, which included his name and address, which was also produced by Redbubble in discovery. *Id.*

Federal Rule of Civil Procedure 26(a) requires parties to disclose the witnesses "that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26(e) requires parties to supplement their disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

In addition to, or instead of, that sanction, the court may also impose any of the other appropriate sanctions provided for in Rule 37. Fed. R. Civ. P. 37(c)(1)(C). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012).

Redbubble argues that the identity of the three witnesses at issue was "otherwise . . . made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). As to Kostrzewa and Sulaitis, the Court agrees with Redbubble. Redbubble's spreadsheet was intended to supplement, and effectively became part of, its Rule 26 disclosure. Atari complains that the spreadsheet was 332 pages long and contained the names of hundreds of potential sellers. ECF No. 149 at 4. But that does not mean that the information was undisclosed or hidden. The directness of disclosure also distinguishes this case from those in which the passing mention of a witness in a deposition, untethered to a Rule 26 disclosure, is deemed

2

1  insufficient to put an opposing party on notice. *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*,
2  No. 15-cv-595-BAS(MDD), 2017 WL 3335736, at *5 (S.D. Cal. Aug. 4, 2017) ("[T]he mere fact
3  that a person is described during a deposition or in other discovery in a way that suggests that the
4  person may possess relevant information does not take the place of a disclosure that the disclosing
5  party may use that person to support its claims or defenses.").

6  As to West, the Court agrees with Atari. Atari was not required to glean the names of
7  potential witnesses from the undifferentiated mass of Redbubble's discovery materials. Indeed,
8  even if Atari had noticed West's status as a seller, the fact that Redbubble omitted his name from
9  its seller spreadsheet would have been a signal to Atari that West did not possess relevant
10 information.

11 Atari's motion is granted in part and denied in part as set forth above.

12 <u>Redbubble Motion in Limine No. 1</u>:

13 By this motion, Redbubble seeks an order precluding Atari from presenting the testimony
14 of expert witness Christopher Lucero. ECF No. 142.

15 Redbubble contends that "Atari's expert Christopher Lucero purports to opine on whether
16 'the defendant's promotion and/or sale of counterfeit or infringing products caused harm to
17 Plaintiff, and, if so, in what forms.'" *Id.* at 5. "However, the Court held at summary judgment
18 that Atari may seek only statutory damages, and that '[i]f it seeks more than the minimum
19 amounts, it may rely only on the documents produced by Redbubble showing Redbubble's
20 revenues.'" *Id.* (citing ECF No. 127 at 7). Atari responds that certain of Lucero's opinions
21 address the strength of Atari's marks, a topic which was not addressed by the Court's summary
22 judgment order, and that his damages opinions are admissible notwithstanding that order because
23 they relate to "the additional factors relevant to determining a statutory damages award, other than
24 actual damages, for example, the value of the trademark or copyright, the deterrent effect on others
25 besides the defendant, whether the defendant's conduct was innocent or willful, and the potential
26 for discouraging the defendant." ECF No. 176 at 3 (quotation marks, alterations, and citation
27 omitted).

28 Lucero's opinions regarding the commercial strength of the mark are relevant and

admissible. ECF No. 155-3 ¶ 21 ("The Atari brand is one of the most iconic brands in video game history and has been and remains well-known throughout the public at large."); *id.* ¶ 22 ("In light of the unique place of Atari and its games in video game history and the nostalgia surrounding the brand, Atari and its intellectual property remain extremely valuable across many licensed categories."). *See* 2 McCarthy on Trademarks and Unfair Competition § 11:81 (5th ed. 2021).

Two of Lucero's opinions relate to the financial harm to Atari from Redbubble's alleged infringement and are precluded by the Court's summary judgment order. ECF No. 155-3 ¶ 23 ("The presence of counterfeits and infringing products has a negative impact on the value and potential commercial opportunities of an authentic brand."); *id.* ¶ 24 ("The defendant's promotion and/or sale of counterfeit or infringing products caused substantial harm to Atari and its brand."). These opinions relate directly to the financial damage to Atari from the alleged infringement and not to any of the "additional factors" for determining statutory damages listed by Atari.

