UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATARI INTERACTIVE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>REDBUBBLE, INC.,<br><br>Defendant. | Case No. 18-cv-03451-JST<br><br>**ORDER GRANTING MOTION TO EXCLUDE LIVE GAMEPLAY DEMONSTRATIONS AND NON-PRODUCED GAMEPLAY VIDEOS**<br><br>Re: ECF No. 209 |

This is a trademark and copyright infringement case. Plaintiff Atari Interactive, Inc. ("Atari") alleges, among other things, that Defendant Redbubble, Inc. ("Redbubble") infringed the copyright in the graphics and artwork of certain Atari video games. Atari recently announced its intention to use an Atari 2600 console at trial to perform a live gameplay demonstration of unspecified video games or, alternatively, to create recorded videos of gameplay which Atari would play during trial. Redbubble now moves to exclude such live demonstration or videos because none of the games or videos were produced in discovery or at any other time. ECF No. 209. Because Atari's failure to produce the videos and games violated Atari's discovery obligations, its failure was not substantially justified, and use of these materials would unfairly prejudice Redbubble, the Court will grant the motion.[1]

Atari included on its trial exhibit list an "Atari 2600 Console, Joystick, and Games," ECF No. 163-6 at 14, which Redbubble originally moved to exclude. Atari responded in opposition that it had only recently come into possession of the console. ECF No. 186 at 3. It also argued that "other photos and depictions of Atari 2600s were produced, with the console being Atari's

---

[1] The Court has determined that this motion is suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b).

most iconic product . . . . There is nothing prejudicial about introducing the actual console as an exhibit at trial." *Id.* (citation and parenthetical omitted). After reviewing this opposition, Redbubble withdrew its motion as to the console exhibit. ECF No. 209 at 7. It now contends that "Atari's statements conveyed that Atari intended to use the console to show the appearance of the console, as would 'photos and depictions of Atari 2600s,' rather than powering it on to perform a live gameplay demonstration" and that "Atari's [prior] opposition made no reference to games at all." *Id.* Redbubble does not object to the display of the game console to the jury as a physical object. It does object, however, to the live demonstration of the video games the console is capable of playing.

Redbubble does not dispute that it produced neither the physical Atari 2600 Console nor any gameplay videos during fact discovery, even though they were responsive to Redbubble's requests for production. It also does not dispute that it failed to disclose gameplay videos or a planned live gameplay demonstration on its trial exhibit list. It argues, nonetheless, that it disclosed its intent to use the Atari 2600 by disclosing photographs of the Atari 2600 in discovery. ECF No. 211 at 3. It further contends that "the console was mentioned throughout the depositions of both Casandra Brown (Atari's Director of Licensing) and Fred Chesnais (Atari's ex-CEO), including by Redbubble's counsel. All involved knew that the Atari 2600 console was an iconic product sold by Atari, and the game system on which many of the iconic games could be played." ECF No. 211 at 3 (citations and parentheticals omitted).

Federal Rule of Civil Procedure 26(a) requires parties to disclose the witnesses "that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26(e) requires parties to supplement their disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

In addition to, or instead of, that sanction, the court may also impose any of the other appropriate sanctions provided for in Rule 37. Fed. R. Civ. P. 37(c)(1)(C). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012).

The Court finds that neither the disclosure of photographs of the Atari 2600 nor the late disclosure of the physical console satisfied Atari's obligation to disclose gameplay videos or Atari's intent to use the console for purposes of live demonstration at trial. Nor did the reference by certain witnesses to the physical console constitute sufficient "additional or corrective information . . . made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Atari argues that Redbubble should have propounded a request for inspection of the Atari 2600 console when Atari produced photographs of it. ECF No. 211 at 3. This argument is unpersuasive. Atari has represented that it only came into possession of the physical console recently. If this representation was accurate, then at the time it produced Atari 2600 photographs to Redbubble it had no physical console to inspect. It also is unclear how physical inspection of the console pursuant to Rule 34 of the Federal Rules of Civil Procedure would have put Redbubble on sufficient notice of the videos or gameplay Atari intends to show the jury.

The Court further finds that Atari's failure to produce these materials previously was neither substantially justified nor harmless. The parties are literally on the eve of trial – jury selection will occur tomorrow – and there is no reason this evidence could not have been produced earlier. As the Court observed in connection with an earlier motion to exclude, "[b]ecause Atari created the evidence, the timing of its creation was solely within Atari's control. It could have created and produced it within the discovery cut-off period. Because it did not do so, the evidence must be excluded." ECF No. 197 at 13-14.

/ / /

/ / /

/ / /

So it is here.  Redbubble's motion to exclude any live demonstrations of video games or recorded videos of gameplay is granted.

**IT IS SO ORDERED.**

Dated:  October 24, 2021



_____
JON S. TIGAR
United States District Judge