DURIE TANGRI LLP
DARALYN J. DURIE (SBN 169825)
ddurie@durietangri.com
JOSEPH C. GRATZ (SBN 240676)
jgratz@durietangri.com
MATTHAEUS MARTINO-WEINHARDT (SBN 313103)
mweinhardt@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:    415-362-6666
Facsimile:     415-236-6300

DURIE TANGRI LLP
ALLYSON R. BENNETT (SBN 302090)
abennett@durietangri.com
MOON HEE LEE (SBN 318020)
mlee@durietangri.com
53 East 3rd Street
Los Angeles, CA 90013
Telephone:    213-992-4499
Facsimile:     415-236-6300

Attorneys for Defendant
REDBUBBLE, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ATARI INTERACTIVE, INC., <br><br> Plaintiff, <br><br> v. <br><br> REDBUBBLE, INC., <br><br> Defendant. | Case No. 4:18-cv-03451-JST <br><br> **DEFENDANT REDBUBBLE, INC.'S PROPOSED VERDICT FORM** <br><br> Ctrm:  6 – 2nd Floor <br> Judge: Honorable Jon S. Tigar |

**VERDICT FORM**

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form.  Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions.  Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

**TRADEMARK**

 **(the "ATARI 'Fuji' Logo")**

**QUESTION NO. 1:  For how many designs, if any, are all of the following true?**

  (a) **Atari proved that Redbubble itself directly infringed the ATARI "Fuji" Logo;**

  (b) **If the design was an expressive work protected by the First Amendment, Atari proved that the design used the ATARI "Fuji" Logo in a way that was explicitly misleading;**

  (c) **Redbubble *did not* prove that the design was "classic fair use" of the ATARI "Fuji" Logo; and**

  (d) **Redbubble *did not* prove that the design was "nominative fair use" of the ATARI "Fuji" Logo.**

NUMBER OF DESIGNS: \_\_\_\_\_

*If your answer is zero, please proceed to Question No. 3.*

*Otherwise, please proceed to Question No. 2.*

**QUESTION NO. 2:  Of the designs you identified in response to Question No. 1 above (with respect to direct infringement), for how many of those designs, if any, are all of the following true?**

  (a) **Redbubble intentionally and knowingly used a mark identical with or substantially indistinguishable from the following mark (the ATARI "Fuji" Logo) in connection with the**

sale, offering for sale or distribution of goods:

[ATARI "Fuji" logo]

**(b) The use of the mark was in connection with goods for which that mark is registered.**

NUMBER OF DESIGNS: _____

*Please proceed to Question No. 3.*

**QUESTION NO. 3: For how many designs, if any, are all of the following true?**

    **(a) Atari proved that fulfillers are directly liable for infringement of the ATARI "Fuji" logo;**

    **(b) Atari proved that Redbubble is vicariously liable for that infringement;**

    **(c) If the design was an expressive work protected by the First Amendment, Atari proved that the design used the ATARI "Fuji" Logo in a way that was explicitly misleading;**

    **(d) Redbubble *did not* prove that the design was "classic fair use" of the ATARI "Fuji" Logo;**

    **(e) Redbubble *did not* prove that the design was "nominative fair use" of the ATARI "Fuji" Logo.**

NUMBER OF DESIGNS: _____

*If your answer is zero, please proceed to Question No. 5.*

*Otherwise, please proceed to Question No. 4.*

**QUESTION NO. 4: Of the designs you identified in response to Question No. 3 above (with respect to vicarious infringement), for how many of those designs, if any, are ALL of the following**

true?

    **(a)** The fulfiller intentionally and knowingly used a mark identical with or substantially indistinguishable from the following mark (the ATARI "Fuji" Logo) in connection with the sale, offering for sale or distribution of goods:

[ATARI "Fuji" Logo image]

    **(b)** The use of the mark was in connection with goods for which that mark is registered; and

    **(c)** Redbubble is vicariously liable for that use?

NUMBER OF DESIGNS: _____

*If the answers to Question Nos. 2 and 4 are both "zero," please proceed to Question No. 7.*

*Otherwise, please proceed to Question No. 5.*

**QUESTION NO. 5:** Of the types of goods for which the ATARI "Fuji" Logo was registered, for how many types of counterfeit goods, if any, is EITHER of the following true:

    **(a)** Goods of that type had designs identified in your answer to Question No. 2; OR

    **(b)** Goods of that type had designs identified in your answer to Question No. 4?

NUMBER OF TYPES OF GOODS: _____

*If your answer is "zero," please proceed to Question No. 7.*

*Otherwise, please proceed to Question No. 6.*

**QUESTION NO. 6:** What amount of statutory damages do you award for each type of good in your answer to Question No. 5? This amount may not be less than $1,000, and may not be more

**than $200,000.**

$ _____

*Please proceed to Question No. 7.*

**PONG**

**QUESTION NO. 7: For how many designs, if any, are all of the following true?**

    **(a) Atari proved that Redbubble itself directly infringed the mark PONG;**

    **(b) If the design was an expressive work protected by the First Amendment, Atari proved that the design used the mark PONG in a way that was explicitly misleading;**

