1
2
3
4                           UNITED STATES DISTRICT COURT
5                          NORTHERN DISTRICT OF CALIFORNIA
6
7    ATARI INTERACTIVE, INC.,                   Case No. 18-cv-03451-JST
8                    Plaintiff,
                                                **DRAFT JURY INSTRUCTIONS**
9         v.
10   REDBUBBLE, INC.,
11                   Defendant.
12
13          Following are the jury instructions the Court currently intends to give in this matter.  These

14   instructions are very much in draft form, and the Court welcomes the parties' help in identifying

15   errors and omissions.

16          Contrary to the Court's statement from the bench, and subject to further discussion, the

17   Court does not intend to give Redbubble's requested instruction on expressive works.

18   Redbubble's instruction is taken from Ninth Circuit Model Instruction 15.19A, which places the

19   burden on the plaintiff to show that a work is *not* expressive and not on the defendant to show that

20   a work *is* expressive.  The Ninth Circuit Jury Instructions Committee explains the reasons for this

21   as follows:

22              No case has explicitly decided whether the question of First
                Amendment protection is to be decided by the court in all instances
23              or whether it is a mixed question of fact and law.  This instruction
                assumes that the court has already determined that the allegedly
24              infringing work is protected by the First Amendment, as was the
                case in *Gordon* [*v. Drape Creative, Inc*. 909 F.3d 257, 264 (9th Cir.
25              2018)].  In a case in which the court concludes there are factual
                findings a jury must make before deciding the threshold question of
26              First Amendment protection, this instruction should be modified
                accordingly.
27
28   Because the Court has not "already determined that [any] allegedly infringing work is protected by

1    the First Amendment," there is no predicate for this instruction.  No party has proposed a different

2    instruction on this topic.

3         **IT IS SO ORDERED.**

4    Dated:  November 2, 2021



5                                                                  _____
6                                                                          JON S. TIGAR
                                                                   United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## 1.4 DUTY OF JURY

2

    Members of the Jury:  Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.  Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

3

4

    It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

5

6

7

8

    Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## 1.6 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**1.9 WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I have instructed you to accept as proved.

## 1.10 WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.      Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

## 1.11 EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

If I have instructed you that an item of evidence was admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## 1.12 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

1

**1.13 RULING ON OBJECTIONS**

2

3      There are rules of evidence that control what can be received into evidence.  When a
lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that
4      it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the
question may be answered or the exhibit received.  If I sustain the objection, the question cannot
5      be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question,
you must ignore the question and must not guess what the answer might have been.

6

7      Sometimes I may order that evidence be stricken from the record and that you disregard or
ignore that evidence. That means when you are deciding the case, you must not consider the
8      stricken evidence for any purpose.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

9

# 1.14 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.      the opportunity and ability of the witness to see or hear or know the things testified to;

2.      the witness's memory;

3.      the witness's manner while testifying;

4.      the witness's interest in the outcome of the case, if any;

5.      the witness's bias or prejudice, if any;

6.      whether other evidence contradicted the witness's testimony;

7.      the reasonableness of the witness's testimony in light of all the evidence; and

8.      any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

United States District Court
Northern District of California

**1.20 BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences was not to keep relevant information from you, but to decide how certain evidence was to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## 2.2 STIPULATIONS OF FACT

The parties have agreed to certain facts [to be placed in evidence as Exhibit ___] [that will be read to you].  You must therefore treat these facts as having been proved.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## 2.4 DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

## 2.11 USE OF INTERROGATORIES

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

1

## 2.13 EXPERT OPINION

2

3          You have heard testimony from witnesses who testified to opinions and the reasons for
their opinions.  This opinion testimony was allowed because of the education or experience of this
witness.

4

5          Such opinion testimony should be judged like any other testimony.  You may accept it or
reject it, and give it as much weight as you think it deserves, considering the witnesses' education
and experience, the reasons given for the opinions, and all the other evidence in the case.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

**2.14 CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

2

Certain charts and summaries not admitted into evidence have been shown to you in order

3  to help explain the contents of books, records, documents, or other evidence in the case.  Charts

and summaries are only as good as the underlying evidence that supports them.  You should,

4  therefore, give them only such weight as you think the underlying evidence deserves.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## 2.15 CHARTS AND SUMMARIES RECEIVED IN EVIDENCE

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

## 2.16 EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  You may request a paper copy of any exhibit received in evidence by sending a note through the courtroom deputy.  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the courtroom deputy, signed by your foreperson or by one or more members of the jury.  Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with courtroom deputy present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any nonjuror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## **4.2 LIABILITY OF CORPORATIONS**

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

1

## 15.1 PRELIMINARY INSTRUCTION—TRADEMARK

2

The plaintiff, Atari, seeks damages against the defendant, Redbubble, for trademark
3   infringement and counterfeiting.  Redbubble denies infringing or counterfeiting the trademarks.
To help you understand the evidence that will be presented in this case, I will explain some of the
4   legal terms you will hear during this trial.

