# EXHIBIT B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04618-RGK-JPR | Date | October 5, 2021 |
|---|---|---|---|
| Title | *Y.Y.G.M. SA v. Redbubble Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Plaintiff's Motion for Permanent Injunction, Attorney's Fees and Prejudgment Interest [DE 208]**

## I. INTRODUCTION

On May 28, 2019, Y.Y.G.M. SA d.b.a. Brandy Melville filed a complaint against Redbubble, Inc. for claims arising from the unauthorized sale of goods bearing Brandy Melville's trademarks through Redbubble's website. Brandy Melville's Complaint alleged (1) trademark infringement and counterfeiting under 15 U.S.C. § 1114, (2) false designation of origin under 15 U.S.C. § 1125(a), (3) common law unfair competition, (4) contributory trademark infringement, and (5) vicarious trademark infringement.

The parties filed cross-motions for summary judgment on May 4, 2020. On July 10, 2020, the Court granted summary judgment for Redbubble as to all of Brandy Melville's claims except for its contributory infringement and counterfeiting claims and denied Brandy Melville's motion. (ECF No. 103).

This case proceeded to a jury trial in June 2021, after which the jury found Redbubble liable for: (1) willful contributory counterfeiting of the Brandy Melville Heart Mark and LA Lightning Mark; (2) contributory infringement of the Brandy Melville Heart Mark and LA Lightning Mark, and; (3) contributory infringement of Plaintiff's unregistered trademarks in the "Brandy Melville" name or other unregistered variations of the Brandy Melville name, including "Brandy LA," "brandymelvilleusa," and "brandymelvilleusa.com." (Redacted Verdict Form, ECF No. 193).

On June 22, 2021, Redbubble moved for judgment as a matter of law. (ECF No. 185.) The Court granted Redbubble's motion on Brandy Melville's claim for contributory counterfeiting of the Brandy Melville Heart Mark and denied the motion in all other respects. (ECF No. 204.)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04618-RGK-JPR | Date | October 5, 2021 |
|---|---|---|---|
| Title | *Y.Y.G.M. SA v. Redbubble Inc.* | | |

Presently before the Court is Brandy Melville's Motion for Permanent Injunction, Attorney's Fees, and Prejudgment Interest. The Court **DENIES** the Motion in its entirety

## II.  FACTUAL BACKGROUND

The relevant facts are outlined in the Court's Order of July 10, 2020. (ECF No. 103.)

## III.  JUDICIAL STANDARD

### A.  Permanent Injunction.

"A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 126 (2006). Additionally, Federal Rule of Civil Procedure 65(d) "requires that any injunction or restraining order be 'specific in terms' and describe in reasonable detail . . . the act or acts sought to be restrained." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1132 (9th Cir. 2006) (quoting Fed. R. Civ. P. 65(d)). "If an injunction does not clearly describe prohibited or required conduct, it is not enforceable by contempt." *Id.*; *Gates v. Shinn*, 98 F.3d 463, 468 (9th Cir. 1996).

### B.  Attorney's Fees

The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). When analyzing a request for fees under the Lanham Act, the court looks to the "totality of the circumstances" to determine whether the infringement was exceptional. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014) an "exceptional" case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016). There is no "precise rule or formula for making these determinations." *Id*. And "equitable discretion should be exercised" based on the following non-exclusive factors: (1) degree of success; (2) objective unreasonableness (both in the factual and legal components of the case); (3) the need in particular circumstances to advance considerations of compensation and deterrence; (4) frivolousness; and (5) motivation. *Id.*; *Maljack Productions, Inc. v. Good Times Home Video Corp.*, 81 F.3d 881 (9th Cir. 1996).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04618-RGK-JPR | | Date | October 5, 2021 |
|---|---|---|---|---|
| Title | *Y.Y.G.M. SA v. Redbubble Inc.* | | | |

## IV. DISCUSSION

### A. Permanent Injunction

#### 1. *The Proposed Injunction*

Brandy Melville seeks a permanent injunction to protect its trademark rights. Brandy Melville requests:

