1  ELLIS GEORGE CIPOLLONE
   O'BRIEN ANNAGUEY LLP
2  Keith J. Wesley (State Bar No. 229276)
     kwesley@egcfirm.com
3  Christopher W. Arledge (State Bar No. 200767)
     carledge@egcfirm.com
4  Matthew L. Venezia (State Bar No. 313812)
     mvenezia@egcfirm.com
5  George B. A. Laiolo (State Bar No. 329850)
     glaiolo@egcfirm.com
6  2121 Avenue of the Stars, Suite 2800
   Los Angeles, California 90067
7  Telephone: (310) 274-7100
   Facsimile: (310) 275-5697
8
   Attorneys for Plaintiff
9  Atari Interactive, Inc.

10              UNITED STATES DISTRICT COURT

11       NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

12  ATARI INTERACTIVE, INC.,                Case No. 4:18-cv-03451-JST
                                            [*Related to Case No. 4:19-cv-00111-JST*]
13              Plaintiff,

14         vs.                              **PLAINTIFF ATARI INTERACTIVE, INC.'S
                                            OBJECTIONS TO REDBUBBLE, INC.'S
15  REDBUBBLE, INC.,                        BILL OF COSTS**

16              Defendant.

17  ─────────────────────────────          Judge:   Hon. Jon S. Tigar
                                            Date:    March 3, 2022
    AND RELATED ACTIONS                     Time:    2:00 p.m.
18                                          Crtrm.:  6, 2nd Floor

19

20

21

22

23

24

25

26

27

28

1971126.1
                                                    Case No. 4:18-cv-03451-JST

1    Plaintiff Atari Interactive, Inc. ("Atari") objects to Redbubble, Inc.'s ("Redbubble") Bill of

2  Costs, ECF No. 266, as follows.

3  **I.      THE COURT SHOULD DEFER ANY COSTS AWARD PENDING THE**

4          **RESOLUTION OF ATARI'S APPEAL**.

5          Similarly to a motion for attorneys' fees, courts have discretion to stay consideration of a

6  bill of costs pending resolution of an appeal on the merits. *G.P.P., Inc. v. Guardian Prot. Prods.,*

7  *Inc.*, No. 1:15–cv–00321–SKO, 2018 WL 932087, at *2–3 (E.D. Cal. Feb. 16, 2018) (collecting

8  cases). For the same reasons set forth in Atari's concurrently-filed Opposition to Redbubble's

9  Motion for Attorneys' Fees, Atari respectfully requests that the Court delay ruling on Redbubble's

10  Bill of Costs until such time as Atari's pending appeal has been resolved.

11  **II.     REDBUBBLE'S REQUESTED COSTS FOR VISUAL AIDS ARE NOT**

12          **COMPENSABLE, AND ARE UNSUBSTANTIATED AND FACIALLY**

13          **UNREASONABLE**.

14          Redbubble bears the burden "to demonstrate the amount of costs that are taxable under

15  relevant local laws." *Pac. Coast Bldg. Prods., Inc. v. CertainTeed Gypsum, Inc.*, No. 18-CV-

16  00346, 2019 WL 8137133, at *2 (N.D. Cal. Dec. 5, 2019) (citing *In re Ricoh Co., Ltd. Patent*

17  *Litig.*, 661 F.3d 1361, 1367 (Fed. Cir. 2011) ("The burden is on the prevailing party to establish

18  the amount of compensable costs and expenses to which they are entitled.")). In regard to visual

19  aids, Redbubble must demonstrate "[t]he cost of preparing charts, diagrams, videotapes, and other

20  visual aids to be used as exhibits" was "reasonably necessary to assist the jury or the Court in

21  understanding the issues at the trial." L.R. 54-3(d)(5). Redbubble failed to so demonstrate.

22          **A.      Time spent to "discuss graphics" or "develop graphics" at the direction of**

23                  **Redbubble lawyers**.

24          Redbubble presents invoices with numerous time entries to "discuss graphics" or "develop

25  graphics" at the direction of Redbubble's lawyers. These time entries provide insufficient details

26  to demonstrate that any of the time was compensable, are facially unreasonable, and include non-

27  compensable intellectual efforts.

