ELLIS GEORGE CIPOLLONE
O'BRIEN ANNAGUEY LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@egcfirm.com
Christopher W. Arledge (State Bar No. 200767)
  carledge@egcfirm.com
Matthew L. Venezia (State Bar No. 313812)
  mvenezia@egcfirm.com
George B. A. Laiolo (State Bar No. 329850)
  glaiolo@egcfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff
Atari Interactive, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| ATARI INTERACTIVE, INC.,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>REDBUBBLE, INC.,<br><br>　　　　　Defendant.<br><br>AND RELATED ACTIONS | Case No. 4:18-cv-03451-JST<br>[*Related to Case No. 4:19-cv-00111-JST*]<br><br>**PLAINTIFF ATARI INTERACTIVE, INC.'S MOTION TO RE-TAX COSTS AWARDED TO DEFENDANT REDBUBBLE, INC. BY THE CLERK**<br><br>Date:　　March 17, 2022<br>Time:　　2:00 p.m.<br>Crtrm.:　 6, 2nd Floor<br>Judge:　　Hon. Jon S. Tigar |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT ON March 17, 2022, or as soon thereafter as counsel may be heard, Plaintiff Atari Interactive, Inc. ("Atari") will and hereby does move, pursuant to Federal Rule of Civil Procedure 54(d)(1) for an order re-taxing costs awarded to Defendant Redbubble, Inc. ("Redbubble") by the Clerk (ECF No. 284).

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities and supporting Declaration of Matthew L. Venezia included herewith, all pleadings and papers on file in this action, and such further evidence, argument, and exhibits that may be submitted to the Court at or before the hearing.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND.

On December 20, 2021, Redbubble filed its Bill of Costs, seeking $242,874.98, including $226,671.54 for "visual aide." *See* ECF No. 266 at 2. Atari objected to Redbubble's Bill of Costs, arguing that the Court should defer costs pending the resolution of this case's appeal, and that in any event, Redbubble's request for visual aid costs was facially unreasonable, unsubstantiated, and not compensable. *See* ECF No. 278 at 2–6. Redbubble filed a Reply in support of its Bill of Costs, attached to which was the supporting declaration of Greg Glass ("Glass Decl."), the owner of Point Multimedia, LLC, the consulting firm that provided trial graphics and demonstratives to Redbubble for this case. ECF Nos. 281, 281-1. Atari then objected to the Glass Decl. on the grounds that it was improperly offered for the first time on reply, that it lacked foundation, consisted of inadmissible hearsay, and that it demonstrated the unbelievable nature of certain non-compensable time entries Redbubble improperly sought to recover as costs. *See* ECF No. 283.

On February 1, 2022, the acting Clerk of Court taxed $172,429.38 of Redbubble's costs to Atari. ECF No. 284. The Clerk made certain adjustments to the costs sought by Redbubble, citing generally the governing provisions of the Local Rules as grounds for those adjustments. For instance, the Clerk reduced Redbubble's $208,824.04 in visual aide costs by $49,038.75, awarding visual aide costs of $159,785.29. *Id.* at 2. In the "Disallowance Reason" column, the Clerk listed "A . . . E – 54(d)(5)."[1] Though this rule does outline the types of compensable visual aid costs, the Clerk's citation thereto does not elucidate the logic or methodology governing the amount of reduction in costs, and Atari respectfully submits that a much larger reduction is required.

## II. THE COURT SHOULD DEFER ANY COSTS AWARD PENDING THE RESOLUTION OF ATARI'S APPEAL.

Similarly to a motion for attorneys' fees, courts have discretion to stay consideration of a bill of costs pending resolution of an appeal on the merits. *G.P.P., Inc. v. Guardian Prot. Prods.,*

---

[1] Local Rule 54(d)(5) reads "The costs of preparing charts, diagrams, videotapes, and other visual aids to be used as exhibits is allowable if such exhibits are reasonably necessary to assist the jury or the Court in understanding the issues at trial."

