1   DURIE TANGRI LLP
    DARALYN J. DURIE (SBN 169825)
2   ddurie@durietangri.com
    JOSEPH C. GRATZ (SBN 240676)
3   jgratz@durietangri.com
    MATTHAEUS MARTINO-WEINHARDT (SBN 313103)
4   mweinhardt@durietangri.com
    217 Leidesdorff Street
5   San Francisco, CA 94111
    Telephone:    415-362-6666
6   Facsimile:    415-236-6300

7   DURIE TANGRI LLP
    ALLYSON R. BENNETT (SBN 302090)
8   abennett@durietangri.com
    MOON HEE LEE (SBN 318020)
9   mlee@durietangri.com
    53 East 3rd Street
10  Los Angeles, CA 90013
    Telephone:    213-992-4499
11  Facsimile:    415-236-6300

12  Attorneys for Defendant
    REDBUBBLE, INC.
13
    (*Additional counsel continued on following page*)
14

15              IN THE UNITED STATES DISTRICT COURT

16            FOR THE NORTHERN DISTRICT OF CALIFORNIA

17                       OAKLAND DIVISION

18  ATARI INTERACTIVE, INC.,              Case No. 4:18-cv-03451-JST

19                        Plaintiff,      **DEFENDANT REDBUBBLE, INC.'S
                                          OPPOSITION TO ATARI'S MOTION TO RE-
20        v.                              TAX COSTS**

21  REDBUBBLE, INC.,                      Date:  March 17, 2022
                                          Time:  2:00 p.m.
22                        Defendant.      Ctrm:  6 – 2nd Floor
                                          Judge: Honorable Jon S. Tigar
23

24

25

26

27

28

1

COASTSIDE LEGAL
KENNETH B. WILSON (SBN 130009)

2

ken@coastsidelegal.com
455 1st Avenue

3

Half Moon Bay, CA 94019
Telephone:      650-440-4211

4

Facsimile: 650-440-4851

5

Attorneys for Defendant
REDBUBBLE, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ......................................................................................................................1

II.     ARGUMENT ..............................................................................................................................1

    A.      The Court Should Resolve Redbubble's Bill of Costs Now....................................1

    B.      Redbubble's Costs for Visual Aids Are Compensable Because They Were
        Reasonably Necessary to Assist the Jury in Understanding the Issues at the Trial............2

        1.      Point Multimedia's preparation of trial graphics and demonstratives is
            compensable........................................................................................................2

            a.      The hours spent by Point Multimedia were reasonably necessary .............2

            b.      Redbubble's request for costs does not include non-compensable
                time discussing graphics .................................................................................5

        2.      Brian Lee's preparation of trial graphics and demonstratives, as well as his
            time spent as an in-court technician, are compensable ...........................................7

III.    CONCLUSION............................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ASIS Internet Servs. v. Azoogle.com, Inc.*,
   357 F. App'x 112 (9th Cir. 2009) ...........................................................................................2

*ASIS Internet Servs. v. Optin Glob., Inc.*,
   No. C-05-5124 JCS, 2008 WL 5245931 (N.D. Cal. Dec. 17, 2008) .......................................1

*Competitive Techs. v. Fujitsu Ltd.*,
   No. C-02-1673 JCS, 2006 WL 6338914 (N.D. Cal. Aug. 23, 2006).......................................2

*Emblaze Ltd. v. Apple Inc.*,
   No. 5:11-CV-01079-PSG, 2015 WL 1304779 (N.D. Cal. Mar. 20, 2015)....................2, 6, 7

*Golden Bridge Tech., Inc. v. Apple Inc.*,
   No. 5:12-CV-04882-PSG, 2015 WL 13427805 (N.D. Cal. Dec. 21, 2015), *aff'd*, 673
   F. App'x 1010 (Fed. Cir. 2017) ..............................................................................................7

*Hilton v. Braunskill*,
   481 U.S. 770, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987)..........................................................1

*Interclaim Holdings Ltd. v. Ness, Motley, Loadholt, Richardson & Poole*,
   2004 WL 557388 (N.D. Ill. March 22, 2004) .........................................................................6

*Perry v. U.S. Dep't of Energy*,
   No. 05 C 3634, 2008 WL 161679 (N.D. Ill. Jan. 14, 2008) ...................................................6

*Shum v. Intel Corp.*,
   682 F. Supp. 2d 992 (N.D. Cal. 2009), *aff'd*, 629 F.3d 1360 (Fed. Cir. 2010) ..................4, 7

## I.    INTRODUCTION

Plaintiff Atari Interactive, Inc. ("Atari") sued Defendant Redbubble, Inc. ("Redbubble") for copyright infringement, trademark infringement, and trademark counterfeiting.  On November 4, 2021, the jury reached a verdict for Redbubble on all claims.

