ELLIS GEORGE CIPOLLONE
O'BRIEN ANNAGUEY LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@egcfirm.com
Christopher W. Arledge (State Bar No. 200767)
  carledge@egcfirm.com
Matthew L. Venezia (State Bar No. 313812)
  mvenezia@egcfirm.com
George B. A. Laiolo (State Bar No. 329850)
  glaiolo@egcfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff
Atari Interactive, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ATARI INTERACTIVE, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>REDBUBBLE, INC.,<br><br>Defendant.<br><br>AND RELATED ACTIONS | Case No. 4:18-cv-03451-JST<br>[*Related to Case No. 4:19-cv-00111-JST*]<br><br>**PLAINTIFF ATARI INTERACTIVE, INC.'S REPLY IN SUPPORT OF MOTION TO RE-TAX COSTS AWARDED TO DEFENDANT REDBUBBLE, INC.**<br><br>Date:   March 17, 2022<br>Time:   2:00 p.m.<br>Crtrm.: 6, 2nd Floor<br>Judge:  Hon. Jon S. Tigar |

Plaintiff Atari Interactive, Inc. ("Atari") hereby submits its Reply in Support of its Motion to Re-Tax Costs Awarded to Defendant Redbubble, Inc. ("Redbubble") by the Clerk, Dkt. No. 285, as follows.

## I. ARGUMENT

### A. The Court Would Preserve Its Resources By Staying Resolution Of Redbubble's Bill Of Costs.

Redbubble claims that *Hilton v. Braunskill*, 481 U.S. 770 (1987) sets the standard for whether the Court should stay resolution of the Bill of Costs. ECF No. 286 at 1:22–28. But that case has been held inapplicable to facts like those before the Court. *See Green v. Kanazawa*, No. 16-00054, 2018 WL 6592045, at **1–2 (D. Haw. July 2, 2018), discussed in Atari's Opposition to Redbubble's Motion for Attorneys' Fees (ECF No. 277 at 7:2–19) but unaddressed by Redbubble. *Green* makes clear that *Hilton* "concerns the stay of a judgment or order **pending an appeal of that same judgment or order in the same case**." *Green*, 2018 WL 6592045, at *1 (citing *Lal v. Capital One Fin. Corp.*, No. 16-cv-0667, 2017 WL 282895, at *2 (N.D. Cal. Jan. 23, 2017) (emphasis in original)). As in *Green*, the Court here would not be "staying an order or judgment pending appeal of that order or judgment . . . It [would be] staying/deferring the review and disposition of the [bill of costs and motion for attorneys' fees] pending appeal of the judgment . . . There [would be] no order or judgment concerning a fee award or taxation of costs to be stayed at this time." *Green* at *1.

Staying review and resolution of the bill of costs at this time would indeed preserve the Court's judicial resources. If the Court reviewed the papers and records related to the Bill of Costs, performed independent legal research and math to verify the parties' assertions and calculations, and drafted an opinion, the Ninth Circuit might yet reverse the jury's ruling, negate Redbubble's prevailing-party status, and render the Court's efforts a waste. *Cf Breedlove v. Hartford Life & Acc. Ins. Co.*, No. 6:11-cv-991, 2013 WL 361825, at *1 (M.D. Fla. Jan. 30, 2013) (denying motion to stay regarding a bill of costs for which the magistrate judge had already issued a report and recommendation in part because "most of the work has already been done" and judicial resources would therefore not be wasted).

1
Case No. 4:18-cv-03451-JST
REPLY IN SUPPORT OF MOTION TO RE-TAX COSTS

**B.     Redbubble's Records, Even After A Small Reduction, Still Include Non-Compensable Time.**

"Costs associated with the intellectual effort involved in creating the content of demonstratives are not recoverable." *Linex Techs., Inc. v. Hewlett Packard Co.*, No. 13-cv-00159, 2014 5494906, at *9 (N.D. Cal. Oct. 30, 2014). Though Redbubble withdrew $17,847.50 from its Bill of Costs (ECF No. 286 at 5:18–22)—any time entries that included the word "discussed"—it is simply unbelievable that many of the remaining time entries do not include time spent toward the unrecoverable intellectual effort involved in creating the demonstratives.

