# Attachment 2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATARI INTERACTIVE, INC., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>REDBUBBLE, INC., <br><br>　　　　Defendant. | Case No. 18-cv-03451-JST <br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES** <br><br>Re: ECF No. 265 |

Defendant Redbubble, Inc., prevailed at trial on all counts, including trademark counterfeiting, trademark infringement, and copyright infringement claims. It now seeks attorney's fees under copyright but not trademark law. ECF No. 265. The Court will deny the motion.

Courts "may . . . award a reasonable attorney's fee to the prevailing party" on copyright claims.[1] 17 U.S.C. § 505. This broad statutory language "clearly connotes discretion, and eschews any precise rule or formula for awarding fees." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202 (2016) (quotation marks and citation omitted). Courts have "wide latitude to award attorney's fees based on the totality of circumstances in a case," *id.* at 203, subject to two restrictions:

> First, a district court may not award attorney's fees as a matter of course; rather, a court must make a more particularized, case-by-case assessment. Second, a court may not treat prevailing plaintiffs and prevailing defendants any differently; defendants should be encouraged to litigate meritorious copyright defenses to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement.

---

[1] This is in contrast to trademark and patent claims, for which fees may be awarded to the prevailing party only in "exceptional cases." 15 U.S.C. § 1117(a).

*Id.* at 202 (quotation marks, alteration marks, and citations omitted). In determining whether to award fees, courts may consider several factors, including "(1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) reasonableness of losing party's legal and factual arguments, and (5) the need to advance considerations of compensation and deterrence." *Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018) (citation omitted). Courts must place "substantial weight on objective reasonableness," but this "can be only an important factor in assessing fee applications – not the controlling one." *Kirtsaeng*, 579 U.S. at 207-08. "Although objective reasonableness carries significant weight, courts must view all the circumstances of a case on their own terms, in light of the Copyright Act's essential goals." *Id.* at 209. A court "retains discretion" to award fees "even when the losing party advanced a reasonable claim or defense." *Id.* at 200.

Although Atari argues that the Court should defer ruling on Redbubble's motion until after Atari's appeal on the merits is resolved, the Court follows "the weight of the authority that attorneys' fees should be determined without delay." *Pers. Web Techs., LLC v. EMC Corp.*, No. 5:13-cv-01358-EJD, 2020 WL 1557441, at *2 (N.D. Cal. Apr. 1, 2020). Moreover, the basis of Atari's stay request is that the Ninth Circuit might find in its favor, thereby rendering the fees motion moot "because Redbubble would no longer be the prevailing party." ECF No. 277 at 12. But Atari has "made no showing . . . that [it is] likely to prevail on an appeal. Therefore, a stay is not warranted." *Castillo-Antonio v. Iqbal*, No. 14-cv-03316-KAW, 2017 WL 1113300, at *5 (N.D. Cal. Mar. 24, 2017).

Redbubble argues that Atari's pursuit of $5 million in damages at trial was unreasonable. However, Atari sought such an award based primarily on its trademark claims – which are not at issue here because Redbubble does not seek fees under trademark law. The Court denied Redbubble's summary judgment motion on Atari's direct copyright infringement claims and held that Atari could seek statutory damages for the alleged copyright violations as long as the request was either for minimal statutory damages or based on evidence of Redbubble's profits. ECF No. 97 at 26; ECF No. 127 at 6-7. "If a plaintiff has a claim that hinges on disputed facts sufficient to reach a jury, that claim necessarily is reasonable because a jury might decide the case in the

2

United States District Court
Northern District of California

1    plaintiff's favor." *VMG Salsoul, LLC v. Ciccone*, 824 F.3d 871, 887 (9th Cir. 2016). Indeed,

2    Redbubble itself acknowledges that "the Court's summary judgment rulings may have given Atari

3    comfort that it could pursue a case worth *some* amount." ECF No. 282 at 7 (emphasis in original).

4    It was not objectively unreasonable for Atari to have pursued its copyright claims to trial.

5          This is true despite the Court's motion in limine ruling excluding screenshots of various

6    videogames for which Atari asserted copyright protection. Although these screenshots formed the

7    basis for the Court's summary judgment ruling that Atari could "establish the content of the

8    protected audiovisual elements," ECF No. 97 at 23, the Court's exclusion of those screenshots

9    from evidence at trial was not a ruling that Atari had no admissible evidence on which it might

10   rest its copyright claims. Atari could no longer rely on the screenshots, but it was not

11   unreasonable for it to attempt to introduce other evidence to support its copyright claims.

12   Objective reasonableness weighs against an award of fees.

13         While a court may still award fees even if a party's position was reasonable, the Court is

14   not persuaded that a fee award is warranted here. Redbubble's complete success weighs in favor

15   of awarding fees, but that factor is not dispositive. *See, e.g.*, *Phoenix Techs. Ltd. v VMware, Inc.*,

16   No. 15-cv-01414-HSG, 2018 WL 828030 at *7, *9 (N.D. Cal. Feb. 12, 2018) (denying fee motion

17   notwithstanding the defendant's "total success" at trial). If it were, "then prevailing parties would

18   be entitled to attorney fees as a matter of course. But that is not the law." *Bisson-Dath v. Sony*

19   *Comput. Ent. Am. Inc.*, No. CV-08-1235 SC, 2012 WL 3025402, at *1 (N.D. Cal. July 24, 2012).

20   Additionally, even if Redbubble were correct that Atari "monetizes existing intellectual property it

21   acquired through licensing, including through filing serial lawsuits," ECF No. 265 at 16, that does

22   not cast doubt on Atari's motivations in bringing this lawsuit or pursuing its copyright claims to

23   trial. "A copyright on old software is still a copyright. Nor would a pecuniary motivation on

24   Plaintiff's part be improper." *Phoenix Techs.*, 2018 WL 828030 at *8. A fee award also would

25   not further the purposes of the Copyright Act. As discussed above, this is not a case where Atari

26   pursued a "patently meritless copyright claim" or took an "unreasonable litigating position."

27   *Kirtsaeng*, 579 U.S. at 205. Similarly, the Court does not find Atari's positions in this case to

28   have been "overaggressive assertions of copyright claims," such that a fee award is necessary to

have an appropriate deterrent effect. *Id.* at 209. To the extent that any deterrence is warranted, "awarding costs," as this Court has already done, "will adequately deter Plaintiff and others from bringing additional unmeritorious claims." *Althouse v. Warner Bros. Ent.*, No. CV 13-696 RGK (SSx), 2014 WL 12599798, at *3 (C.D. Cal. June 17, 2014) (declining to award fees even after determining that the plaintiff's litigation position was objectively unreasonable).

The outcome of this motion might have been different had Atari pursued $5 million in damages based solely on its copyright claims, but those are not the facts of this case. For the reasons discussed above, Redbubble's motion for attorney's fees is denied.

**IT IS SO ORDERED.**

Dated: September 12, 2022

JON S. TIGAR
United States District Judge