**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ATARI INTERACTIVE, INC., | No. 21-17062 |
| Plaintiff-Appellant, | D.C. No. 4:18-cv-03451-JST |
| v. | |
| REDBUBBLE, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted January 12, 2023
Pasadena, California

Before: CALLAHAN, R. NELSON, and H.A. THOMAS, Circuit Judges.

Atari Interactive, Inc. sued Redbubble, Inc. for contributory and direct trademark infringement, among other claims not relevant here. On appeal, Atari challenges the district court's summary judgment rulings and certain trial rulings. For the following reasons, we affirm in part and dismiss in part.

1.   We review the district court's summary judgment order de novo,

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

viewing the evidence in the non-movant's favor to determine whether there is a genuine issue of material fact. *Metal Jeans, Inc. v. Metal Sport, Inc.*, 987 F.3d 1242, 1244 (9th Cir. 2021). Atari first challenges the district court's summary judgment holding that Redbubble was not willfully blind for purposes of Atari's contributory trademark infringement claim. One way a trademark holder can prevail on a contributory trademark infringement claim is by showing that the defendant "continued to supply its services to one who it knew or had reason to know was engaging in trademark infringement." *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 942 (9th Cir. 2011). The "knows or has reason to know" requirement can be satisfied by showing willful blindness. *Y.Y.G.M. SA v. Redbubble, Inc.*, No. 21-56150, slip op. at 6 (9th Cir. July 24, 2023) (quoting *Inwood Lab'ys, Inc. v. Ives Lab'ys, Inc.*, 456 U.S. 844, 854 (1982)); *see also Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 265 (9th Cir. 1996).

To show that Redbubble was willfully blind, Atari must produce evidence that Redbubble had "specific knowledge of infringers or instances of infringement." *Y.Y.G.M.*, slip op. at 10. "General knowledge of infringement on the defendant's platform—even of the plaintiff's trademarks—is not enough to show willful blindness." *Id.* Most of the evidence Atari relies on to show that Redbubble was willfully blind is evidence of general infringement on Redbubble's website, not specific instances of users infringing Atari's marks. This general evidence is no

basis for showing that Redbubble was willfully blind. *See id.*

"Once a defendant knows about specific instances of infringement, 'bona fide efforts to root out infringement' could 'support a verdict finding no liability, even if the defendant was not fully successful in stopping infringement.'" *Id.* at 11 (quoting *Omega SA v. 375 Canal, LLC*, 984 F.3d 244, 255 (2d Cir. 2021)). "Removing infringing listings and taking appropriate action against repeat infringers in response to specific notices may well be sufficient to show that a large online marketplace was not willfully blind." *Id.* at 12. Atari's remaining evidence shows that when it notified Redbubble of specific infringing listings, Redbubble removed them. As a large online marketplace, Redbubble's response was reasonable. *See id.* at 11–12. At a minimum, the evidence does not show that Redbubble "took active steps to avoid acquiring knowledge." *See Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1073 (9th Cir. 2013). We thus affirm the district court's summary judgment holding that Redbubble was not willfully blind for purposes of Atari's contributory trademark infringement claim.

Second, Atari challenges the district court's denial of summary judgment on Atari's direct trademark infringement claim. "Ordinarily, orders denying summary judgment do not qualify as 'final decisions' subject to appeal." *In re Bard IVC Filters Prod. Liab. Litig.*, 969 F.3d 1067, 1072 (9th Cir. 2020) (citations omitted). But there is an exception for "those denials of summary judgment motions where

3

the district court made an error of law that, if not made, would have required the district court to grant the motion." *Id.* (citation omitted).

The exception does not apply here. The facts underlying Atari's direct trademark infringement claim were disputed. And even if Atari is correct that the district court merely applied the definition of "use" under the Lanham Act to undisputed facts, determining whether these facts satisfied the "use" definition was a "factbound inquiry" not subject to the exception. *See Williams v. Gaye*, 895 F.3d 1106, 1122 (9th Cir. 2018) (declining to apply the exception to "a factbound inquiry far afield from decisions resolving disputes about the substance and clarity of pre-existing law" (cleaned up)). We lack jurisdiction over this claim. *Id.*

2. Turning to the district court's trial rulings, Atari argues that the district court gave an erroneous jury instruction about what qualifies as "use" of a registered mark under the Lanham Act and should have given Atari's proposed instruction instead. "We review for abuse of discretion the district court's formulation of the instructions and review de novo whether the instructions accurately state the law." *Skidmore ex rel. Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1065 (9th Cir. 2020) (en banc). Atari's argument that the "use" instruction erroneously foreclosed the possibility that more than one party can engage in trademark use is a challenge to the formulation of the instruction, and the district court did not abuse its discretion. *See United States v. Reese*, 2 F.3d 870, 883 (9th Cir. 1993) ("An abuse

4

of discretion in this context occurs where the jury instructions taken as a whole are misleading or inadequate to guide the jury's deliberations.").

Atari's additional challenge to the "use" instruction contends that the instruction erroneously limited the definition of "use" to selling or advertising. This challenge was not raised below, so our review is for plain error. *See C.B. v. City of Sonora*, 769 F.3d 1005, 1016–17 (9th Cir. 2014) (en banc). There is no plain error here because the district court did not erroneously limit the definition of "use." It properly tailored the jury instructions to the evidence and theories Atari presented. *See Cascade Health Sols. v. PeaceHealth*, 515 F.3d 883, 917 (9th Cir. 2008) ("A district court has substantial latitude in tailoring jury instructions." (citation omitted)).

The district court's refusal to give Atari's proposed instruction is also reviewed for abuse of discretion, and the district court did not abuse its discretion here. *See Acosta v. City of Costa Mesa*, 718 F.3d 800, 827 (9th Cir. 2013) (per curiam). The jury instructions were not misleading or inadequate for lack of Atari's proposed seller instruction. *See Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1051–52 (9th Cir. 1998) ("Because the district court's instructions more than adequately covered the relevant issues, correctly stated the law, and were not misleading, the district court did not abuse its discretion by refusing to adopt [the plaintiff's] jury instructions.").

3. Atari also argues that the district court erred during trial by excluding reports that Redbubble collects and remits sales tax and treats itself as the principal of sales transactions for Australian accounting purposes. We review the district court's exclusion of evidence for abuse of discretion. *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1164 (9th Cir. 1995). The district court did not abuse its discretion by determining that the evidence would improperly require the jury to decide a question of law and that it was not relevant. *See United States v. Miranda-Uriarte*, 649 F.2d 1345, 1353 (9th Cir. 1981) ("The determination of relevancy is committed to the sound discretion of the trial judge.").

**AFFIRMED in part; DISMISSED in part.**