Lucero's fifth opinion is irrelevant to any claim at issue in this case and is excluded on that basis. *Id.* ¶ 25 ("The harm caused by Print-on-demand sites like the defendant's does extend beyond Atari to other brands.").

This motion is granted in part and denied in part.

Redbubble Motion in Limine No. 2

Redbubble asks the Court to exclude the testimony of Atari expert witness Jamie Goldberg Gerson. ECF No. 143. Because Atari has agreed that it will not call this witness, the motion is granted without objection.

Redbubble Motion in Limine No. 3

By this motion, Redbubble seeks an order precluding Atari "from presenting evidence or argument regarding other lawsuits—domestic and foreign—against Redbubble." ECF No. 145 at 6. Redbubble wishes to present the following as evidence:

> (1) two decisions by the courts in Australia in cases that Hell's Angel Motorcycle Corp. (Aust.) Pty Ltd. and Pokémon Co., International, Inc. separately brought against Redbubble; (2) a recording of the Sixth Circuit appellate argument in a case The Ohio State University brought against Redbubble; and (3) a declaration and evidence filed in a case Kamille Faye Vinluan-Jularbal brought against Redbubble.

4

1   *Id.* at 6 (parentheticals and footnotes omitted).

2         Even crediting Atari's argument that evidence from other lawsuits is potentially relevant to Redbubble's intent, the Court will exclude it. First, these items of evidence all suffer from various defects that undermine their probative value. As the Court pointed out in a prior order, the Australian decisions applied Australian law, and "Atari has made no effort to elaborate the differences or harmonize the Australian judgments with American law." ECF No. 97 at 7. It is therefore not clear what bearing, if any, those decisions have on this case. With regard to the Sixth Circuit evidence, an appellate argument is just that; attorney argument is not evidence. *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002). And a declaration in another case is hearsay. Thus, it is not clear whether any of this evidence is admissible, but, if it is admissible, its relevance is minor at best. Weighed against this is the significant danger of undue prejudice. The jury is likely to conclude that this evidence shows prior infringement by Redbubble and that if Redbubble has infringed before, it did so again in this case. Accordingly, the evidence is properly excluded under Federal Rule of Evidence 403.

      Atari points to out-of-circuit decisions finding that district courts did not abuse their discretion in allowing evidence of allegations that a defendant made counterfeit sales of a third party's products because such allegations "should have alerted the defendants to watch out for infringement of [plaintiff's] brands, so this evidence was relevant to the jury's determination of liability." *Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC*, 932 F.3d 1303, 1320 (11th Cir. 2019); *Omega SA v. 375 Canal, LLC*, 984 F.3d 244, 257 (2d Cir. 2021) (citing *Luxottica* with approval and affirming district court's admission of evidence of defendant's "widespread trademark violations" of trademarks owned by entities other than plaintiff because "[i]f a storefront is willfully blind to widespread trademark infringement under its roof, it is more probable—and therefore the evidence is relevant per Rule 401—that the storefront intentionally shielded itself from discovering the offending listings or the identity of the sellers behind them" (quotation marks and citation omitted)). While the reasoning of these decisions might be persuasive in some contexts, the Court is not persuaded here. Rather, in light of the minimal relevance of the evidence offered by Atari, "[t]he Court agrees that evidence concerning other lawsuits involving

Defendant[] is prejudicial and would cause delay and waste time pursuant to FRE 403." *Unicolors, Inc. v. Urb. Outfitters, Inc.*, No. 14-cv-01029 SJO (VBKx), 2015 WL 12758841, at *8 (C.D. Cal. Feb. 23, 2015) (excluding "evidence that Defendant Urban Outfitters has previously been found liable for copyright infringement and has previously been sued for copyright infringement on multiple occasions"), *aff'd*, 686 F. App'x 422, 424-25 (9th Cir. 2017).

The motion is granted.