    **(c) Redbubble** *did not* **prove that the design was "classic fair use" of the mark PONG; and**

    **(d) Redbubble** *did not* **prove that the design was "nominative fair use" of the mark PONG.**

NUMBER OF DESIGNS: _____

*If your answer is zero, please proceed to Question No. 9.*

*Otherwise, please proceed to Question No. 8.*

**QUESTION NO. 8: Of the designs you identified in response to Question No. 7 above (with respect to direct infringement), for how many of those designs, if any, are all of the following true?**

    **(a) Redbubble intentionally and knowingly used a mark identical with or substantially indistinguishable from the mark PONG in connection with the sale, offering for sale or distribution of goods; and**

    **(b) The use of the mark was in connection with goods for which that mark is registered.**

NUMBER OF DESIGNS: _____

*Please proceed to Question No. 9.*

**QUESTION NO. 9: For how many designs, if any, are all of the following true?**

    **(a) Atari proved that fulfillers are directly liable for infringement of the mark PONG;**

    **(b) Atari proved that Redbubble is vicariously liable for that infringement;**

    **(c) If the design was an expressive work protected by the First Amendment, Atari proved that the design used the mark PONG in a way that was explicitly misleading;**

    **(d) Redbubble** *did not* **prove that the design was "classic fair use" of the mark PONG; and**

      **(e) Redbubble *did not* prove that the design was "nominative fair use" of the mark PONG.**

NUMBER OF DESIGNS: _____

*If your answer is zero, please proceed to Question No. 11.*

*Otherwise, please proceed to Question No. 10.*

**QUESTION NO. 10:  Of the designs you identified in response to Question No. 9 above (with respect to vicarious infringement), for how many of those designs, if any, are ALL of the following true?**

    **(d) The fulfiller intentionally and knowingly used a mark identical with or substantially indistinguishable from mark PONG in connection with the sale, offering for sale or distribution of goods;**

    **(e) The use of the mark was in connection with goods for which that mark is registered; and**

    **(f) Redbubble is vicariously liable for that use?**

NUMBER OF DESIGNS: _____

*If the answers to Question Nos. 8 and 10 are both "zero," please proceed to Question No. 13.*

*Otherwise, please proceed to Question No. 11.*

**QUESTION NO. 11:  Of the types of goods for which the mark PONG was registered, for how many types of counterfeit goods, if any, is EITHER of the following true:**

    **(c) Goods of that type had designs identified in your answer to Question No. 8; OR**

    **(d) Goods of that type had designs identified in your answer to Question No. 10?**

NUMBER OF TYPES OF GOODS: _____

*If your answer is "zero," please proceed to Question No. 13.*

*Otherwise, please proceed to Question No. 12.*

**QUESTION NO. 12:** What amount of statutory damages do you award for each type of good in your answer to Question No. 11? This amount may not be less than $1,000, and may not be more than $200,000.

$ _____

*Please proceed to Question No. 13.*

## COPYRIGHT

**QUESTION NO. 13:  For how many designs, if any, are all of the following true?**

    **(a) Atari proved that Redbubble itself directly infringed one of Atari's registered copyrighted works; and**

    **(b) Redbubble *did not* prove that the design was fair use of that registered copyrighted work?**

NUMBER OF DESIGNS: \_\_\_\_\_

*If your answer is "zero," please proceed to Question No. 16.*

*Otherwise, please proceed to Question No. 14.*

**QUESTION NO. 14.:  How many of Atari's registered copyrighted works, if any, were infringed by the designs identified in your answer to Question No. 13?  For purposes of statutory damages, all of the parts of a compilation count as a single work.**

NUMBER OF WORKS: \_\_\_\_\_

*If your answer is "zero," please proceed to Question No. 16.*

*Otherwise, please proceed to Question No. 15.*

**QUESTION NO. 15:  What amount of statutory damages do you award for each registered copyrighted work in your answer to Question No. 14?  This amount may not be less than $750, and may not be more than $30,000.**

$ _____

*Please proceed to Question No. 16.*

**QUESTION NO. 16:  Do you find that Redbubble has proved its affirmative defense of laches?**

YES _____        NO _____

Your work is done.  Please sign and date the verdict form.

**We, the jury, unanimously agree to the answers to the questions set out above, and return them under the instructions of this Court as our verdict in this case.**

**Date:** _____                                                  _____

                                                                               **Foreperson**

10
DEFENDANT REDBUBBLE, INC.'S PROPOSED VERDICT FORM
CASE NO. 4:18-CV-03451-JST

| | |
|---|---|
| Dated: October 30, 2021 | DURIE TANGRI LLP |
| | By: */s/ Joseph C. Gratz* |
| | JOSEPH C. GRATZ |
| | Attorneys for Defendant |
| | REDBUBBLE, INC. |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2021 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ Joseph C. Gratz*
JOSEPH C. GRATZ