5
### Definition and Function of a Trademark

6
A trademark is a word, name, symbol, or device, or any combination of these items that
indicates the source of goods.  The owner of a trademark has the right to exclude others from
7   using that trademark or a similar mark that is likely to cause confusion in the marketplace.  The
main function of a trademark is to identify and distinguish goods or services as the product of a
8   particular manufacturer or merchant and to protect its goodwill.

9
### How a Trademark is Obtained
10

A person acquires the right to exclude others from using the same mark or a similar mark
11  that is likely to cause confusion in the marketplace by being the first to use it in the marketplace,
or by using it before the alleged infringer.  Rights in a trademark are obtained only through
12  commercial use of the mark.

13
### Trademark Interests
14

A trademark owner may enforce the right to exclude others in an action for infringement
15  and/or false designation of origin.

16
### Trademark Licensing
17

The owner of a trademark may enter into an agreement that permits another person to use
18  the trademark.  This type of agreement is called a license, and the person permitted to use the
trademark is called a licensee.

19

20
### Trademark Registration

21
After the owner of a trademark has obtained the right to exclude others from using the
trademark, the owner may obtain a certificate of registration issued by the United States Patent and
22  Trademark Office.  Thereafter, when the owner brings an action for infringement, the owner may
rely solely on the registration certificate to prove that the owner has the right to exclude others
23  from using the trademark or a similar mark that is likely to cause confusion in the marketplace in
connection with the type of goods specified in the certificate.  These presumptions in favor of the
24  owner created by the certificate of registration can be overcome or rebutted only by certain types
of evidence that I will describe to you later as appropriate.
25

26
### Likelihood of Confusion

27
To prove infringement, the plaintiff must prove, by a preponderance of the evidence, that
28  the defendant, without the plaintiff's consent, used in commerce a reproduction, copy, counterfeit

20

or colorable imitation of plaintiff's mark in connection with the distribution or advertisement of goods, such that the defendant's use of the mark is likely to cause confusion as to the source of the goods.  It is not necessary that the mark used by the defendant be an exact copy of the plaintiff's mark.  Rather, the plaintiff must demonstrate that, viewed in its entirety, the challenged use is likely to cause confusion in the minds of reasonably prudent purchasers as to the source of the product in question.

## The Plaintiff's Burden of Proof

In this case, the plaintiff, Atari, contends that the defendant, Redbubble, has infringed or counterfeited the plaintiff's trademark.  The plaintiff has the burden of proving by a preponderance of the evidence that the plaintiff is the owner of a valid trademark and that the defendant infringed or counterfeited that trademark.  Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the defendant infringed the plaintiff's trademark.

## The Defendant's Burden of Proof

The defendant, Redbubble, contends that, even if Atari meets its burden of proof, the affirmative defenses of fair use and laches prevent a finding in favor of the plaintiff, Atari, or limit the remedies to which Atari is entitled.  Redbubble has the burden of proving these affirmative defenses by a preponderance of the evidence.

Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the affirmative defenses apply.

Both parties, Atari and Redbubble, are  is a persons as that term is used in these instructions.

1

**15.2 DEFINITION—TRADEMARK (15 U.S.C. § 1127)**

2

A trademark is any word, name, symbol, device, or any combination thereof, used by a

3

person to identify and distinguish that person's goods from those of others and to indicate the
source of the goods , even if that source is generally unknown.

4

A person who uses the trademark of another may be liable for damages.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## 15.5 TRADEMARK LIABILITY—THEORIES AND POLICIES (15 U.S.C. §§ 1114(1), 1125(a))

The trademark laws balance three often-conflicting goals: (1) protecting the public from being misled about the nature and source of goods and services, so that the consumer is not confused or misled in the market; (2) protecting the rights of a business to identify itself to the public and its reputation in offering goods and services to the public; and (3) protecting the public interest in fair competition in the market.

The balance of these policy objectives varyies from case to case, because they may often conflict.  Accordingly, each case must be decided by examining its specific facts and circumstances, of which you are to judge.