> [T]he entry of a permanent injunction against Redbubble and its officers, agents, servants, employees, attorneys, and all others who are in active concert or participation with them, from referencing, mentioning, and/or using in any way, and/or permitting the reference, mention, and/or use in any way, of BRANDY MELVILLE, Brandy Melville's registered trademarks with the U.S.P.T.O. Registration No. 5,748,883, No. 5,373,397, or No. 5,238,856, or Brandy Melville's unregistered variations of the Brandy Melville name, including "Brandy LA," "brandymelvilleusa," and "brandymelvilleusa.com," (a) on any products that are the same as or confusingly similar to authentic Brandy Melville products or designs, or (b) on any product titles, keywords, or "tags," on the Redbubble.com website that are associated with or are used to promote or drive consumers to products that are the same as or confusingly similar to authentic Brandy Melville products or designs.

(Mot. 14, ECF No. 208)

#### 2. *Irreparable Harm*

Brandy Melville asserts that under 15 U.S.C. § 1116(a) of the Lanham Act, it is "entitled to a rebuttable presumption of irreparable harm" for damage to its reputation because the jury found that Redbubble violated Brandy Melville's trademark rights. Title 15 U.S.C. § 1116(a) provides that a plaintiff seeking a permanent injunction under the Lanham Act "shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection in the case of a motion for a permanent injunction."

Redbubble asserts that it has rebutted the presumption and that Brandy Melville has failed to show irreparable harm because Brandy Melville's own delay in vindicating its rights demonstrates a lack of irreparable harm. The Court agrees.

A long delay before seeking injunctive relief implies a lack of urgency and irreparable harm. *See Garcia v. Google, Inc.*, 786 F.3d 733, 746 (9th Cir. 2015) (citing *Oakland Tribune, Inc. v. Chronicle*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04618-RGK-JPR | Date | October 5, 2021 |
|---|---|---|---|
| Title | *Y.Y.G.M. SA v. Redbubble Inc.* | | |

*Publ'g Co.*, 762 F.2d 1374, 1377 (9th Cir.1985)); *see also* 4 Nimmer on Copyright § 14.06[A][3][c] (noting, in the copyright context, that unreasonable delay can defeat irreparable injury and the length of time "need not be great").

Here, on May 14, 2018, Brandy Melville's counsel provided notice to Redbubble that certain identified content offered for sale on Redbubble's website was infringing its trademarks. Redbubble later removed the identified listings and requested that Brandy Melville notify it of any other designs that Brandy Melville would like removed. On May 15, 2018 Brandy Melville again notified Redbubble that it was offering for sale products that incorporated Brandy Melville's name or trademarks. But Brandy Melville waited until May 28, 2019 to attempt vindicate its rights by filing this lawsuit. The Court finds that this delay substantially undercuts Brandy Melville's assertion of irreparable harm.

Brandy Melville cites *Center for Food Safety v. Schafer*, Case No. C-08-00484-JSW, 2010 WL 964017 (N.D. Cal. Mar. 16, 2010) as support for its counterargument that, unless a delay rises to the level of laches, it does not bar a permanent injunction. The Court finds this argument unpersuasive.

*Center for Food Safety* does not support Brandy Melville's contention. There, the court noted that the doctrine of laches can be used to bar a permanent injunction, but went on to note that, "[a]lthough a particular period of delay may not rise to the level of laches and thereby bar a permanent injunction, it may still indicate an absence of the kind of irreparable harm required to support a preliminary injunction." *Id.* at *4 (citations omitted). Moreover, the Ninth Circuit has held that delay is a factor to consider. *See Arc of Cal. v. Douglas*, 757 F.3d 975, 990 (9th Cir. 2014). Thus, given Brandy Melville's delay of more than a year between first notifying Redbubble of infringement and filing this lawsuit, Redbubble has rebutted Brandy Melville's presumption of irreparable harm. The Court now turns to Brandy Melville's evidence of irreparable harm.