28

1         **1.**      **<u>Redbubble fails to show the visual aids were reasonably necessary, and</u>**

2                     **<u>the time billed to their preparation is facially unreasonable</u>**.

3         Redbubble's time entries provide insufficient detail for Atari or the Court to determine

4    whether any of the time was billed in connection with developing graphics that were reasonably

5    necessary, each following this format:

6    | 18.25 | Hours 10/31/21 12:00 a.m.-4:15 a.m.; 10:00 a.m.-12:00 a.m. | 295.00 | 5,383.75 |

7    [ON-SITE ARTIST] Mr. Kent Bell developed graphics per the direction of Ms. Daralyn Durie, Mr. Joseph Gratz, Ms. Allyson

8    Bennett, Ms. Moon Hee Lee, and Mr. Matthaeus Martino-Weinhardt.

9    Dkt. No. 266-2, 12. Notably missing is any indication as to *which graphics* were developed and

10   for *what purpose*. Without that information it is impossible to determine whether the graphics

11   were to be used as exhibits, or whether the graphics were reasonably necessary. *See Pac. Coast*

12   *Bldg. Prods.*, 2019 WL 8137133, at *3 (disallowing costs where evidence was not provided

13   sufficient to determine whether costs were taxable).

14        Atari's gripes with Redbubble's documentation are not merely technical in nature—the

15   amount of costs submitted by Redbubble when compared to the length of trial and amount of

16   demonstratives used suggests serious duplication and overbilling. The following chart provides

17   week-by-week summaries of the time submitted by Redbubble to "prepare graphics" or "discuss

18   graphics".

| Date | Hours | Rate | Total |
|------|-------|------|-------|
| 9/26/2021–10/2/2021 | 1 | $295.00 | $295.00 |
| 10/3/2021–10/9/2021 | 55.5 | $295.00 | $16,372.50 |
| 10/10/2021–10/16/2021 | 34 | $295.00 | $10,030.00 |
| 10/17/2021–10/23/2021 | 122 | $295.00 | $35,90.00 |
| 10/24/2021–10/30/2021 | 162.75 | $295.00 | $48,011.25 |
| 10/31/2021–11/06/2021 | 150.75 | $295.00 | $44,471.25 |
| Total | 526 | $295.00 | $155,170.00 |

27        Notably, Redbubble did not use any original demonstrative graphics during Atari's case-

28   in-chief or its own defense. While the invoices do not so specify, during Atari's required meet-

1   and-confer with Redbubble, Redbubble's counsel confirmed that these time entries related to the

2   creation of the PowerPoint slides presented alongside Redbubble's opening and closing

3   arguments. Even if accepted, it is facially unreasonable to spend in excess of 500 hours preparing

4   two PowerPoints, and even if Redbubble's counsel made the strategic choice to do so, this was not

5   a "reasonably necessary" expense that may be passed along to Atari as costs.

6   **2.    The block billing includes non-compensable meeting and planning time**.

7   Redbubble's time entries failed to provide sufficient detail to separate compensable time

8   spent preparing graphics from non-compensable time, such as the intellectual effort used to

9   consider graphics and meeting time. *See Linex Techs., Inc. v. Hewlett–Packard Co.*, No. 13–cv–

10  00159–CW, 2014 WL 5494906, at *9 (N.D. Cal. Oct. 30, 2014) ("[C]osts associated with the

11  intellectual effort involved in creating the content of demonstratives are not recoverable.")

12  (quoting *Ancora Techs., Inc. v. Apple, Inc.*, No. 11–CV–06357, 2013 WL 4532927, at *5 (N.D.

13  Cal. Aug. 26, 2013)); *Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996) (same); *Emblaze Ltd.

14  v. Apple Inc.*, No. 5:11–cv–01079, 2015 WL 1304779, at *7 (N.D. Cal. Mar. 20, 2015)

15  (disallowing costs for "time spent meeting with individuals about demonstratives").

16  The time entries suggest that meetings and discussions occurred between Redbubble's

17  counsel and graphics technicians, because the graphics were prepared "per the direction" of

18  Redbubble's counsel, and as a matter of common sense, Redbubble's graphics technicians could

19  not have developed PowerPoints to track Redbubble's opening and closing arguments without

20  consulting Redbubble's counsel. However, the time entries provide no breakdown as to what

21  percentage of the time was devoted to such non-compensable meetings and discussion, and the

22  entire time entries must thus be disallowed. *Blade Room Group, LLC v. Emerson Elec. Co.*, No.