*Inc.*, No. 1:15–cv–00321, 2018 WL 932087, at **2–3 (E.D. Cal. Feb. 16, 2018) (collecting cases). For the same reasons set forth in Atari's Opposition to Redbubble's Motion for Attorneys' Fees, Atari respectfully requests that the Court delay ruling on Redbubble's Bill of Costs until such time as Atari's pending appeal has been resolved.

## III. REDBUBBLE'S REQUESTED COSTS FOR VISUAL AIDS ARE NOT COMPENSABLE, AND ARE UNSUBSTANTIATED AND FACIALLY UNREASONABLE.

Redbubble bears the burden "to demonstrate the amount of costs that are taxable under relevant local laws." *Pac. Coast Bldg. Prods., Inc. v. CertainTeed Gypsum, Inc.*, No. 18-CV-00346, 2019 WL 8137133, at *2 (N.D. Cal. Dec. 5, 2019) (citing *In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1367 (Fed. Cir. 2011) ("The burden is on the prevailing party to establish the amount of compensable costs and expenses to which they are entitled.")). In regard to visual aids, Redbubble must demonstrate "[t]he cost of preparing charts, diagrams, videotapes, and other visual aids to be used as exhibits" was "reasonably necessary to assist the jury or the Court in understanding the issues at the trial." L.R. 54-3(d)(5). Redbubble failed to so demonstrate.

### A. Time spent to "discuss graphics" or "develop graphics" at the direction of Redbubble lawyers.

Redbubble presents invoices with numerous time entries to "discuss graphics" or "develop graphics" at the direction of Redbubble's lawyers. These time entries provide insufficient details to demonstrate that any of the time was compensable, are facially unreasonable, and include non-compensable intellectual efforts.

#### 1. Redbubble fails to show the visual aids were reasonably necessary, and the time billed to their preparation is facially unreasonable.

Redbubble's time entries provide insufficient detail for Atari or the Court to determine whether any of the time was billed in connection with developing graphics that were reasonably necessary, each following this format:

| | | | | |
|---|---|---|---|---|
| 18.25 | Hours 10/31/21 12:00 a.m.-4:15 a.m.; 10:00 a.m.-12:00 a.m. [ON-SITE ARTIST] Mr. Kent Bell developed graphics per the direction of Ms. Daralyn Durie, Mr. Joseph Gratz, Ms. Allyson | | 295.00 | 5,383.75 |

Bennett, Ms. Moon Hee Lee, and Mr. Matthaeus Martino-Weinhardt.

Dkt. No. 266-2, 12. Notably missing is any indication as to *which graphics* were developed and for *what purpose*. Without that information it is impossible to determine whether the graphics were to be used as exhibits, or whether the graphics were reasonably necessary. *See Pac. Coast Bldg. Prods.*, 2019 WL 8137133, at *3 (disallowing costs where evidence was not provided sufficient to determine whether costs were taxable).

Atari's gripes with Redbubble's documentation are not merely technical in nature—the amount of costs submitted by Redbubble when compared to the length of trial and amount of demonstratives used suggests serious duplication and overbilling. The following chart provides week-by-week summaries of the time submitted by Redbubble to "prepare graphics" or "discuss graphics".

| Date | Hours | Rate | Total |
| --- | --- | --- | --- |
| 9/26/2021–10/2/2021 | 1 | $295.00 | $295.00 |
| 10/3/2021–10/9/2021 | 55.5 | $295.00 | $16,372.50 |
| 10/10/2021–10/16/2021 | 34 | $295.00 | $10,030.00 |
| 10/17/2021–10/23/2021 | 122 | $295.00 | $35,90.00 |
| 10/24/2021–10/30/2021 | 162.75 | $295.00 | $48,011.25 |
| 10/31/2021–11/06/2021 | 150.75 | $295.00 | $44,471.25 |
| Total | 526 | $295.00 | $155,170.00 |

The Court, in its discretion, can reduce costs that are unreasonably large. *Hardwick v. County of Orange*, No. SACV 13-1390, 2017 WL 5664992, at *5 (C.D. Cal. Oct. 2, 2017) (reducing PowerPoint costs award by 76% and citing *Gunchick v. Fed. Ins. Co.*, No. CV 14-1162, 2015 WL 4451041, at *2 (July 17, 2015) (denying costs for slide show where majority of slides were "enlarged copies of exhibits already entered into evidence" and "simple slides that do not seem to justify their high price tag")).[2] While during the meet and confer process Redbubble only