On December 20, 2021, Redbubble filed its bill of costs, requesting $242,874.98.  On January 18, 2022, Atari objected to Redbubble's costs for its trial graphics, demonstratives, and in-court technician. On January 28, 2022, Redbubble filed its reply.  To address Atari's concerns that Redbubble's costs included time for discussions about visual aids rather than actual preparation of visual aids, Redbubble also reduced its request for visual aids costs from $226,671.54 to $208,824.04 by excluding any time entries that included the word "discussed."  Redbubble also submitted a declaration from Greg Glass, who owns the trial consulting firm and prepared the invoices in question, stating that the remaining entries were for actual preparation of visual aids.  On February 1, 2022, the Clerk taxed costs in the amount of $172,429.38.  The same day, Atari also lodged objections to the Glass declaration.  On February 8, 2022, Atari filed a motion to re-tax costs, reiterating its objections to Redbubble's visual aids costs.

The Court should deny the motion.  Redbubble's costs are compensable because high-quality graphics were reasonably necessary to assist the jury in understanding the numerous complex issues in the case, including sorting through the nearly 3,000 products that Atari alleged as infringing in its Complaint.

## II.    ARGUMENT

### A.    The Court Should Resolve Redbubble's Bill of Costs Now

The Court should reject Atari's request for a stay pending its appeal on the merits and resolve Redbubble's bill of costs now.  In deciding whether to grant a stay, courts consider:  "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *ASIS Internet Servs. v. Optin Glob., Inc.*, No. C-05-5124 JCS, 2008 WL 5245931, at *1 (N.D. Cal. Dec. 17, 2008) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987)), *aff'd sub nom.*

1    *ASIS Internet Servs. v. Azoogle.com, Inc.*, 357 F. App'x 112 (9th Cir. 2009).

2          Atari makes no argument that it will be irreparably or substantially injured by paying costs now.

3    On the other hand, deciding these issues now permits any appeal of fees and costs to be consolidated with

4    the appeal on the merits.  *See Emblaze Ltd. v. Apple Inc.*, No. 5:11-CV-01079-PSG, 2015 WL 1304779,

5    at *3 (N.D. Cal. Mar. 20, 2015) ("Deferring judgment [on the bill of costs] at this point also would

6    increase the burden to the Federal Circuit by presenting a possible second appeal.").  Thus, "courts in this

7    district have repeatedly denied requests to stay taxation of costs."  *Id.*  Atari has not shown that a

8    departure from this practice is warranted here.

9          **B.      Redbubble's Costs for Visual Aids Are Compensable Because They Were
10                   Reasonably Necessary to Assist the Jury in Understanding the Issues at the Trial**

11         "The cost of preparing charts, diagrams, videotapes and other visual aids to be used as exhibits is

12   allowable if such exhibits are reasonably necessary to assist the jury or the Court in understanding the

13   issues at the trial."  L.R. 54-3(d)(5).

14                **1.      Point Multimedia's preparation of trial graphics and demonstratives is
15                         compensable**

16         Atari objects to Point Multimedia's invoices, contending the Court should deny these costs in

17   their entirety.  Courts in this district have awarded costs for graphics and demonstratives as permissible

18   visual aids.  *See, e.g., Emblaze* 2015 WL 1304779, at *6 (awarding $66,005.00 for trial graphics and

19   demonstratives because "[t]his case is exactly the type of complex litigation that requires high-quality

20   demonstratives for the edification of the jury"); *Competitive Techs. v. Fujitsu Ltd.*, No. C-02-1673 JCS,

21   2006 WL 6338914, at *9 (N.D. Cal. Aug. 23, 2006) (awarding $133,003.09 in costs for demonstratives

22   used at a Markman hearing, tutorial, and summary judgment hearing).