Redbubble itself highlights the allegedly extensive intellectual effort required to develop these demonstratives in its opposition. Redbubble argues that underneath the visible iceberg tip of compensable demonstratives floats a behemoth block of ice consisting of intellectual effort supporting that tip: "As is true in writing, it often requires more time and effort to develop concise visual aids that are easy to digest at a glance . . . It is therefore no surprise that illustrations that may appear uncomplicated . . . were time-consuming to create, requiring successive iteration, elimination of extraneous features, and rejection of possible alternatives." ECF No. 286 at 4:3–7. Surely, in order to create Redbubble's evocative slides, Point Multimedia needed much guidance and cooperative input from the lawyers masterminding the concepts.

Yet, the billing records indicate that this guidance and cooperative input supposedly ceased a full two weeks before trial commenced. *See* ECF No. 281-2 at 3 of PDF (showing final time entry withdrawn by Redbubble for including "discussed" occurred on October 11, 2021). After that time entry, Point Multimedia billed $135,478.75 for "developing graphics per the direction of [various different Redbubble attorneys]," supposedly without *any* further discussions with those attorneys during the development of those graphics. *See id.* at 3–7 of PDF (calculated by multiplying number of hours for "developing graphics" time entries with no mention of "discussions" by hourly rate of $295 from October 11 through end of trial). Even the most capable graphics team needs to address comments on its projects with its clients, but the billing records imply Point Multimedia flew solo in the most intense weeks of trial and trial preparation, including for days of 16, 14.25, 13.5, 14.75, 13.25, 15.5, and 18.25 hours. *See id.* These marathon

shifts must have included some proportion of non-compensable intellectual effort.

Under close examination, Redbubble's cost figures seem implausible. Point Multimedia billed Redbubble $22,641.25 for "developing-graphics"-but-not-"discussions" entries from September 7 through October 11. *See id.* All told then, Redbubble billed $158,120 on these "developing-graphics"-but-not-"discussions" entries, and $17,847.5 for entries including "discussions." *See* ECF No. 286 at 5:18–22. Redbubble is therefore claiming that, of the total time required to both "discuss" and actually develop the visual aids for which costs are claimed, only roughly 11% amounted to non-compensable intellectual effort. The other 89%? All supposedly compensable time used strictly for creation, involving no intellectual effort.

### C. If The Court Taxes Any At All, It Should Limit Costs Related To Brian Lee's Services To Time He Spent In Court.

Both parties' cited authorities establish that, *in complex patent litigation*, "the in-court technician time and the equipment costs associated therewith are permitted when the court acknowledges that the demonstratives could not have been presented without the appropriate technical resources." *Emblaze ltd. v. Apple, Inc.*, No. 5:11-cv-01079, 2015 WL 1304779, at *7 (N.D. Cal. Mar. 20, 2015). Atari could pinpoint no authority, however, suggesting that this rule is applicable in trademark and copyright cases. This consideration is especially relevant given the simplistic nature of the 2D images at issue in this case, compared with the often-convoluted 3D black & white diagrams, graphics, and models involved in patent cases. The Court should thus do as the Northern District did in *Vectren Communications Services v. City of Alameda*, and award only costs incurred by Mr. Lee related to "physical preparation of trial exhibits." No. C 08-3137, 2014 WL 3612754, at *6 (N.D. Cal. July 22, 2014).

But Mr. Lee's invoices only include time entries for "on-site support," as Redbubble calls it. ECF No. 286 at 7:23; *see also* ECF No. 266-2 at 17–18 of PDF (listing each technical entry as "Services:Technology:Onsite Support). There is thus an evidentiary failure in establishing that Mr. Lee spent *any* time preparing graphics. And, even if that were not so, the Court certainly cannot determine what percentage of Mr. Lee's time was spent preparing graphics, and under *Vectren Communications Services* , the Court should exercise its discretion to award zero costs incurred by

Mr. Lee. Alternatively, the parties agree that should the Court elect to treat this case as similar to complex patent cases and award only Mr. Lee's costs for in-court services performed, it should reduce his hours to 28.5. *See* ECF No. 286 at 24–26.

## II.      CONCLUSION

For the reasons set forth above, Atari requests that the Court defer ruling on Redbubble's Bill of Costs pending the resolution of Atari's appeal, or alternatively, should the Court rule at this time, strike Redbubble's requested costs related to visual aids.

Dated:  March 1, 2022

ELLIS GEORGE CIPOLLONE
O'BRIEN ANNAGUEY LLP
   Keith J. Wesley
   Christopher W. Arledge
   Matthew L. Venezia
   George B. A. Laiolo


By:     /s/ *George B. A. Laiolo*
       George B. A. Laiolo
Attorneys for Plaintiff Atari Interactive, Inc.