<u>Redbubble Motion in Limine No. 4</u>

By this motion, Redbubble seeks an order precluding Atari "from presenting evidence or argument regarding infringement theories with respect to copyrighted works not listed in its Complaint or its timely served interrogatory responses . . . . including but not limited to *Adventure*, *Missile Command*, and *Yar's Revenge*." ECF No. 146 at 5.  Redbubble argues that:

> Fact discovery closed on December 13, 2019.  On December 16 – three days after the close of fact discovery and after Redbubble had already deposed Atari's head of licensing – Atari produced "amended" interrogatory responses.  Atari's amended responses, for the first time, alleged that Redbubble infringed Atari's trademarks in the "*Adventure* and *Yar*'s *Revenge*" games.  Atari also amended its interrogatory response with respect to copyrights, adding: (1) the "Atari name and logo and 'fuji' logo graphic"; (2) the "names and graphics" for not only the *Centipede, Asteroids, Pong*, and *Breakout* [games], but also for *Adventure* and *Yar's Revenge*; and (3) the "overall look and feel of the Atari 2600 game console and joystick."

*Id.* at 6-7 (citations omitted).

The Court finds that Atari's failure to amend its interrogatory responses prior to the discovery cut-off was not substantially justified.  The Court also concludes that there was some prejudice to Redbubble from Atari's failure to timely amend its responses.  At a minimum, Redbubble had already concluded its deposition of Atari's head of licensing and was therefore unable to ask questions about material provided after that deposition.  Nonetheless, the Court will deny the motion because Redbubble waited more than 21 months, until the eve of trial, to bring its concern to the Court's attention.

As Atari notes in its opposition, other courts have denied motions for relief under similar circumstances.  *See, e.g.*, *Schumann v. Collier Anesthesia, P.A.*, No. 2:12-cv-347-FtM-29CM, 2017 WL 1323723, at *5 (M.D. Fla. Apr. 6, 2017) (rejecting as untimely a motion for discovery

6

sanctions made on the eve of trial, 16 months after the underlying conduct). And while Atari cites only out-of-circuit cases, courts within the Ninth Circuit have reached the same result. For example: "A party must move to compel discovery before the discovery cut-off and must not wait to file a discovery motion until the eve of trial." *Madrigal v. Allstate Indem. Co.*, No. CV 14-4242 SS, 2015 WL 12746232, at *9 (C.D. Cal. Oct. 29, 2015), *clarified on denial of reconsideration*, 2015 WL 12748277 (C.D. Cal. Nov. 5, 2015). As the court said in *Double Zero Inc. v. Harvest Textile Corp.*:

> [A] motion *in limine* is not a substitute for a party's obligation to bring a motion to compel if it believes a party's discovery responses were insufficient. To the extent JB had a colorable argument that Double Zero wrongfully withheld discovery, JB had an obligation to make that argument in a timely discovery motion under Rule 37, this Court's local rules, and the scheduling order. JB failed to do so, and its attempt to make an end-run around those rules by a motion *in limine* is unavailing.

No. CV 14-00470-AB (RZx), 2015 WL 12781048, at *3 (C.D. Cal. June 25, 2015) (footnote omitted). While not justified, Atari's disclosure occurred only three days past the discovery cut-off and almost two years ago. Had Redbubble moved even somewhat promptly to protect its rights, the Court could have issued a remedy short of exclusion – such as ordering the reopening of the deposition of Atari's head of licensing and ordering Atari to pay the costs. By sitting on its hands, Redbubble forced the Court and parties into an all-or-nothing situation that was otherwise avoidable. On these facts, exclusion is too harsh a remedy.

The motion is denied.[1]

Redbubble Motion in Limine No. 5

By this motion, Redbubble seeks an order precluding Atari "from presenting evidence or argument regarding designs listed on Redbubble's website that Atari claims infringe intellectual property rights owned by parties other than Atari." ECF No. 147 at 5. As far as the Court can tell from the briefs, the evidence at issue consists of images of products for sale on the Redbubble website bearing the trademarks of third-party firms such as Calvin Klein, Pepsi, Disney, and

---

[1] In light of this ruling, the Court need not reach the parties' remaining arguments.