In these instructions, I will identify types of facts you are to consider in deciding if the defendant is liable to the plaintiff for violating the trademark law. These facts are relevant to whether the defendant is liable for:

1.     infringing plaintiff's registered trademark rights, by using a trademark in a manner likely to cause confusion among consumers; and

2.     counterfeiting plaintiff's registered trademarks.

**15.6 INFRINGEMENT—ELEMENTS AND BURDEN OF PROOF— TRADEMARK (15 U.S.C. § 1114(1))**

On the plaintiff's claim for trademark infringement, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.   The ATARI "Fuji" logo and PONG are valid, protectable trademarks;

2.   Atari owns the ATARI "Fuji" logo and PONG as trademarks; and

3.   Redbubble used marks similar to the ATARI "Fuji" logo and PONG without the Atari's consent in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

You may find that Redbubble "used" the plaintiff's mark only if you find that Redbubble itself either: (1) was the seller of any infringing goods; (2) was the one offering any allegedly infringing goods for sale; or (3) advertised any allegedly infringing goods through advertisements that themselves infringed the plaintiff's trademarks.  If you find that Redbubble's role was instead to act as an intermediary, or as a facilitator of sales made by others, you may not find that Redbubble "used" the plaintiff's mark.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

### 15.8 INFRINGEMENT—ELEMENTS—PRESUMED VALIDITY AND OWNERSHIP — REGISTERED TRADEMARK (15 U.S.C. §§ 1057, 1065 and 1115)

I gave you instruction number 15.6 that requires the plaintiff to prove by a preponderance of the evidence that the trademark is valid and protectable and that the plaintiff owns the trademark.  A valid trademark is a word, name, symbol, device, or any combination of these, that indicates the source of goods and distinguishes those goods from the goods of others.  A trademark becomes protectable after it is used in commerce.

One way for the plaintiff to prove trademark validity is to show that the trademark is registered.  An owner of a trademark may obtain a certificate of registration issued by the United States Patent and Trademark Office and may submit that certificate as evidence of the validity and protectability of the trademark and of the certificate holder's ownership of the trademark covered by that certificate.

Exhibits ___, ___, & ___ are certificates of registration from the United States Patent and Trademark Office.  They were submitted by the plaintiff as proof of the validity of the trademark and that the plaintiff owns the trademark in the marks covered by those registrations.

The facts recited in this certificate are: (1) USPTO Reg. No. 4,214,210: the ATARI "Fuji" logo mark was registered on September 25, 2014 and "consists of the word 'Atari' with a Fuji design above the word within a box." (2) USPTO Reg. No. 4,324,638: the word PONG was registered on April 23, 2013 and "consists of standard characters without claim to any particular font, style, size, or color."

You must consider these two trademarks to be conclusively proved as valid and owned by the plaintiff.

United States District Court
Northern District of California

25

### 15.18 INFRINGEMENT—LIKELIHOOD OF CONFUSION—FACTORS— *SLEEKCRAFT* TEST (15 U.S.C. §§ 1114(1) and 1125(a))

You must consider whether the challenged use of the trademark is likely to cause confusion about the source of the allegedly infringing products.

I will suggest some factors you should consider in deciding this. The presence or absence of any particular factor that I suggest should not necessarily resolve whether there was a likelihood of confusion, because you must consider all relevant evidence in determining this. As you consider the likelihood of confusion you should examine the following:

(1) Strength or Weakness of the Plaintiff's Mark. The more the consuming public recognizes the plaintiff's trademark as an indication of origin of the plaintiff's goods, the more likely it is that consumers would be confused about the source of an allegedly infringing product if the product bears a similar mark.

(2) Defendant's Use of the Mark. If the challenged use appears on the same, related, or complementary kinds of goods to the plaintiff's goods, there may be a greater likelihood of confusion about the source of the goods than otherwise.

(3) Similarity to Plaintiff's Marks. If the overall impression created by the plaintiff's trademark in the marketplace is similar to that created by the challenged use in appearance, sound, or meaning, there is a greater chance that consumers are likely to be confused. Similarities in appearance, sound or meaning weigh more heavily than differences in finding the marks are similar.

(4) Actual Confusion. If use by the defendant of the plaintiff's trademark has led to instances of actual confusion, this strongly suggests a likelihood of confusion. However actual confusion is not required for a finding of likelihood of confusion. Even if actual confusion did not occur, the challenged use of the trademark may still be likely to cause confusion. As you consider whether the challenged use creates for consumers a likelihood of confusion with the plaintiff's trademark, you should weigh any instances of actual confusion against the opportunities for such confusion. If the instances of actual confusion have been relatively frequent, you may find that there has been substantial actual confusion. If, by contrast, there is a very large volume of sales, but only a few isolated instances of actual confusion you may find that there has not been substantial actual confusion.