Brandy Melville points only to trial testimony from a Brandy Melville employee, Madison Elkins, to establish irreparable harm. Ms. Elkins testified that, in her experience, the sale of Brandy Melville designs through Redbubble's website harmed Brandy Melville's brand. (Opp. to Redbubble's Mot. for JMOL, Ex. 2, at 268:13–269:3, ECF No. 199-3). While this testimony provides *some* evidence of harm, the Court finds that this alone does not establish that Brandy Melville suffered irreparable harm by a preponderance of the evidence. Accordingly, Brandy Melville has failed to establish it suffered irreparable harm to its reputation.

The Court therefore **DENIES** Brandy Melville's Motion for a permanent injunction.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04618-RGK-JPR | Date | October 5, 2021 |
|---|---|---|---|
| Title | *Y.Y.G.M. SA v. Redbubble Inc.* | | |

### B.  Attorney's Fees

As an initial matter, Brandy Melville asserts that, because the jury found Redbubble guilty of *willful* contributory counterfeiting, this finding automatically renders this case "exceptional," as required to receive an award of attorney's fees under the Lanham Act. Brandy Melville contends that, although the Ninth Circuit no longer *requires* a showing of malicious, fraudulent, deliberate, or willful infringement, such a finding is sufficient under the current "totality of the circumstances" standard outlined in *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016). The Court disagrees.

Granting attorney's fees under the Lanham Act based solely on a jury's willfulness finding is a problematic approach. *See Watec v. Liu,* 403 F.3d 645, 656 (9th Cir. 2005). "[A] determination that a trademark case is exceptional is a question of law for the district court, not the jury." *Id.* Further, a jury's finding of willfulness "does not necessarily equate with the malicious, fraudulent, deliberate or willful conduct that [courts] usually require before deeming a case exceptional." *Id.* As such, the jury's finding that Redbubble willfully committed contributory counterfeiting is not itself sufficient to support an award of attorney's fees.

The Court now turns to the non-exhaustive list of *Sun-Earth* factors to determine whether an award of attorney's fees is warranted under the totality-of-the-circumstances. These factors include, as relevant here: (1) the degree of success; (2) objective unreasonableness (both in the factual and legal components of the case); and (3) the need in particular circumstances to advance considerations of compensation and deterrence. *SunEarth, Inc,* 839 F.3d at 1181.

#### 1.  Degree of success

##### a.  Applicable law

The parties agree that the prevailing party's degree of success is relevant to an inquiry of whether a case is "exceptional" for awarding attorney's fees under the Lanham Act. Yet neither party cites, and the Court is unaware of, any binding authority specifically on point for the "degree of success" inquiry in the context of determining whether a case is "exceptional" under the Lanham Act.

Brandy Melville urges the court to adopt the Supreme Court's approach in *Hensley v. Eckerhart* to determine its success, despite not being exactly on point. 461 U.S. 424, 426 (1983). The *Hensley* Court distinguished between cases in which a plaintiff's claims are discrete and those where a plaintiff's claims are interrelated to determine the plaintiff's degree of success and the amount of the ultimate fee award. In the former type of case, a court may determine the prevailing party's success on a claim-by-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04618-RGK-JPR | Date | October 5, 2021 |
|---|---|---|---|
| Title | *Y.Y.G.M. SA v. Redbubble Inc.* | | |

claim basis. In the latter type of case, *Hensley* instructs courts to focus on the prevailing party's overall success due to the difficulties in calculating the time an attorney worked on each claim. Importantly, however, the Court applied this analysis only after establishing that the prevailing party was entitled to an award of fees.

Here, the court must first decide whether Brandy Melville is entitled to attorney's fees at all. Thus, the analysis in *Hensley* is inapposite and does not preclude the Court from determining Brandy Melville and Redbubble's success on a claim-by-claim basis.

    b. *Degree of success inquiry*

Brandy Melville argues that it achieved a high degree of success because it prevailed on "essentially all of its claims submitted to the jury." Also, "the jury awarded 200 times the minimum statutory damages for one counterfeited mark and 300 times the minimum for the other[,]" along with "full disgorgement of Redbubble's profits." (Pl.'s Mot. for Prelim. Inj. at 9, ECF No. 208.)