23  5:15-cv-01370-EJD, 2019 WL 13036321, at *11 (N.D. Cal. Dec. 11, 2019) ("[T]o the extent that

24  any of this non-taxable work may have been block-billed in the same entry as arguably taxable

25  costs, those entries should be disallowed in their entirety because there is no evidentiary basis for

26  apportioning the costs between taxable and non-taxable time").

27  **B.    Time spent for onsite technology support**.

28  Redbubble provided invoices for tech support, with the majority of the time entries stating

1   that Brian Lee provided "Services:Technology:Onsite Support". The following chart provides

2   week-by-week summaries of the time submitted by Redbubble fitting this general description.

3

| Date | Hours | Rate | Total |
|------|-------|------|-------|
| 10/10/2021–10/16/2021 | 5.25 | $245.00 | $1,286.25 |
| 10/17/2021–10/23/2021 | 39.75 | $245.00 | $9,738.75 |
| 10/24/2021–10/30/2021 | 82.75 | $245.00 | $20,273.75 |
| 10/31/2021–11/06/2021 | 52 | $245.00 | $12,740.00 |
| Total | 179.75 | $245.00 | $44,038.75 |

9          Primarily, technical support at trial is not part of "preparing charts, diagrams, videotapes,

10  and other visual aids to be used as exhibits," and the time should thus be disallowed in its entirety.

11  *Vectren Commc'ns Servs. v. City of Alameda*, No. C 08–3137 SI, 2014 WL 3612754, at *6 (N.D.

12  Cal. July 22, 2014) ("[M]any of charges for physical preparation of demonstratives are listed

13  under the same headings as charges for assisting counsel in the courtroom with presenting the

14  exhibits. Alameda has not cited any authority holding that charges for assisting counsel in this way

15  are recoverable.").

16          Nonetheless, even courts that have allowed costs for trial technicians in the context of

17  complex patent litigation, where the courts have found such technical assistance to be required,

18  have limited the time to those hours spent in court while trial was in session. *Emblaze*, 2015 WL

19  1304779, at *7 ("In this trial, where the jury commenced deliberations on day eight, the court can

20  only reasonably assume that services for eight days from 9:00AM to 4:30PM fall within the

21  statutory requirement."). Here, trial was only in session for a total of roughly 28.5 hours, including

22  jury selection and a day where the parties were dismissed early because the jury did not appear,[1]

23  and thus, at maximum, 28.5 hours of Mr. Lee's time could be compensable. Venezia Decl. at ¶¶ 2,

24  3.[2]

25

26  [1] 10-25-2021: roughly 6 hours of jury selection; 10-26-2021: zero time; 10-27-2021: 4.5 hours;
    10-28-2021: 4.5 hours; 11-01-2021: 4.5 hours; 11-02-2021: 4.5 hours; 11-03-2021: 4.5 hours.

27
    [2] Mr. Lee's additional charges for equipment, meals, and air fare, in a total amount of $1,136.17,

28  do not relate to the preparation of demonstratives, and should also be disallowed.

PLAINTIFF ATARI INTERACTIVE, INC,'S OBJECTIONS TO REDBUBBLE, INC.'S BILL OF COSTS

1  **III.      CONCLUSION**

2          For the reasons set forth above, Atari requests that the Court defer ruling on Redbubble's

3  Bill of Costs pending the resolution of Atari's appeal, or alternatively, should the Court rule at this

4  time, strike Redbubble's requested costs related to visual aids.

5  Dated:  January 18, 2022                          ELLIS GEORGE CIPOLLONE
                                                     O'BRIEN ANNAGUEY LLP
6                                                       Keith J. Wesley
                                                        Christopher W. Arledge
7                                                       Matthew L. Venezia
                                                        George B. A. Laiolo
8

9                                                    By:  *Matthew Venezia*

10                                                         Matthew L. Venezia

11                                                   Attorneys for Plaintiff Atari Interactive, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF ATARI INTERACTIVE, INC,'S OBJECTIONS TO REDBUBBLE, INC.'S BILL OF COSTS