---

[2] *See also F.B.T. Prods., LLC v. Aftermath Records*, No. CV 07-3314, 2009 WL 10672273, at *4

mentioned using original graphics in its opening and closing, on reply, Redbubble claims that it also used "original demonstratives during the cross examination of Atari's licensing director Casandra Brown and its expert Tim Lapetino, as well as during its direct examination of James Toy." ECF No. 281 at 6. But the types of demonstratives to which Redbubble refers did not demand in excess of 500 hours to create. Though Redbubble dresses up its descriptions of these demonstratives with colorful language—"mock-ups of t-shirt designs . . . varying different aspects of a design to pose questions about infringement and fair use" (ECF No. 281 at 6)—the actual demonstratives amounted to, essentially, PowerPoint slides with a few assets apiece. It was not "reasonably necessary" for Redbubble to enlist the expensive technical professionals at Point Multimedia to spend 62.5 8-hour days to create these "simple slides that do not seem to justify their high price tag." *Gunchick*, 2015 WL 4451041 at *2.

### 2. The block billing includes non-compensable meeting and planning time.

Redbubble's time entries failed to provide sufficient detail to separate compensable time spent preparing graphics from non-compensable time, such as the intellectual effort used to consider graphics and meeting time. *See Linex Techs., Inc. v. Hewlett–Packard Co.*, No. 13–cv–00159, 2014 WL 5494906, at *9 (N.D. Cal. Oct. 30, 2014) ("[C]osts associated with the intellectual effort involved in creating the content of demonstratives are not recoverable") (quoting *Ancora Techs., Inc. v. Apple, Inc.*, No. 11–CV–06357, 2013 WL 4532927, at *5 (N.D. Cal. Aug. 26, 2013)); *Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996) (same); *Emblaze Ltd. v. Apple Inc.*, No. 5:11–cv–01079, 2015 WL 1304779, at *7 (N.D. Cal. Mar. 20, 2015) (disallowing costs for "time spent meeting with individuals about demonstratives").

The time entries suggest that meetings and discussions occurred between Redbubble's counsel and graphics technicians, because the graphics were prepared "per the direction" of Redbubble's counsel, and as a matter of common sense, Redbubble's graphics technicians could not have developed PowerPoints to track Redbubble's opening and closing arguments without

---

(C.D. Cal. June 25, 2009) (agreeing with Plaintiff that only "unambiguously attributable to physical preparation and duplication" of demonstrative aids were taxable, while the costs of designing those materials were not).

consulting Redbubble's counsel. However, the time entries provide no breakdown as to what percentage of the time was devoted to such non-compensable meetings and discussion, and therefore, the Court should disallow the entire time entries. *Blade Room Group, LLC v. Emerson Elec. Co.*, No. 5:15-cv-01370, 2019 WL 13036321, at *11 (N.D. Cal. Dec. 11, 2019) ("[T]o the extent that any of this non-taxable work may have been block-billed in the same entry as arguably taxable costs, those entries should be disallowed in their entirety because there is no evidentiary basis for apportioning the costs between taxable and non-taxable time").

Redbubble's attempt to remedy this problem with the Declaration of Greg Glass ("Glass Decl.") fails, and Atari hereby incorporates by reference its previously filed objections to the Glass Decl. *Id.* at ECF No. 283. As explained in more detail therein, Mr. Glass was not the timekeeper for any of the relevant time entries and thus has lacks requisite personal knowledge. *Id.* at 2–3. To the extent Mr. Glass knows anything about the nature of the work performed by the individual timekeepers, outside of what is written in the bills, that knowledge stems from Mr. Glass's "close contact[.]" ECF No. 281-1, ¶ 2. Or, in other words, Mr. Glass talked to his employees, and now offers their out-of-court statements for the truth of the matter asserted. The hearsay rules do not permit this. FRE 801, 802.