23                     **a.      The hours spent by Point Multimedia were reasonably necessary**

24         Atari first argues that Redbubble's trial graphics were not reasonably necessary, and that Point

25   Multimedia's 526 hours spent on preparing these graphics are "facially unreasonable."  Atari's Motion

26   for Review of Taxation of Costs, Dkt. No. 285 ("Mot.") at 2.[1]  Not so.  Atari made this case a

27

28   _____
     [1] Atari does not contest that Point Multimedia's hourly rate of $295 per hour was reasonable.

referendum on Redbubble's business model.  Atari's complaint attached images of nearly 3,000 products listed on Redbubble's website.  At trial, Atari alleged that Redbubble sold 92 different types of goods and requested $5 million in damages.  The jury faced the challenging task of having to understand, for each product listing, among other things:  whether Atari was alleging the listing infringed (to which Atari's witnesses and lawyers sometimes gave different answers), whether Atari had a copyright registration covering the image (if a copyright), what types of goods an image was offered on and whether those types were listed in the relevant trademark registration (if a trademark), and whether a particular image was a fair use.  The jury was also shown evidence regarding how artists and purchasers sign up and use Redbubble, how fulfillers come to manufacture the physical products, and how Redbubble deals with takedown notices.

For the jury to sort through this evidence and render an informed verdict, high-quality visual aids were a necessity.  For example, Redbubble's counsel showed Ms. Brown mock-ups of t-shirt designs that it created for demonstrative purposes, varying different aspects of a design to pose questions about infringement and fair use.  *See, e.g.*, Trial Tr. 527:10-529:25 (questioning Ms. Brown about demonstratives ranging from a t-shirt with the plain word "Asteroids," to one with a wall socket and possibly Asteroids-ship-like triangle, to one with a Houston Astros inspired "Astroroids" design).  These original designs were created by Redbubble's trial graphics team at Point Multimedia.  Redbubble's trial graphics were equally important in its opening and closing.  For example, in opening, Redbubble walked through the process of buying or selling art on Redbubble, which was of central importance in the case.  In closing, Redbubble showed the jury in visual form how many of the nearly 3,000 product images Atari attached to its complaint Atari had actually accused of infringement, then went through those images by visually demonstrating the relevant issues of types of goods, copyright registrations, evidence of the copyrighted work, and fair use, as they applied to varying subsets of those images.

Atari asserts that "the types of demonstratives to which Redbubble refers did not demand in excess of 500 hours to create."  Mot. at 4.  Atari characterizes the graphics created by Redbubble's artists as "PowerPoint slides with a few assets apiece" and argues that Redbubble now "dresses up its descriptions of these demonstratives."  *Id.*  The Court should reject Atari's suggestion that the measure of visual demonstratives is their quantitative complexity.  The goal of visual aids is to make the case

*simpler* for the jury, not to overwhelm it with complexity or clutter.  That is why visual aids are compensable costs when "reasonably necessary to assist the jury or the Court in understanding the issues at the trial."  L.R. 54-3(d)(5).  And as is true in writing, it often requires more time and effort to develop concise visual aids that are easy to digest at a glance.  It is therefore no surprise that illustrations that may appear uncomplicated—such as the baseball-referencing "Astroroids" t-shirt mockup—were time-consuming to create, requiring successive iteration, elimination of extraneous features, and rejection of possible alternatives.  Moreover, Atari ignores that Redbubble also made use of demonstratives that used literally *thousands* of assets in a slide.  Take the animated sequence in closing that visually sorted the nearly 3,000 accused products into different categories:  That sequence required the artists to carefully insert and animate each of those 3,000 corresponding images.  Thus, while it may have only lasted a few short minutes in closing, it required many hours to render in a manner that was accurate and conveyed useful information to the jury—such as showing how many products actually matched the types of goods in Atari's trademark registrations.

Atari also objects to Point Multimedia's time entries as insufficiently detailed, pointing to entries such as "Mr. Kent Bell developed graphics per the direction of Ms. Daralyn Durie, Mr. Joseph Gratz, Ms. Allyson Bennett, Ms. Moon Hee Lee, and Mr. Matthaeus Martino-Weinhardt."  Atari contends that "missing is any indication as to *which* graphics were developed and *for what* purpose," Mot. at 3, but cites no authority suggesting that level of granular detail is required to recover costs for visual aids.  Atari's contention also ignores the reality that for a trial, graphics might be combined, revised, split up, and repurposed, such as from cross-examination to closing argument, all in rapid succession.  The level of billing detail Atari demands is neither practical nor required to determine whether the graphics were reasonably necessary to aid the jury.