7

Maserati.  *See id.*

Redbubble argues that this evidence is irrelevant to the question of Redbubble's liability to Atari.  Redbubble further argues that, even if this evidence has some minimal relevance, it is outweighed by undue prejudice and consumption of time:

> Allowing Atari to introduce this evidence would also waste the Court and the parties' time, as there would have to be a screen-shot-by-screen-shot mini-trial regarding whether a listing was likely infringing, whether a listing is fair use, whether Redbubble knew about the listing, and what actions Redbubble did or did not take after it acquired knowledge (if it ever acquired knowledge).

*Id.* at 6.  Atari does not dispute that it seeks to admit this evidence to show Redbubble's infringement of other firms' marks – that Redbubble is, as Atari puts it, "a haven for counterfeiting," ECF No. 180 at 4 – but argues that such evidence is relevant to the question of Redbubble's intent, *id.* at at 2.

The Court agrees with Redbubble.  Even if the evidence of other marks on Redbubble's site might be relevant – a question the Court need not definitively answer here – any such relevance would be outweighed by the undue consumption of time.  Atari does not dispute Redbubble's description of the mini-trial that would need to take place with regard to each of the third-party marks at issue.  Moreover, if jurors saw the third-party images on the screen, they would be likely to place the burden on Redbubble to prove that it did not infringe as to those images – a burden that should not be Redbubble's to bear.  If Atari had evidence establishing conclusively that Redbubble had actually infringed the other marks allegedly found on its site, that would be one thing.  But that is not the evidence Atari proposes to admit.

For all these reasons, the Court finds that admission of the challenged evidence risks wasting time, confusing the issues, and unfair prejudice to Redbubble, and that such risks substantially outweigh any relevance the evidence might have.  Fed. R. Evid. 403.  The motion is therefore granted.

Redbubble Motion in Limine No. 6

By this motion, Redbubble seeks to preclude Atari "from introducing as evidence Redbubble's statements regarding its status as a seller for sales tax purposes or agency for

8

accounting purposes." ECF No. 148 at 4. Atari wishes to introduce this evidence on the question of whether Redbubble is a "seller" of the goods on its website as opposed to a passive intermediary. ECF No. 181 at 2.

The Court previously excluded this evidence at the summary judgment stage, finding that "[w]hile liability for infringement might depend in certain circumstances on whether Redbubble is a 'seller,' neither party has established that the definition of a seller for purposes of the sales tax corresponds to the definition relevant here." *Atari v. Redbubble*, 515 F. Supp. 3d at 1100. Atari now attempts to distinguish this ruling, arguing that the jury should now have the opportunity to determine whether the two definitions of seller – under the copyright laws and the tax laws – are the same.

This argument is not persuasive. For one thing, the question as framed by Atari is one of law and not of fact. Juries do not decide such questions. "The judge decides questions of law; the jury, questions of fact." *CollegeSource, Inc. v. AcademyOne, Inc.*, 709 F. App'x 440, 443 (9th Cir. 2017) (quoting *Sparf v. United States*, 156 U.S. 51, 89 (1895)); *see also State of Georgia v. Brailsford*, 3 U.S. 1, 4 (1794) ("It may not be amiss, here, Gentlemen, to remind you of the good old rule, that on questions of fact, it is the province of the jury, on questions of law, it is the province of the court to decide.").

Moreover, even if the jury were allowed to decide the question, Atari gives no indication of how it could go about doing so. While the word "sale" does appear a single time in the parties' proposed modified version of Ninth Circuit Model Instruction 17.2, *see* ECF No. 167 at 66, the proposed jury instructions provide no guidance as to how the jury should determine whether a "seller" for tax purposes is a "seller" for copyright purposes. Allowing a jury to make that determination based on nothing more than lawyer argument strikes the Court as a recipe for legal error.

The sales tax and accounting evidence Atari wants to introduce is not relevant. The motion is therefore granted.

Redbubble Motion in Limine No. 7

By this motion, Redbubble seeks an order precluding Atari "from presenting evidence or

1  argument regarding Redbubble's financial condition." ECF No. 150 at 5.  Redbubble contends

2  that such evidence is not relevant to any issue the jury must decide.  Atari responds that "[t]o make

3  a reasoned determination" about the amount of statutory damages, "the jury will need to

4  understand the size of Redbubble's operations, and Redbubble's financial condition, at a high

5  level."  ECF No. 182 at 2.