(5) Defendant's Intent. Knowing use by defendant of the plaintiff's trademark to identify similar goods may strongly show an intent to derive benefit from the reputation of the plaintiff's mark, suggesting an intent to cause a likelihood of confusion. On the other hand, even in the absence of proof that the defendant acted knowingly, the use of plaintiff's trademark to identify similar goods may indicate a likelihood of confusion.

(6) Marketing/Advertising Channels. If the plaintiff's goods infringing products listed on Redbubble are likely to be sold in the same or similar stores or outlets, or advertised in similar media, this may increase the likelihood of confusion.

1

2

3

    (7) Consumer's Degree of Care.  The more sophisticated the potential buyers of the goods or the more costly the goods, the more careful and discriminating the reasonably prudent purchaser exercising ordinary caution may be.  They may be less likely to be confused by similarities between the plaintiff's trademarks and the designs printed on allegedly infringing products.

4

5

6

    (8) Product Line Expansion.  When the parties' products differ, you may consider how likely the plaintiff is to begin selling products of the same kind as the allegedly infringing products.  If there is a strong possibility of expanding into the other party's market, there is a greater likelihood of confusion.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## 15.26 TRADEMARK DAMAGES—ACTUAL OR STATUTORY NOTICE
### (15 U.S.C. § 1111)

In order for plaintiff to recover damages, the plaintiff has the burden of proving by a preponderance of the evidence that defendant had either statutory or actual notice that the plaintiff's the trademark was registered.

Defendant had statutory notice if:

1.    plaintiff displayed the trademark with the words "Registered in U.S. Patent and Trademark Office" or

2.    plaintiff displayed the trademark with the words "Reg. U.S. Pat. & Tm. Off." or

3.    plaintiff displayed the trademark with the letter R enclosed within a circle, thus ®.

1

## SPECIAL INSTRUCTION NO. 1 – COUNTERFEITING

2

3       Atari asserts a counterfeiting claim in this case.  Counterfeiting is the type of trademark
infringement that aims to deceive consumers into believing that they are getting genuine goods

4    from a particular source, rather than similar goods or imitations of those goods from a different
source.  A claim for counterfeiting is only available for registered trademarks.  Plaintiff has

5    registered trademarks for (1) the ATARI "Fuji" logo; and (2) the word PONG.

6       To prove counterfeiting, the plaintiff must prove, in addition to the elements required to
prove infringement, all of the following:

7

8       1.       The defendant intentionally used in commerce a "counterfeit mark";

9

10      2.       The defendant knew that the mark was a counterfeit;

11      3.       The defendant used the mark in connection with the sale, offering for sale or
distribution of goods; and

12

13      4.       The defendant's use was likely to cause confusion, mistake or to deceive.

14   For this purpose, a mark is a "counterfeit mark" when all of the following are true:

15      1.       The mark is a nongenuine mark which is identical with or substantially
indistinguishable from a registered mark;

16

17      2.       The registered mark is registered on the Principal Register for, and used by the
holder of the mark in connection with, the same goods in connection with which
the accused mark is being used;

18

19      3.       The registered mark is in use; and

20      4.       The accused use is not on or in connection with goods of which the producer was,
at the time of production, authorized by the holder of the mark to use the mark for
those types of good.

21

22

23

24

25

26

27

28

**15.24 DEFENSES—"CLASSIC" FAIR USE (15 U.S.C. § 1115(b)(4))**

The owner of a trademark cannot exclude others from making a fair use of that trademark. A person makes "classic" fair use of a mark when they use it as other than a trademark, to accurately describe their own product.

The defendant contends that some of the challenged use of the trademarks was fair use. The defendant has the burden of proving fair use of the mark by a preponderance of the evidence.

A person makes fair use of a trademark when they:

1. use the mark other than as a trademark;

2. use the mark fairly and in good faith; and

3. use the mark only to describe the goods and not as a reference to the plaintiff.

## 15.25  DEFENSES—NOMINATIVE FAIR USE

The owner of a trademark cannot exclude others from making a nominative fair use of that trademark.  A person makes nominative fair use of a mark when they use it as other than a trademark, to accurately describe, name, or identify the plaintiff's goods.