Redbubble, on the other hand, contends that it achieved greater success because the Court granted summary judgment in Redbubble's favor on most of the claims for which Brandy Melville now seeks attorney's fees. Redbubble also contends that the fact that Brandy Melville's final damage award was less than four percent of the amount sought demonstrates Brandy Melville's lack of success.

In its Complaint, Brandy Melville asserted claims for: (1) direct trademark infringement and counterfeiting; (2) false designation of origin; (3) common law unfair competition; (4) contributory infringement and counterfeiting; and (5) vicarious trademark infringement and counterfeiting. (Compl. at 8–12, ECF No. 1.)

The Court granted summary judgment for Redbubble on Plaintiff's claims for (1) direct infringement and counterfeiting; (2) false designation of origin; (3) common law unfair competition; and (4) vicarious infringement. (Order Re: Mot. for Summ. J. at 5,12 ECF No. 103.)

At trial, Brandy Melville experienced mixed success. Brandy Melville prevailed on its claims for (1) contributory infringement and counterfeiting of the LA Lightning Mark and (2) contributory infringement of Brandy Melville's unregistered trademarks. (Order Re: Mot. for JMOL at 2, ECF No. 204.) Redbubble successfully defended Brandy Melville's claims for (1) infringement of the Brandy Melville Flags Mark (Redacted Verdict Form at 3, ECF No. 193) and (2) contributory infringement and counterfeiting of the Brandy Melville Heart Mark. (Order Re: Mot. for JMOL at 3.)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04618-RGK-JPR | Date | October 5, 2021 |
|---|---|---|---|
| Title | *Y.Y.G.M. SA v. Redbubble Inc.* | | |

Thus, based on the numbers, Redbubble prevailed on more claims than did Brandy Melville. Moreover, while Brandy Melville insists that the jury award shows it achieved great success, in its own Motion, Brandy Melville contradicts itself and concedes that the jury award was "small." (*Compare* Pl.'s Mot. for Prelim. Inj. at 9) ("The jury awarded 200 times the minimum statutory damages for one counterfeited mark and 300 times the minimum for the other.") (*with id.* at 13) ("The Ninth Circuit has expressed concern that a 'small award for damages,' without fees, may be insufficient to deter future copyright infringement. . . This is such a case") (internal quotations omitted) (citation omitted).

To summarize, Brandy Melville has not achieved a high degree of success. Moreover, Brandy Melville itself admits its jury award was small. As a result, this factor weighs against finding the case "exceptional."

      *c.*  *Compensation and deterrence*

Redbubble maintains that fees are unnecessary to deter future infringement because Redbubble's proactive policing "substantially decreased" infringing listings, and further, that Redbubble has sold no counterfeit LA Lightning products since it received notice of the infringement.

Brandy Melville argues that this is a case in which a small award for damages without fees may be insufficient to deter future infringement, *see Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1039 (9th Cir. 2018) (expressing concern that a "small award for damages," without fees, may be "insufficient to deter future copyright infringements"), and an intellectual property owner whose rights have been infringed should not suffer a substantial loss for protecting its rights. The Court agrees.

Even assuming Redbubble's proactive policing does substantially decrease infringing listings on its site, Redbubble does not—and cannot— guarantee that its policing techniques will completely eliminate infringing listings. Accordingly, there is a risk of future infringement, which an award of fees may help deter.

Therefore, based on the risk of future infringement, this factor favors awarding attorney's fees.