Moreover, Mr. Glass attests that "where Point Multimedia billed time for discussions or meetings, the time entries use the word 'discussed.'" ECF No. 281-1, ¶ 4. It must be noted that the last time entry using the word "discussed" appears on October 11, 2021—two weeks before the beginning of trial. ECF No. 281-2, 3. It is simply not believable that no more "discussions" occurred between Redbubble and Point Multimedia during the lead up to and the course of the actual trial. For that to be true, Point Multimedia must have independently developed Redbubble's opening, closing, and cross-examination of Ms. Brown, an idea silly enough to not merit serious discussion.

Nor do the Point Multimedia invoices leave time for which its employees could have held unbilled discussions with Redbubble. As but one example, on November 2, 2021, Mr. Bell purports to have worked from 8:30 a.m. until midnight, straight. ECF No. 266-2, 12. Mr. Glass now asserts, under the penalty of perjury, that Mr. Bell spent this entire time at his desk in front of

a computer, without so much as a restroom or meal break. Query when he had time to separately take direction from Redbubble?

**B.     Time spent for onsite technology support.**

Redbubble provided invoices for tech support, with the majority of the time entries stating that Brian Lee provided "Services:Technology:Onsite Support". The following chart provides week-by-week summaries of the time submitted by Redbubble fitting this general description.

| Date | Hours | Rate | Total |
| --- | --- | --- | --- |
| 10/10/2021–10/16/2021 | 5.25 | $245.00 | $1,286.25 |
| 10/17/2021–10/23/2021 | 39.75 | $245.00 | $9,738.75 |
| 10/24/2021–10/30/2021 | 82.75 | $245.00 | $20,273.75 |
| 10/31/2021–11/06/2021 | 52 | $245.00 | $12,740.00 |
| Total | 179.75 | $245.00 | $44,038.75 |

Primarily, technical support at trial is not part of "preparing charts, diagrams, videotapes, and other visual aids to be used as exhibits," and the time should thus be disallowed in its entirety. *Vectren Commc'ns Servs. v. City of Alameda*, No. C 08–3137, 2014 WL 3612754, at *6 (N.D. Cal. July 22, 2014) ("[M]any of charges for physical preparation of demonstratives are listed under the same headings as charges for assisting counsel in the courtroom with presenting the exhibits. Alameda has not cited any authority holding that charges for assisting counsel in this way are recoverable.").

Nonetheless, even courts that have allowed costs for trial technicians in the context of complex patent litigation, where the courts have found such technical assistance to be required, have limited the time to those hours spent in court while trial was in session. *Emblaze*, 2015 WL 1304779, at *7 ("In this trial, where the jury commenced deliberations on day eight, the court can only reasonably assume that services for eight days from 9:00AM to 4:30PM fall within the statutory requirement."). Here, trial was only in session for a total of roughly 28.5 hours, including jury selection and a day where the parties were dismissed early because the jury did not appear,[3]

---

[3] 10-25-2021: roughly 6 hours of jury selection; 10-26-2021: zero time; 10-27-2021: 4.5 hours;

and thus, at maximum, 28.5 hours of Mr. Lee's time could be compensable. *See* Declaration of Matthew L. Venezia at ¶¶ 2–3.[4]

### IV. CONCLUSION

For the reasons set forth above, Atari requests that the Court defer ruling on Redbubble's Bill of Costs pending the resolution of Atari's appeal, or alternatively, should the Court rule at this time, strike Redbubble's requested costs related to visual aids.

Dated:  February 8, 2022         ELLIS GEORGE CIPOLLONE
                                 O'BRIEN ANNAGUEY LLP
                                     Keith J. Wesley
                                     Christopher W. Arledge
                                     Matthew L. Venezia
                                     George B. A. Laiolo


                                 By:    */s/ Matthew L. Venezia*
                                            Matthew L. Venezia
                                 Attorneys for Plaintiff Atari Interactive, Inc.

---

10-28-2021: 4.5 hours; 11-01-2021: 4.5 hours; 11-02-2021: 4.5 hours; 11-03-2021: 4.5 hours.

[4] Mr. Lee's additional charges for equipment, meals, and air fare, in a total amount of $1,136.17, do not relate to the preparation of demonstratives, and should also be disallowed.