It is also unclear what "purposes" Atari contends are non-compensable for graphics.  To the extent Atari suggests that only graphics actually shown to the jury are compensable, courts in this district have rejected that argument and have awarded costs of preparing demonstratives if prepared in anticipation of trial, even for those not ultimately used at trial.  *See Shum v. Intel Corp.*, 682 F. Supp. 2d 992, 1000 (N.D. Cal. 2009), *aff'd*, 629 F.3d 1360 (Fed. Cir. 2010) ("Shum's further objection that there should be no recovery for demonstratives that are not proven to have been used at trial is incorrect as a

1  matter of law.  The Local Rule allows recovery for materials 'to be used' at trial.  It does not require

2  actual use of each item so prepared.").

3      In sum, Redbubble's high-quality graphics were necessary to help guide the jurors in interpreting

4  and organizing the large quantities of evidence they were asked to consider in this trial.  The hours spent

5  by Redbubble's trial graphics team were necessary in turn to create those graphics.

6      **b.**    **Redbubble's request for costs does not include non-compensable time**
    **discussing graphics**

7

8      Atari also speculates that "[t]he time entries suggest that meetings and discussions occurred

9  between Redbubble's counsel and graphics technicians" because most time entries state that graphics

10  were prepared "per the direction" of Redbubble's counsel.  Mot. at 4.  Atari's speculation is unwarranted.

11  The time entries stating that a Point Multimedia artist "developed" trial exhibits or graphics "per the

12  direction of [individuals]" are for time spent on their physical preparation while sitting at the computer

13  screen, not meetings about the trial exhibits or graphics.  *See* Declaration of Greg Glass ("Glass Decl."),

14  Dkt. No. 281-1, ¶ 3.  These entries state that the graphics were developed at the direction of certain

15  attorneys only to identify *who* requested the graphics.  They do not include non-compensable meeting or

16  discussion time.  Where Point Multimedia billed time for meetings or discussions, the time entries

17  expressly use the word "discussed."  *Id.* ¶ 4.

18      In response to Atari's concerns regarding meeting time, Redbubble in its reply withdrew its

19  request for costs as to any Point Multimedia time entries that include the word "discussed."  These were

20  highlighted in Exhibit A to the Declaration of Greg Glass and totaled 60.5 hours at $295/hour.  Dkt. No.

21  281-2.  Redbubble thus already reduced its request for visual aids costs from $226,671.54 to $208,824.04

22  to address Atari's concerns.[2]

23      Atari objects to Mr. Glass's declaration because it was submitted with Redbubble's reply.

24  Redbubble submitted the declaration with its reply to rebut Atari's objection that Redbubble was seeking

25  recovery for discussions about trial graphics rather than the preparation of the graphics themselves.

26

27  [2] In taxing costs, the Clerk further reduced Redbubble's request for visual aids by around 25%.  Atari

28  acknowledges the reduction but nevertheless maintains that the Court should "strike Redbubble's requested costs related to visual aids" in their entirety.  Mot. at 7.

1    Local Rule 54-2 requires the parties to meet and confer regarding objections to the bill of costs only *after*

2    the bill of costs is filed, so Redbubble could not reasonably have anticipated Atari's objection.

3    Furthermore, the Local Rules expressly contemplate the submission of further declarations after a party

4    files its bill of costs, providing that "[t]he Clerk may require further affidavits and documentation as

5    necessary to determine allowable costs."  L.R. 54-4(a).  Courts in this district have thus rejected

6    arguments that supplemental documentation was untimely.  *See Emblaze*, 2015 WL 1304779 at *6

7    ("Although the parties dispute the timeliness of Apple's submission of certain invoices in camera for

8    review, the court has no problem with Apple's good-faith attempt to provide the court with all

9    information necessary to make a reasoned determination about whether to tax costs.").

10       Atari also objects that Mr. Glass lacks personal knowledge about the time entries and merely

11   "talked to his employees, and now offers their out-of-court statements for the truth of the matter asserted"

12   in violation of the hearsay rule.  Mot. at 5.  Not so.  Mr. Glass's declaration regarding the content of the

13   bills is based on his own, first-hand knowledge as the person who "personally created and reviewed each

14   of Point Multimedia's bills in this case," and—as owner of Point Multimedia—is most familiar with its

15   billing and timekeeping practices.  Glass Decl. ¶ 2.  Mr. Glass "was in close contact with the Point

16   Multimedia artists who created trial exhibits and demonstratives for Redbubble in this case" during the

17   trial, so he prepared and reviewed bills based in part on his observations of and conversations with his

18   artists about their work.  *Id.*  His testimony about the meaning of time entries is based on his personal

19   knowledge, not on assertions made to him by others, so it is not hearsay.  And, in any event, courts have

20   held that "hearsay submissions are permissible to support a bill of costs."  *Perry v. U.S. Dep't of Energy*,

21   No. 05 C 3634, 2008 WL 161679, at *2 (N.D. Ill. Jan. 14, 2008); *Interclaim Holdings Ltd. v. Ness,*

22   *Motley, Loadholt, Richardson & Poole*, No. 00 C 7620, 2004 WL 557388 *4 (N.D. Ill. March 22, 2004)

23   (overruling hearsay objection to affidavit in support of bill of costs).

24       Finally, Atari argues it is "simply not believable" that these time entries would not include

25   discussions about trial graphics (as opposed to preparation of the graphics), because Point Multimedia

26   did not bill time for discussions or meetings during the trial.  Mot. at 5.  Atari has no basis for disputing

27   Point Multimedia's time entries as explained by Mr. Glass.  Of course, Redbubble's attorneys and trial

28   graphics artists spent time in team meetings discussing the graphics during the trial, but that time is not

included on its bill of costs.  Atari questions when an artist who worked long hours on a given day would have had time to take direction from Redbubble without billing meeting or discussion time, Mot. at 5-6, but trial days are long, and once the basic direction was provided, the trial graphic artists were given substantial latitude to develop graphics consistent with that direction.

### 2.      Brian Lee's preparation of trial graphics and demonstratives, as well as his time spent as an in-court technician, are compensable

Redbubble's bill of costs also includes the time spent by its technician, Brian Lee of Impact Trial Consulting, who both assisted in preparing graphics and demonstratives and was the in-court technician who actually displayed them during trial.  Courts in this district have regularly awarded costs for in-court technician time.  *See, e.g.*, *Emblaze*, 2015 WL 1304779, at *7 ("As a rule, in complex patent litigations in this district, the in-court technician time and the equipment costs associated therewith are permitted when the Court acknowledges that the demonstratives could not have been presented without the appropriate technical resources." (cleaned up)); *Golden Bridge Tech., Inc. v. Apple Inc.*, No. 5:12-CV-04882-PSG, 2015 WL 13427805, at *3 (N.D. Cal. Dec. 21, 2015), *aff'd*, 673 F. App'x 1010 (Fed. Cir. 2017) ("[T]hese demonstratives did not present themselves, and so Apple also may recover the costs for the in-court technician time and the equipment necessary to present the demonstratives." (cleaned up)); *Shum*, 682 F. Supp. 2d 992 at 1000 (awarding around $24,000 for in-court technician time).

Courts have sometimes reduced these awards to only the in-court time of a technician, reasoning that "the court cannot determine exactly what the technician was doing" during other hours.  *See Emblaze*, 2015 WL 1304779, at *7.  However, for this trial, Mr. Lee not only served as Redbubble's in-court technician, but also performed tasks like those performed by Point Multimedia's team—preparing graphics and demonstratives.  *See* Declaration of Matthaeus Martino-Weinhardt, Dkt. No. 266-1 at ¶ 5.b. Accordingly, his time spent providing on-site support (but not in court) was also reasonably necessary to the presentation of visual aids to the jury.  In the alternative, should the Court determine that only Mr. Lee's in-court hours while trial was in session are compensable, Redbubble agrees that would total 28.5 hours.  *See* Mot. at 6 & n.3.

Atari also argues that Mr. Lee's charges for equipment, meals, and air fare should be disallowed, Mot. at 7 n.4, but Redbubble excluded those charges from its bill of costs from the very beginning,

including only the $44,038.75 for hours spent preparing or presenting visual aids. *See* Dkt. No. 266-2 at 2, 18.[3]

## III.   CONCLUSION

For the foregoing reasons, the Court should deny Atari's motion and affirm the Clerk's taxation of costs. Redbubble would also be happy to provide supplemental declarations and documentation if requested by the Court.

Dated:  February 22, 2022                                 DURIE TANGRI LLP


                                                          By:_____*/s/ Matthaeus Martino-Weinhardt*
                                                                 MATTHAEUS MARTINO-WEINHARDT

                                                          Attorney for Defendant
                                                          REDBUBBLE, INC.

---

[3] Atari also ignores that Redbubble previously explained this in its reply. *See* Dkt. No. 281 at 5.