6        Atari is correct that statutory copyright damages "further compensatory and punitive

7  purposes, and help sanction and vindicate the statutory policy of discouraging infringement."

8  *Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 992 (9th Cir. 2009) (quotation marks and

9  citation omitted).  However, Atari cites no case admitting evidence of a defendant's total revenue

10  – as opposed to its revenue on infringing products – or net worth for purposes of calculating

11  statutory damages.  Atari's closest case is *Yash Raj Films (USA), Inc. v. Sidhu*, No. CV F 09-0233

12  AWI GSA, 2010 WL 1032792 (E.D. Cal. Mar. 19, 2010), but that case holds at best that a

13  defendant's income or net worth can serve as a *cap* or *limiting factor* on the amount of statutory

14  damages – not as the *basis* for such an award, *id.*, *10.  Here, neither party argues that

15  Redbubble's financial condition should be a limiting factor on any award of statutory damages.

16        Because evidence of Redbubble's financial condition is not relevant, the motion is granted.

17  <u>Redbubble Motion in Limine No. 8</u>

18        By this motion, "Redbubble moves to preclude Atari from introducing as evidence its

19  license agreements with third parties, and to preclude witness testimony as to the financial terms

20  of those agreements" on grounds that the evidence is foreclosed by the Court's summary judgment

21  ruling limiting Atari to statutory damages based on evidence of Redbubble's revenues.  ECF No.

22  151 at 5-6.  Redbubble responds that the evidence is relevant to the jury's determination regarding

23  the "strength of the mark," one of the factors in determining the likelihood of confusion.  ECF No.

24  183 at 2.

25        "The strength of the mark is a key factor with two components: the mark's recognition in

26  the market (*i.e.*, its commercial strength) and the mark's inherent distinctiveness (*i.e.*, its

27  conceptual strength)."  *Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 432 (9th

28  Cir. 2017).  "[T]he types of evidence most commonly used to prove that a mark is strong enough

that the accused mark is likely to confuse" are as follows:

- amount of third party use
- amount and type of advertising and promotion which draws attention to the mark
- amount of sales and number and type of customers
- recognition by the trade, by the media and by potential customers [and]
- survey of likely customers showing their recognition of the mark.

2 McCarthy on Trademarks and Unfair Competition § 11:81 (5th ed. 2021) (footnotes omitted). While Atari cites no authority admitting evidence of the amounts paid by third-party licensees for purposes of evaluating the strength of a mark, it is possible that such evidence could serve as an alternative means of showing the "actual marketplace recognition" that is synonymous with commercial strength. *Asset Mktg. Servs., Inc. v. Regal Assets, LLC*, No. CV 13-07883 MMM (AJWx), 2014 WL 12586123, at *7 (C.D. Cal. Feb. 26, 2014).

Redbubble worries that, regardless of the ostensible purpose of this evidence, the jury is likely to use it to calculate damages. As Redbubble states, "evidence of the specific financial terms [will] serve[] only to backdoor an actual damages case where Atari is not permitted to present one." ECF No. 151 at 6. To protect against this outcome, the Court will give a limiting jury instruction upon request.

The motion is denied.

Redbubble Motion in Limine No. 9

By this motion, Redbubble seeks an order precluding Atari "from introducing as evidence screenshots from Redbubble's website that were not specifically disclosed on its exhibit list." ECF No. 152 at 5. Redbubble argues that Atari's failure to disclose in advance the particular web pages for which it seeks to introduce screenshots violates both Rule 26 of the Federal Rules of Civil Procedure and this Court's standing order. *Id.*; *see also* Fed. R. Civ. P. 26(a)(3)(A)(iii) (requiring parties to disclose "an identification of each document or other exhibit, including summaries of other evidence" that it may present at trial, other than solely for impeachment); Standing Order for Civil Jury Trials Before District Judge Jon S. Tigar § D (requiring the parties to "exchange copies of all exhibits, summaries, charts, schedules, diagrams or other similar

11

1   documentary materials to be used in their case-in-chief, together with a complete list of all such

2   proposed exhibits"). Atari does not respond to the argument that its proposed conduct violates

3   these requirements. ECF No. 184.

4   Redbubble cannot reasonably be expected to prepare for trial unless it knows sufficiently

5   in advance what the evidence will be. The motion is granted.

Redbubble Motion in Limine No. 10

By this motion, Redbubble seeks an order precluding Atari "from presenting the testimony of Trevor George, who was not previously properly disclosed to Redbubble." ECF No. 153 at 5. George is "the head of Trevco (an Atari licensee)," ECF No. 185 at 2, and did not appear in Atari's Rule 26 disclosures or interrogatory responses. Atari argues that the Court should deny the motion because George's name appeared repeatedly in the deposition testimony of Casandra Brown, Atari's director of licensing, and "Federal Rule of Civil Procedure 26(e) does not require amendment when the additional information to be provided has 'otherwise been made known to the other parties during the discovery process.'" ECF No. 185 at 2 (quoting Fed. R. Civ. P. 26(e)(1)(A)).

As noted above when discussing Atari's Motion in Limine No. 3, "the mere fact that a person is described during a deposition or in other discovery in a way that suggests that the person may possess relevant information does not take the place of a disclosure that the disclosing party may use that person to support its claims or defenses." *Obesity Rsch. Inst.*, 2017 WL 3335736, at *5.

The Brown deposition did not "effectively put Defendant on notice that [George] had discoverable knowledge that would support Plaintiff['s] claims." *Bookhamer v. Sunbeam Prods. Inc.*, No. C 09-6027 EMC (DMR), 2012 WL 4513872, at *2 (N.D. Cal. Oct. 1, 2012). Unlike with Atari's Motion in Limine No. 3, Atari did not indicate an intent to call licensees in its original Rule 26 disclosure. Nor did Atari previously disclose Trevco, the company with which George is associated, as a licensee. To the contrary, as the Court observed in a prior order, when Redbubble asked Atari in discovery

> to "identify with specificity all licenses, assignments, or other grants

> of any rights in or under any Atari Copyright or Atari Mark (including but not limited to licenses or other grants by or to [Atari], including all terms of such licenses," Atari mostly ignored the interrogatory, stating only that it "currently has licensing relationships with such companies as Animoca, AtGames, Difuzed, Next Gaming, and Tastemakers."

ECF No. 127 at 3-4 (alteration in original) (quoting ECF No. 106-3 at 12). Trevco was not included on Atari's list. "Certainly the mere mention of a name in a deposition is insufficient to give notice to the opposing party that defendants intend to present that person at trial." *Ollier v. Sweetwater Union High Sch. Dist.*, 267 F.R.D. 339, 343 (S.D. Cal. 2010), *aff'd*, 768 F.3d 843 (9th Cir. 2014). And while there are situations in which disclosure during a deposition might be adequate, this is not one of them.

The motion is granted.

Redbubble Motion in Limine No. 11

By this motion, Redbubble seeks an order precluding Atari "from presenting evidence that was neither publicly available nor produced to Redbubble prior to the Court's fact discovery deadline, . . . . including pictures of what appear to be licensed Atari products and Atari licensing agreements." ECF No. 154 at 5. At the pretrial conference, the parties clarified that the only remaining disputed exhibits are three license agreements (Exhibits 86-88) disclosed two days after the fact discovery cut-off and seven Atari video game screenshots (Exhibits 108-14) disclosed five months after the cut-off.

The Court denies the motion as to Exhibits 86-88 for the reasons the Court denied Redbubble Motion in Limine No. 4. Redbubble waited too long to bring this dispute to the Court's attention.

The Court grants the motion as to Exhibits 108-14. Atari produced these exhibits significantly longer after the discovery cut-off than it did the other disputed evidence. Atari's justification for late production – that it did not have the evidence until shortly before it was produced to Redbubble – is not persuasive. Because Atari created the evidence, the timing of its creation was solely within Atari's control. It could have created and produced it within the

/ / /

/ / /

discovery cut-off period. Because it did not do so, the evidence must be excluded.

This motion is granted in part and denied in part.

**IT IS SO ORDERED.**

Dated: October 14, 2021



JON S. TIGAR
United States District Judge