Redbubble contends that some or all of the challenged use of the asserted trademarks was nominative fair use of the trademark to describe, name, or identify Atari's product(s).  In order for you to limit Atari's claims due to nominative fair use, Redbubble must prove nominative fair use of the mark by a preponderance of the evidence.

As applied to this case, a person makes nominative fair use of a trademark when that person:

1.   Uses the mark to refer to Atari or its products, which are not readily identifiable without use of that mark;

2.   Uses only so much of the mark as is reasonably necessary to identify Atari or its products; and

3.   Does not do anything in connection with the trademark that would suggest sponsorship or endorsement by the person.  A company or product is not readily identifiable without use of the trademark when there are no equally informative words describing the product.

A company or product cannot be effectively identified without use of its trademark when there would be no other effective way to compare, criticize, refer to or identify it without using the trademark.

A reasonably necessary use of a trademark occurs when no more of the mark's appearance is used than is necessary to identify the product and make the reference intelligible to the consumer. For example, if a particular word is the plaintiff's trademark, a person reasonably uses it when they do not use any distinctive color, logo, abbreviation, or graphic that the plaintiff uses to display the trademark than is necessary to identify the product.

You may consider whether Redbubble or the persons who uploaded the allegedly infringing images to Redbubble's website did anything that would, in conjunction with the trademark suggest sponsorship or endorsement by Atari.  A use of Atari's trademark does not suggest sponsorship or endorsement when a person does not attempt to deceive, or mislead, or capitalize on consumer confusion, or when a person does not appropriate the cachet of Atari's product.  A person's use of Atari's trademark to describe or refer to Atari or its products may not necessarily suggest Atari's sponsorship or endorsement, even if the ultimate goal of the use is to describe a product that is not Atari's.

The fact that a particular use of the trademark may bring the person making that use a profit or help in competing with the mark owner does not mean the use was not a fair use.

31

**SPECIAL INSTRUCTION NO. 2 – VICARIOUS LIABILITY FOR TRADEMARK INFRINGEMENT AND COUNTERFEITNG**

A person is vicariously liable for trademark infringement or counterfeiting committed by another person if:

     1.    the defendant and the infringer have an apparent or actual partnership;

     2.    the defendant and the infringer have authority to bind one another in transactions with third parties; or

     3.    the defendant and the infringer exercise joint ownership or control over the infringing product.

A partnership is an association of two or more persons to carry on a business as co-owners. The members of a partnership are called partners.

The fact that a person uses the word "partner" to refer to another person is not enough to establish that they have an apparent or actual partnership under the law.

If you find that the plaintiff proves one of these three types of relationships between Redbubble and the fulfillers, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any of these relationships between Redbubble and the fulfillers, your verdict should be for the defendant on the issue of vicarious liability.

# 17.1 PRELIMINARY INSTRUCTION—COPYRIGHT

The plaintiff, Atari, claims ownership of a copyright and seeks damages against the defendant, Redbubble, for copyright infringement.  The defendant denies infringing the copyright and asserts the affirmative defense of fair use.  To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

## Definition of Copyright

The owner of a copyright has the right to exclude any other person from reproducing, distributing, performing, displaying, or preparing derivative works from the work covered by copyright for a specific period of time.

A copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, or computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles, or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

## Copyright Interests

The copyright owner may convey to another person all or part of the owner's property interest in the copyright, that is, the right to exclude others from reproducing, distributing, performing, displaying or preparing derivative works from the copyrighted work.  To be valid, the conveyance must be in writing and signed by the transferor.  The person to whom a right is transferred is called an assignee.

## How Copyright is Obtained

Copyright automatically attaches to a work the moment the work is fixed in any tangible medium of expression.  The owner of the copyright may apply to register the copyright by completing a registration form and depositing a copy of the copyrighted work with the Copyright Office.   After determining that the material deposited constitutes copyrightable subject matter and that certain legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.  The scope of the copyright is limited by the deposit copy.

## Plaintiff's Burden of Proof

In this case, the plaintiff, Atari, contends that the defendant, Redbubble, has infringed the plaintiff's copyright.  The plaintiff has the burden of proving by a preponderance of the evidence that the plaintiff is the owner of the copyright and that the defendant copied original expression

1

from the copyrighted work.  Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted work was infringed.

2

3

The plaintiff must also prove that the use of the copyrighted work was substantial.  In determining whether the use of the copyrighted work was substantial, you may consider how important the copied portion was to the copyrighted work as a whole.

4

5

Proof of Copying

6

To prove copying of the plaintiff's work, the plaintiff may show that the originator of the challenged work had access to the plaintiff's copyrighted work and that there are substantial similarities between the challenged work and the plaintiff's copyrighted work.

7

8

Liability for Infringement

9

One who reproduces or publicly distributes a copyrighted work without authority from the copyright owner during the term of the copyright infringes the copyright.

10

11

Defenses to Infringement

12

The defendant contends that the plaintiff has not met its burden to show copyright infringement.  In addition, the defendant contends that some or all of the challenged use was not infringement because it was a fair use of the copyrighted work.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**17.2 COPYRIGHT—DEFINED (17 U.S.C. § 106)**

Copyright is the exclusive right to copy. This right to copy includes the exclusive rights to:

1.      reproduce the copyrighted work in copies; and

2.      distribute copies of the copyrighted work to the public by sale or other transfer of ownership.

The term "owner" includes the author of the work an assignee.  In general, copyright law protects against reproduction and public distribution of identical or substantially similar copies of the owner's copyrighted work without the owner's permission.  An owner may enforce these rights to exclude others in an action for copyright infringement.

1

**17.3 COPYRIGHT—SUBJECT MATTER—GENERALLY (17 U.S.C. § 102)**

2

3

The works *Pong*, *Yar's Revenge*, *Breakout*, *Asteroids*, *Missile Command*, *Centipede* involved in this trial are known as: Other audiovisual works in which a series of related images convey an impression of motion when shown in succession.

4

5

You are instructed that a copyright may be obtained in *Pong*, *Yars' Revenge*, *Breakout*, *Asteroids*, *Missile Command*, *Centipede*.

6

7

8

These works can be protected by copyright law. Only that part of the works consisting of original works of authorship fixed in any tangible form of expression from which it can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device, is protected by the Copyright Act.

9

10

Atari has the burden of showing which game graphics and pieces of artwork were included in the deposit copies sent to the Copyright Office, because the scope of Atari's copyrights is limited by the deposit copies.

11

12

Copyright protection for an original work of authorship does not extend to any idea or concept, regardless of the form in which it is described, explained, illustrated, or embodied.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

## 17.4 COPYRIGHT—SUBJECT MATTER—IDEAS AND EXPRESSION
### (17 U.S.C. § 102(b))

2

3

Copyright law allows the author of an original work to stop others from copying the original expression in the author's work.  Only the particular expression of an idea can be copyrighted and protected.  Copyright law does not give the author the right to prevent others from copying or using the underlying ideas contained in the work, such as any procedures, processes, systems, methods of operation, concepts, principles, or discoveries.  In order to protect any ideas in the work from being copied, the author must secure some other form of legal protection because ideas cannot be copyrighted.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### 17.5 COPYRIGHT INFRINGEMENT—ELEMENTS—OWNERSHIP AND COPYING (17 U.S.C. § 501(a)–(b))

Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the plaintiff's copyright infringement claim, the plaintiff has the burden of proving by a preponderance of the evidence that:

    1.    the plaintiff is the owner of a valid copyright; and

    2.    the defendant copied original expression from the copyrighted work.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff.  If, on the other hand, you find that the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

### 17.6  COPYRIGHT INFRINGEMENT—OWNERSHIP OF VALID COPYRIGHT—DEFINITION (17 U.S.C. §§ 201–205)

The plaintiff is the owner of a valid copyright in a given work if the plaintiff proves by a preponderance of the evidence that:

1. the plaintiff's work is original; and

2. the plaintiff is the author or creator of the original work or received a transfer of the copyright.

**17.7 COPYRIGHT INFRINGEMENT—COPYRIGHT REGISTRATION CERTIFICATE (17 U.S.C. § 401(c)**

A copyright owner may obtain a certificate of registration from the Copyright Office.

The evidence in this case includes Exhibit 83, which includes registration of copyrights from the Copyright Office.  You are instructed that the registrations are sufficient to establish that there is a valid copyright in the imagery of the games and original artworks contained within Atari's Greatest Hits Volume 1 videogame, so long as Atari now owns the original copyrights for those works.

### 17.11 COPYRIGHT INTERESTS —WORK MADE FOR HIRE BY EMPLOYEE
### (17 U.S.C. § 201(b))

A copyright owner is entitled to exclude others from copying a work made for hire.

A work made for hire is one that is prepared by an employee and is within the scope of employment.

A work is made for hire within the scope of employment if:

1.      it is the kind of work the employee is employed to create;

2.      it occurs substantially within the authorized time and space limits; and

3.      it is made, at least in part, for the purpose of serving the employer.

The employer is considered to be the author of the work and owns the copyright unless the employer and employee have agreed otherwise in writing.

A copyright owner of a work made for hire may enforce the right to exclude others in an action for copyright infringement.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## 17.14 COPYRIGHT INFRINGEMENT—ORIGINALITY

An original work may include or incorporate elements taken from prior works, works from the public domain, or works owned by others, with the owner's permission.  The original parts of the plaintiff's work are the parts created:

    1.    independently by the work's author, that is, the author did not copy it from another work; and

    2.    by use of at least some minimal creativity.

In copyright law, the "original" part of a work need not be new or novel.

## 17.17 COPYING—ACCESS AND SUBSTANTIAL SIMILARITY

Instruction 17.5 states that the plaintiff has the burden of proving that the defendant copied or distributed original elements from the plaintiff's copyrighted work.  The plaintiff may show the defendant copied from the work by proving by a preponderance of the evidence that the defendant had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendant's work and original elements of the plaintiff's work.

**17.18 COPYRIGHT INFRINGEMENT—COPYING—ACCESS DEFINED**

As part of its burden in Instruction 17.5, the plaintiff must prove by a preponderance of the evidence that the person(s) who copied original expression from the copyrighted work had access to the plaintiff's work.  You may find that a person had access to the plaintiff's work if that person had a reasonable opportunity to view or copy the plaintiff's work before the allegedly infringing work was created.

**17.19 SUBSTANTIAL SIMILARITY—EXTRINSIC TEST; INTRINSIC TEST**

For an unauthorized use of a copyrighted work to constitute copyright infringement, the unauthorized use must copy original material protected by the copyright and must be significant enough to constitute infringement. This means that even if the fact of copying is proven, no legal consequences will follow from that fact unless original material is copied and the copying is substantial.

To prove substantial similarity between the plaintiff's work and the accused works appearing on Redbubble's website, the plaintiff must prove that there is both substantial extrinsic similarity and substantial intrinsic similarity between the two works.

Extrinsic similarity is an objective test and requires that you determine whether the two works are similar in original expression. To do that, you must break the works down into their creative visual elements. You must then disregard all visual elements that are not original to the plaintiff. Once you have disregarded all visual elements that are not original to the plaintiff, you must decide whether there are any remaining visual elements that are original to the plaintiff and also appear in the accused works appearing on Redbubble's website and, if so, whether there are substantial similarities or insubstantial similarities.

If plaintiff does not prove that, applying this extrinsic test, the accused works are substantially similar to original expression in the plaintiff's works, your verdict must be for the defendant.

If plaintiff does prove that, applying this first test, then you must proceed to a second test for subjective intrinsic similarity.

For that second test, you must decide whether the ordinary, reasonable person would find that the visual expression in the plaintiff's works and the accused works are substantially similar in their original expression. In this second test, you must also disregard all visual elements that are not original to the plaintiff.

If plaintiff does not prove that, applying this second test, the plaintiff's work and the accused works appearing on Redbubble's website are substantially similar in their original expression, your verdict must be for defendant.

If plaintiff does prove both the first test and second test, then the plaintiff has proven substantial similarity.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## SPECIAL INSTRUCTION NO. 3 – VOLITIONAL CONDUCT

To succeed on its copyright claim, the plaintiff must establish that the defendant engaged in "volitional conduct."   This means that the plaintiff must show that Redbubble itself, and not only the persons who listed the allegedly infringing images on Redbubble's website, was the direct cause of any infringement.

**17.22 COPYRIGHT—AFFIRMATIVE DEFENSE—FAIR USE (17 U.S.C. § 107)**

One who is not the owner of the copyright may use the copyrighted work in a reasonable way under the circumstances without the consent of the copyright owner if it would advance the public interest.  Such use of a copyrighted work is called a fair use.  The owner of a copyright cannot prevent others from making a fair use of the owner's copyrighted work.

Defendant contends that some of the challenged use was fair use of the copyrighted work for the purpose of criticism, comment, or parody.  The defendant must prove that a use was fair by a preponderance of the evidence.

In determining whether the use made of the work was fair, you should consider the following factors:

(1) the purpose and character of the use, including whether the use is of a commercial nature or is for nonprofit educational purposes;

(2) the nature of the copyrighted work;

(3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

(4) the effect of the use upon the potential market for or value of the copyrighted work;

If you find that the defendant has proved by a preponderance of the evidence that a particular challenged use was a fair use of the plaintiff's work, your verdict should be for the defendant with respect to that use.

1

2

### 17.35 COPYRIGHT INFRINGEMENT—DAMAGES—STATUTORY DAMAGES
### (17 U.S.C. § 504(c)

3

4

      If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages.  The plaintiff seeks a statutory damage award, established by Congress for each work infringed.

5

      Its purpose is not only to compensate the plaintiff for its losses, which may be hard to prove, but also to penalize the infringer and deter future violations of the copyright laws.

6

7

      The amount you may award as statutory damages is not less than $750, nor more than $30,000 for each work you conclude was infringed.  The amount of statutory damages must have a plausible relationship to the plaintiff's actual damages.

8

9

      The plaintiff need not provide any evidence of actual damages for it to be awarded the statutory minimum award of statutory damages of $750 per work.  If you find the infringement was innocent, you may award as little as $200 for each work innocently infringed.

10

11

      Instruction 17.36 will tell you what constitutes innocent infringement.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## 17.36 COPYRIGHT—DAMAGES—INNOCENT INFRINGEMENT
### (17 U.S.C. § 504(c)(2))

An infringement is considered innocent when the defendant has proved both of the following elements by a preponderance of the evidence:

1.  the defendant was not aware that its acts constituted infringement of the copyright; and

2.  the defendant had no reason to believe that its acts constituted an infringement of the copyright.

**3.1 DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.  It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**3.2 CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### 3.3 COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### 3.5 RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the courtroom deputy that you are ready to return to the courtroom.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PRELIMINARY INSTRUCTIONS**

1

**1.3 DUTY OF JURY**

2

Members of the jury:  You are now the jury in this case.  It is my duty to instruct you on

3

the law.

4

It is your duty to find the facts from all the evidence in the case.  To those facts you will

5

apply the law as I give it to you.  You must follow the law as I give it to you whether you agree

with it or not.  And you must not be influenced by any personal likes or dislikes, opinions,

6

prejudices or sympathy.  That means that you must decide the case solely on the evidence before

you.  You will recall that you took an oath to do so.

7

At the end of the trial I will give you final instructions.  It is the final instructions that

8

will govern your duties.

9

Please do not read into these instructions, or anything I may say or do, that I have an

opinion regarding the evidence or what your verdict should be.

10

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**1.5 CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff, Atari, asserts that the defendant, Redbubble, has engaged in direct trademark infringement and counterfeiting, vicarious trademark infringement and counterfeiting, and direct copyright infringement.  Atari has the burden of proving these claims.

The defendant, Redbubble, denies those claims.  Additionally, Redbubble contends that even if it is found to infringe Atari's trademark rights, it would not be liable to Atari for that infringement because it has certain affirmative defenses, namely that its activities are covered under the First Amendment and are fair use; and that Atari's claims are barred by laches and the statute of limitations.  Redbubble has the burden of proof on these affirmative defenses.  Likewise, Redbubble contends that even if it is found to infringe Atari's copyright, it would not be liable to Atari for that infringement because it has certain affirmative defenses, namely that its activities are fair use and that Atari's claims are barred by the statute of limitations.

**1.6 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**1.9 WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I may instruct you to accept as proved.

**1.10 WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.      Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## 1.11 EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## 1.12 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## 1.13 RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

# 1.14 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case, if any;

5.    the witness's bias or prejudice, if any;

6.    whether other evidence contradicted the witness's testimony;

7.    the reasonableness of the witness's testimony in light of all the evidence; and

8.    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

# 1.15 CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or

investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

United States District Court
Northern District of California

## 1.16 PUBLICITY DURING TRIAL

If there is any news media account or commentary about the case or anything to do with it, you must ignore it.  You must not read, watch or listen to any news media account of commentary about the case or anything to do with it.  The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## 1.17 NO TRANSCRIPT AVAILABLE TO JURY

2

I urge you to pay close attention to the trial testimony as it is given.  During deliberations

3
you will not have a transcript of the trial testimony.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**1.18 TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the jury room. No one will read your notes.  At the end of the trial, your notes will be collected and destroyed.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

United States District Court
Northern District of California

1

### 1.19 QUESTIONS TO WITNESSES BY JURORS DURING TRIAL

2

3

Only the lawyers and I are allowed to ask questions of witnesses.  A juror is not permitted to ask questions of witnesses.  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## 1.20 BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

United States District Court
Northern District of California

70

1

## 1.21 OUTLINE OF TRIAL

2

      Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

3

4

      The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

5

6

      After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

7

8

      After that, you will go to the jury room to deliberate on your verdict.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California