      *d.*  *Redbubble's legal and factual positions were not objectively unreasonable*

Brandy Melville contends that Redbubble took objectively unreasonable legal and factual stances in contesting liability on the LA Lightning Mark and the unregistered trademarks. Redbubble responds that its litigation position was not objectively unreasonable or meritless because the Court denied Brandy Melville's motion for summary judgment.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04618-RGK-JPR | | Date | October 5, 2021 |
|---|---|---|---|---|
| Title | *Y.Y.G.M. SA v. Redbubble Inc.* | | | |

Other courts in this district have held that a party's litigating position must be objectively meritless under the *Octane* standard to find the case exceptional and grant attorney's fees. *See Arcona, Inc. v. Farmacy Beauty, LLC*, No. 2:17-CV-7058-ODW (JPRx), 2021 WL 2414856 (C.D. Cal. June 14, 2021); *Cambrian Sci. Corp., v. Cox Commc'ns, Inc.*, 79 F. Supp. 3d 1111, 1115 (C.D. Cal. 2015).

Brandy Melville points only to Redbubble's arguments on its motion for judgment as a matter of law and quibbles with Redbubble's assertion of its (1) aesthetic functionality; (2) fair use; and (3) failure to mitigate defenses. While Redbubble ultimately failed to establish its defenses by a preponderance of the evidence, all three are valid legal defenses to trademark infringement. In any event, under the totality of the circumstances, Redbubble's overall litigation position was not objectively unreasonable or meritless. On cross-motions for summary judgment, the Court denied Brandy Melville's motion, finding that a genuine dispute of material fact existed about whether Redbubble's listings created confusion among consumers. The Court cannot now fault Redbubble for continuing to litigate the issue.

Next, Brandy Melville insists that Redbubble's defenses were objectively unreasonable from a factual perspective because the jury found Redbubble liable for willful contributory infringement.

Brandy Melville's argument strains logic. A defendant's arguments are not unreasonable just because a jury finds for the plaintiff. As already noted, whether Redbubble's listings created confusion was simply a factual question for the jury to answer. Both parties submitted evidence and presented colorable arguments, and the jury found for Brandy Melville. The jury's verdict does not automatically render Redbubble's position unreasonable.

In summary, Redbubble's legal and factual positions were not meritless and, therefore, not objectively unreasonable.

On balance, the "totality of the circumstances" does not support a finding that this case is "exceptional." First, Brandy Melville did not achieve a high degree of success. Second, Redbubble's litigation positions, from a legal and factual standpoint, were not unreasonable. Although there may be a need for deterrence, this case does not stand out from others. Brandy Melville's litigation position was commensurate to Redbubble's, and both parties reasonably litigated the case.

Accordingly, the Court **DENIES** Brandy Melville's Motion for Attorney's Fees.

### A. Prejudgment Interest

Brandy Melville seeks prejudgment interest on its statutory damages award under 15 U.S.C. § 1117(a). Although the Lanham Act specifically provides for an award of prejudgment interest under 15

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-04618-RGK-JPR | Date | October 5, 2021 |
|---|---|---|---|
| Title | *Y.Y.G.M. SA v. Redbubble Inc.* | | |

U.S.C. § 1117(b), Section 1117(a) is silent on the matter. The Ninth Circuit has not addressed whether prejudgment interest is available under Section 1117(a); however, "where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983).

Brandy Melville cites three out-of-circuit decisions and urges the Court to hold that 15 U.S.C. 1117(a) allows recovery of prejudgment interest. *See United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1236–37 (10th Cir. 2000); *Am. Honda Motor Co., Inc. v. Two Wheel Corp.*, 918 F.2d 1060, 1064 (2d Cir. 1990); *Gorenstein Enters., Inc. v. Quality Care-USA, Inc.*, 874 F.2d 431, 436 (7th Cir. 1989). None of these out-of-circuit cases explicitly consider the language difference between 1117(a) and (b), and the Court finds them unpersuasive. Because Congress included language for prejudgment interest in subsection (a) and not (b), the Court presumes Congress acted intentionally. *See Neurovision Med. Prod., Inc. v. Nuvasive*, Inc., No. 2:09-CV-06988-DSF(JEM), 2014 WL 12567167 (C.D. Cal. Dec. 2, 2014) (holding the same).

Accordingly, the Court **DENIES** Brandy Melville's Motion for Prejudgment Interest.

## V. CONCLUSION

For these reasons, the Court **DENIES** Brandy Melville's Motion in its entirety

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer _____